**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>CELSIUS NETWORK LLC, *et al.*,[1]<br><br>                     Debtors. | Chapter 11<br><br>Case No. 22-10964 (MG)<br><br>Jointly Administered |
| CELSIUS NETWORK LIMITED,<br><br>                     Plaintiff,<br><br>        v.<br><br>STAKEHOUND SA,<br><br>                     Defendant. | Adversary Proceeding<br>No. 23-01138 (MG) |

**DECLARATION OF MITCHELL P. HURLEY IN SUPPORT OF**
**PLAINTIFF CELSIUS NETWORK LIMITED'S MOTION FOR AN ORDER**
**AUTHORIZING ALTERNATIVE SERVICE ON DEFENDANT STAKEHOUND SA**
**PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(f)(3)**

      1.      I am a partner with the law firm of Akin Gump Strauss Hauer & Feld LLP ("Akin"), special litigation counsel for Plaintiff Celsius Network Limited ("Plaintiff" or "Celsius") in the above-captioned adversary proceeding (the "Adversary Proceeding"). I am admitted to practice before this Court.

      2.      I submit this declaration (the "Declaration") in support of Celsius' motion for an order authorizing alternative service on Defendant StakeHound SA ("StakeHound") pursuant to Federal Rule of Civil Procedure 4(f)(3) as made applicable to the Adversary Proceeding by Federal Rule of Bankruptcy Procedure 7004(a)(1) (the "Motion") filed contemporaneously herewith.

---

[1] The Debtors in these chapter 11 cases (the "Chapter 11 Cases"), along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450). The Debtors' service address in these Chapter 11 Cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

1

Except as otherwise indicated, all facts set forth herein are based on my personal knowledge and documents and information available to me as special litigation counsel to the Debtors and Celsius.

3. Attached hereto as Exhibit A is a true and correct copy of an email sent on October 24, 2022 from ron.sabo@celsius.network, the email address of former Celsius executive Ron Sabo, to albert@stakehound.com, the email address for Albert Castellano, CEO and co-founder of StakeHound, attaching a letter to StakeHound from Celsius' CEO Chris Ferraro.

4. Attached hereto as Exhibit B is a true and correct copy of a November 16, 2022 email from acarter-silk@keystonelaw.co.uk, the email address of StakeHound's U.K. counsel, Alexander Carter-Silk, to chris.ferraro@celsius.network, the email address of Chris Ferraro, Celsius' CEO, responding to the letter Mr. Sabo emailed to Mr. Castellano on October 24, 2022.

5. Attached hereto as Exhibit C is a true and correct copy of an April 10, 2023 email from Celsius' counsel to the email address of Mr. Carter-Silk attaching a letter of the same date.

6. Attached hereto as Exhibit D is a true and correct copy of an April 11, 2023 email sent from Mr. Carter-Silk's email address to mhurley@akingump.com (my email address), attaching a letter of the same date responding to my April 10, 2023 email and letter.

7. Attached hereto as Exhibit E is a true and correct copy of an April 17, 2023 email from Celsius' counsel to Mr. Carter-Silk's email address attaching a letter of the same date responding to Mr. Carter-Silk's April 11, 2023 email and letter.

8. Attached hereto as Exhibit F is a true and correct copy of an April 18, 2023 email to Celsius' counsel from Mr. Carter-Silk's email address.

9. Attached hereto as Exhibit G is a true and correct copy of an April 19, 2023 email to my email address from Mr. Carter-Silk's email address.

2

10. Attached hereto as Exhibit H is a true and correct copy of an April 24, 2023 email to my email address from Mr. Carter-Silk's email address attaching a letter of the same date.

11. Attached hereto as Exhibit I is a true and correct copy of an email from the Swiss Arbitration Centre ("SAC") to StakeHound's Swiss counsel at Stefan.Leimgruber@swlegal.ch, Benjamin.Gottlieb@swlegal.ch, Nadine.Wipf@swlegal.ch, on which I was copied, and attaching a copy of a purported Notice of Arbitration submitted by StakeHound to the SAC via email.

12. Attached hereto as Exhibit J is a true and correct copy of a May 1, 2023 email from Celsius' counsel to the email addresses for StakeHound's Swiss counsel identified in the purported Notice of Arbitration attaching a letter of the same date, demanding withdrawal of the purported Notice of Arbitration as a violation of the automatic stay, and inviting a mutual standstill and negotiation period.

13. Attached hereto as Exhibit K is a true and correct copy of a May 25, 2023 email from Celsius' counsel to the email addresses identified in connection with the Notice of Arbitration for SAC and StakeHound's Swiss counsel attaching Celsius' Answer to the Notice of Arbitration again advising that the Notice of Arbitration was submitted in violation of the automatic stay.

14. Attached hereto as Exhibit L is a true and correct copy of a July 5, 2023 email from my email address to swickouski@lockelord.com, the email address for StakeHound's U.S. counsel, Stephanie Wickouski, a bankruptcy partner in the New York office of the Locke Lord firm.

15. Attached hereto as Exhibit M is a true and correct copy of a July 6, 2023 email sent from Ms. Wickouski's email address to my email address in response to my July 5, 2023 email. Ms. Wickouski telephoned me on July 7, 2023, and we spoke for approximately 15 minutes.

16. Attached hereto as Exhibit N is a true and correct copy of a July 10, 2023 email to my email address from Benjamin.Gottlieb@swlegal.ch, the email address for Benjamin Gottlieb, one of StakeHound's Swiss lawyers.

17. Attached hereto as Exhibit O is a true and correct copy of a July 11, 2023 email from my email address to Ms. Wickouski's email address providing her with advanced notice of the filing of Celsius' complaint, as Ms. Wickouski had requested during our July 7, 2023 telephone call.

18. Attached hereto as Exhibit P is a true and correct copy of a July 12, 2023 email from my email address to Ms. Wickouski's email address attaching a copy of the as-filed version of the complaint.

19. Attached hereto as Exhibit Q is a true and correct copy of a July 12, 2023 email sent from Ms. Wickouski's email address to my email address responding to the email I had sent earlier on July 12, 2023.

20. Attached hereto as Exhibit R is a true and correct copy of a July 13, 2023 email Celsius' counsel to the email addresses for StakeHound's Swiss counsel identified in the purported Arbitration Notice.

21. Attached hereto as Exhibit S is a true and correct copy of a July 13, 2023 email from Celsius' counsel to the email address of Mr. Carter-Silk.

22. Attached hereto as Exhibit T is a true and correct copy of a July 13, 2023 email from Celsius' counsel sent the email address of Ms. Wickouski.

23. Attached hereto as Exhibit U is a true and correct copy of the Staking Services Agreement between StakeHound and Celsius.

4

24. Attached hereto as Exhibit V is a true and correct copy of the Revenue Sharing Agreement between Celsius and StakeHound.

25. Akin contacted three service providers to obtain estimates of how long it would take to serve StakeHound, a Swiss entity, under the Hague Convention. Based on the responses of those service providers, we estimate service pursuant to the Hague Convention would likely take between 3 and 6 months.

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct.

Dated: July 19, 2023

                                                                     */s/ Mitchell P. Hurley*
                                                                     Mitchell P. Hurley