# EXHIBIT J

**REDACTED**

**From:** Chapman, Dean
**Sent:** Monday, May 1, 2023 7:47 PM
**To:** stefan.leimgruber@swlegal.ch; benjamin.gottlieb@swlegal.ch; Nadine.Wipf@swlegal.ch
**Cc:** Hurley, Mitchell <mhurley@AkinGump.com>; Mannon, Jessica <jmannon@akingump.com>; Stanley, Michael <mstanley@akingump.com>
**Subject:** RE: Case 300641-2023

Please see the attached letter regarding your recently commenced arbitration.

**REDACTED**

1

Akin Gump Strauss Hauer & Feld LLP
One Bryant Park
Bank of America Tower
New York, NY 10036

T   +1 212.872.1000
F   +1 212.872.1002
akingump.com



**Mitchell P. Hurley**
+1 212.872.1011/fax: +1 212.872.1002
mhurley@akingump.com

May 1, 2023

VIA EMAIL

Stefan Leimgruber
Schellenberg Wittmer Ltd.
Lowenstrasse 19 / P.O. Box 2201
8021 Zurich / Switzerland

Re:   *In re: Celsius Network Limited*, Case No. 22-10966 (Bankr. S.D.N.Y.)
      *StakeHound SA v. Celsius Network Limited*, Swiss Arbitration Case No. 300641-2023

Dear Mr. Leimgruber,

We write in connection with the Notice of Arbitration filed by StakeHound SA ("StakeHound") against Celsius Network Limited ("Celsius") on April 25, 2023 with the Swiss Arbitration Centre (the "Swiss Arbitration").

As StakeHound is or should be well aware, including based on its substantial communications with Celsius over the past six months, Celsius is a debtor in a pending bankruptcy case in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").  Under the United States Bankruptcy Code, the filing of a petition in bankruptcy operates as an automatic stay of, among other things, the commencement of legal proceedings against the debtor and any act to exercise control over property of the debtor's estate (the "Automatic Stay").  *See* generally 11 U.S.C. § 362(a).  Actions taken in violation of the Automatic Stay are void *ab initio* and without effect.  *See In re Colonial Realty Co.*, 980 F.2d 125, 137 (2d Cir. 1992).

Please be advised that the commencement of the Swiss Arbitration against Celsius is a clear violation of the Automatic Stay and a legal nullity.  Moreover, because the filing was made willfully with full knowledge of Celsius's bankruptcy case, Celsius is entitled to recover all actual damages incurred as well as punitive damages.  *See* 11 U.S.C. § 362(k).

Celsius hereby demands that StakeHound cease and desist from taking any further action to advance the Swiss Arbitration and withdraw the Swiss Arbitration in full.  To the extent



Stefan Leimgruber
May 1, 2023
Page 2

StakeHound fails to do so, Celsius reserves all its rights and remedies to, among other things, seek to enforce the Automatic Stay and hold StakeHound liable for its willful violation thereof.

Separately, in our letter of April 17, 2023, Celsius proposed that StakeHound freeze all the ETH that was recently unlocked, all of which is the subject of this dispute, pending the parties' negotiation of a consensual settlement or a judicial determination of this matter. StakeHound still has not responded to this common-sense proposal, which raises significant concerns. In particular, StakeHound can have no objection to such a freeze unless it proposes to dissipate the ETH. The requested freeze would cause StakeHound no prejudice, whereas the dissipation of the ETH would cause Celsius irreparable harm. We reiterate our demand that StakeHound agree to hold the ETH in a secure wallet and refrain from transferring or disposing the ETH in any way without our prior written consent or an order from a court of competent jurisdiction. Absent such agreement in writing by May 4, 2023, Celsius will assume StakeHound intends to dissipate the relevant ETH, and Celsius will take further steps to protect itself accordingly.

Finally, we reiterate the other request made in our April 17 letter—namely, that StakeHound immediately identify the precise amount of ETH it is holding, including any accrued rewards and interest, the public key for the wallet in which the ETH is presently held, all transaction hashes associated with the transfer or transfers of ETH to that wallet, and any other information necessary for Celsius to confirm that the ETH is secure and available for distribution.

Celsius reserves all its rights, remedies, and defenses, including its strong disagreement with StakeHound's allegations set forth in the Notice of Arbitration.

                                      Sincerely,

                                      */s/ Mitchell P. Hurley*

                                      Mitchell P. Hurley

CC: Alexander Carter-Silk (alexander.carter-silk@keystonelaw.co.uk) (counsel to StakeHound)