**LOCKE LORD LLP**
Stephanie Wickouski
Jonathan W. Young
Jeffrey Kramer
Sean A. Feener
200 Vesey Street, 20th Floor
New York, New York 10281
Tel: (212) 415-8600
Fax: (212) 303-2754
swickouski@lockelord.com
Jonathan.Young@lockelord.com
jkramer@lockelord.com
sean.feener@lockelord.com

*Attorneys for StakeHound S.A.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>CELSIUS NETWORK LLC, *et al.*,[1]<br><br>                Debtors. | Chapter 11<br><br>Case No. 22-10964 (MG)<br><br>Jointly Administered |
| CELSIUS NETWORK LIMITED,<br><br>                Plaintiff<br><br>            v.<br><br>STAKEHOUND SA,<br><br>                Defendant | Adversary Proceeding<br>No. 23-01138 (MG) |

**DEFENDANT STAKEHOUND, S.A.'s OBJECTION TO**
**PLAINTIFF'S MOTION FOR AN ORDER AUTHORIZING ALTERNATIVE**
**SERVICE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(f)(3)**

---

[1] The Debtors in these chapter 11 cases (the "Chapter 11 Cases"), along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network, Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956). The Debtors' service address in these Chapter 11 Cases is 121 River Street, PH05, Hoboken, New Jersey (07030).

# TABLE OF CONTENTS

JURISDICTION AND VENUE ................................................................................................5
PRELIMINARY STATEMENT .............................................................................................5
LEGAL ARGUMENT ..............................................................................................................7
    A.    Compliance with the Hague Service Convention is Mandatory in This Case. ................7
    B.    The Motion Should be Denied Because the Hague Service Convention Does Not Permit Service by E-Mail. ........................................................................................................9
    C.    The Motion Should be Denied Because Switzerland has Objected to Service by "Postal Channels" Under Article 10(a) of the Hague Service Convention. ................................11
    D.    Exigent Circumstances Do Not Excuse Compliance with Hague Service Convention. .....................................................................................................................13
CONCLUSION ........................................................................................................................14

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Anova Applied Elecs., Inc. v. Hong King Grp., Ltd.*,
    334 F.R.D. 465 (D. Mass. 2020) .................................................................................10, 11

*In re Bernard L. Madoff Inv. Sec. LLC*,
    418 B.R. 75 (Bankr. S.D.N.Y. 2009) .....................................................................................8

*Burda Media, Inc. v. Viertel*,
    417 F.3d 292 (2d Cir. 2005) ..................................................................................................8

*Kadmon Corp., LLC v. Ltd. Liab. Co. Oncon*,
    2023 WL 2346340 (S.D.N.Y. Mar. 3, 2023) ........................................................................8

*Kyjen Co., LLC v. Individuals, Corps., Ltd. Liab. Companies, Partnerships, &*
    *Unincorporated Associations Identified on Schedule A to Complaint*,
    2023 WL 2330429 (S.D.N.Y. Mar. 2, 2023) ......................................................................12

*Moonbug Ent. Ltd. v. www.blippimerch.com*,
    2023 WL 2730107 (S.D.N.Y. Mar. 28, 2023) ....................................................................12

*Prem Sales, LLC v. Guangdong Chigo Heating & Ventilation Equip. Co.*,
    494 F. Supp. 3d 404 (N.D. Tex. 2020) ...............................................................................10

*RSM Prod. Corp. v. Fridman*,
    2007 WL 1515068 (S.D.N.Y. May 24, 2007) ......................................................................8

*Safavieh Intl, LLC v. Chengdu Junsen Fengrui Tech. Co.-Tao Shen*,
    2023 WL 3977505 (S.D.N.Y. June 13, 2023) ...............................................................11, 12

*Schluter Sys., L.P. v. Sanven Corp.*,
    2023 WL 130888 (N.D.N.Y. Jan. 6, 2023) .........................................................................12

*SeaCube Containers LLC v. Compass Containers & Shipping Services Ltda.*,
    427 F. Supp. 3d 497 (S.D.N.Y. 2019) ..................................................................................8

*Shenzhen Chengront Tech. Co. v. Besign Direct*,
    2022 WL 17741496 (S.D.N.Y. Dec. 9, 2022) ....................................................................12

*Smart Study Co., Ltd. v. Acuteye-Us*,
    620 F.Supp.3d 1382 (S.D.N.Y. July 21, 2022) ............................................................ *passim*

*Sulzer Mixpac AG v. Medenstar Indus. Co. Ltd.*,
    312 F.R.D. 329 (S.D.N.Y. 2015) ........................................................................................12

*Topstone Commc'ns, Inc. v. Xu*,
   603 F.Supp.3d 493 (S.D. Tex. May 18, 2022)......................................................................10

*Volkswagenwerk Aktiengesellschaft v. Schlunk*,
   486 U.S. 694 (1988).................................................................................................................8

*Water Splash, Inc. v. Menon*,
   581 U.S. 271 (2017)....................................................................................................10, 11, 12

**Statutes and Rules**

Fed. R. Civ. P. 4................................................................................................................... *passim*

Swiss Criminal Code, Art. 271 ...............................................................................................2, 5

**Treatises and Commentary**

4B Charles A. Wright, Arthur R. Miller & Adam N. Steinman, Federal Practice
   and Procedure § 1133 (4th ed. April 2020 update)..................................................................8

**Other Authorities**

https://www.hcch.net/en/instruments/conventions/statustable/notifications/?csid=
   424&disp=resdn ....................................................................................................................11

https://www.hcch.net/en/states/hcch-members/details1/?sid=73 ....................................................9

Defendant StakeHound S.A. ("**StakeHound**") hereby files this objection (this "**Objection**") to *Plaintiff Celsius Network Limited's Motion for an Order Authorizing Alternative Service on Defendant Stakehound SA Pursuant To Federal Rule Of Civil Procedure 4(F)(3)* [ECF No. 9] (the "**Motion**"). In support of the Objection, StakeHound respectfully states as follows:

**JURISDICTION, VENUE AND RESERVATION OF RIGHTS**

1. StakeHound does not, expressly or impliedly, consent to this Court exercising subject matter jurisdiction over the claims at issue in the *Adversary Complaint*, filed at ECF. No. 1 (the "**Complaint**") or personal jurisdiction over StakeHound. By filing this Objection, StakeHound does not waive, and StakeHound hereby expressly preserves, all defenses it may raise pursuant to Rule 12 of the Federal Rules of Civil Procedure (the "**FRCP**") (made applicable to these proceedings by Rule 7012 of the Federal Rules of Bankruptcy Procedure) prior to answering the Complaint or otherwise. StakeHound does not consent to entry of final orders or judgment by this Court.

**PRELIMINARY STATEMENT**

2. By filing its Motion, Plaintiff Celsius Network Limited (the "**Plaintiff**") proposes a significant departure from the well-established norms of service of process on foreign defendants in accordance with the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (the "**Hague Service Convention**"), but has not identified a plausible (let alone compelling) factual or legal basis for departing from these established norms and practices. Alternate service is concededly permissible in federal litigation in certain, limited circumstances, but no showing has been made in *this case* that abbreviated service in the manner requested is permissible.

3. Despite the Plaintiff's contentions, the requirements of Rule 4(f)(3) of the FRCP have not been satisfied in this case, and alternate service should not be approved. Under binding

5

Supreme Court precedent, compliance with the Hague Service Convention is mandatory in all cases in which it applies. The Hague Service Convention applies here because StakeHound is in Switzerland and Switzerland is a signatory to the Convention. Plaintiff's proposed method of service (e-mail) violates the Hague Service Convention as applied to service in Switzerland because Switzerland has objected to alternate service under Article 10 of the Hague Service Convention. Consequently, service by e-mail on a defendant in Switzerland also violates Rule 4(f)(3), which permits alternate service only if the proposed method of service is not prohibited by international agreement. Moreover, pursuant to Art. 271 of the Swiss Criminal Code, it is unlawful for individuals to attempt to serve process in Switzerland directly in contravention of the strictures of the Hague Service Convention.

4. Further, and despite the Plaintiff's suggestion to the contrary, there is no exigency exception to the mandatory nature of the Hague Service Convention. Otherwise, plaintiffs could end-run the Convention whenever they deemed it necessary. Moreover, if prior communications with a party or its counsel were sufficient to permit service by e-mail, that outcome would essentially eviscerate the right to full and proper service of process under the Convention. And the fact that the parties agreed in their contract to accept notice by e-mail does not amount to a waiver of service—especially where the underlying litigation suffers from both procedural and jurisdictional defects.[2] At a bare minimum, there should be additional opportunity for the parties to discuss the circumstances under which service could be waived or accepted—before moving forward with a form of service that significantly reduces and abridges StakeHound's rights.

---

[2] StakeHound contends that there are multiple procedural and jurisdictional problems with having the claims set forth in the Complaint heard by this Court, including, without limitation, (i) a lack of personal jurisdiction over StakeHound, and (ii) a binding arbitration provision in the agreements governing the relationship between the parties.

6

# LEGAL ARGUMENT [3]

5. Plaintiff's Motion is an impermissible attempt to circumvent the Hague Service Convention, a multilateral international treaty to which both the United States and Switzerland are signatories, for no reason other than expediency. This is not a case in which the defendant cannot be located or service pursuant to the Hague Service Convention has failed. In fact, Plaintiff *pleads* StakeHound's address in Switzerland and admits it has not even attempted service in accordance with the Convention. Rather, Plaintiff asks the Court to authorize alternate service simply because Plaintiff believes that service under the Convention would take too long. But the Hague Service Convention, which has the force of federal law, cannot be so easily end-run. The Supreme Court has held that compliance with the Hague Service Convention is mandatory in every case in which it applies. It applies here because Switzerland is a signatory. Plaintiff's Motion should be denied because the Convention does not permit service by e-mail. Moreover, service by e-mail to a defendant in Switzerland violates Rule 4(f)(3) because Switzerland has objected to direct service under Article 10 of the Convention.

**A.    Compliance with the Hague Service Convention is Mandatory in This Case.**

6. Service on a corporate entity in a foreign country is governed by Rule 4(h) of the Federal Rules of Civil Procedure. It allows service "in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery." Fed.R.Civ.P. 4(h). Rule 4(f) has three subsections that "give [] effect to the Hague Convention and its exceptions." *Smart Study Co., Ltd. v. Acuteye-Us*, 620 F.Supp.3d 1382, 1390 (S.D.N.Y. July 21, 2022). Subsection 1 permits

---

[3] With this Objection, StakeHound does not endeavor to produce an exhaustive refutation of the erroneous factual allegations and legal conclusions made by the Plaintiff in the Motion and the Complaint. By declining to do so, StakeHound does not waive, and hereby expressly reserves, its right to present its defenses to such allegations and conclusions if and when the appropriate time comes, including, but not limited to, the Plaintiff's assertion that the assets at issue are property of the Debtors' estates, that StakeHound has violated the automatic stay, and the Plaintiff's interpretation of the contracts between the parties.

service "by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents." Fed.R.Civ.P. 4(f)(1). Subsection 2, not relevant here, "provides options to the party serving process when internationally agreed process methods are not intended to be exclusive or when no international agreement is applicable, as would be true, for example, when service is to be made in a nation that is not a signatory to the Hague Convention." *Id.* (quoting 4B Charles A. Wright, Arthur R. Miller & Adam N. Steinman, Federal Practice and Procedure § 1133 (4th ed. April 2020 update). And subsection 3 "authorizes the district court to approve other methods of service not prohibited by international agreements." *Id.*

7.  As courts in this District routinely recognize, the Supreme Court has held that "compliance with the [Hague Service] Convention is mandatory in all cases to which it applies." *Smart Study*, 620 F.Supp.3d at 1389 (quoting *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 705 (1988)); *see also SeaCube Containers LLC v. Compass Containers & Shipping Services Ltda.*, 427 F. Supp. 3d 497, 500 (S.D.N.Y. 2019) ("Compliance with the Hague Service Convention is mandatory when serving a defendant who resides in a foreign country that is a signatory to the convention"); *RSM Prod. Corp. v. Fridman*, 06 CIV. 11512 (DLC), 2007 WL 1515068, at *1 (S.D.N.Y. May 24, 2007) ("Service on a foreign defendant pursuant to the Hague Convention … is mandatory when serving a defendant who resides in a foreign country that is a signatory to the convention.") (*citing Burda Media, Inc. v. Viertel*, 417 F.3d 292, 299-300 (2d Cir. 2005); Fed. R. Civ. P. 4 advisory committee's note ("Use of the Convention procedures, when available, is mandatory if documents must be transmitted abroad to effect service.")).

8.  StakeHound is located in Switzerland. Compl. ¶ 11. Switzerland is a signatory to the Hague Service Convention. *See In re Bernard L. Madoff Inv. Sec. LLC*, 418 B.R. 75, 82

8

(Bankr. S.D.N.Y. 2009) ("As a signatory to the Hague Convention, Switzerland authorizes service to be made by the Swiss Central Authority upon request of a foreign applicant"); https://www.hcch.net/en/states/hcch-members/details1/?sid=73 (demonstrating that Switzerland is a signatory to the Hague Service Convention). Accordingly, the Hague Service Convention applies to service of process in this case.

9. What's more, Swiss law contains strong protections against violation of Switzerland's territorial sovereignty through service outside appropriate legal channels by imposing criminal penalties on individuals carrying out activities on behalf of a foreign state on Swiss territory without lawful authority. *See* Swiss Criminal Code, Art. 271. According to Swiss law, the service of judicial or extra-judicial documents constitutes the exercise of public powers. A person seeking to serve foreign documents on someone in Switzerland thus has to resort to the mechanisms of international judicial assistance in order not to violate Swiss law and its territorial sovereignty. The alternate service proposed by Plaintiff therefore flies in the face of U.S. Supreme Court precedent, international agreement, *and* Swiss law, making clear that such proposal cannot be approved.

**B.    The Motion Should be Denied Because the Hague Service Convention Does Not Permit Service by E-Mail.**

10. Service of process violates Rule 4(f)(3) if it is prohibited by international agreement. *See* Fed.R.Civ.P. 4(f)(3). Plaintiff's proposed alternate service violates Rule 4(f)(3) because the Hague Service Convention prohibits service by e-mail.

11. As numerous courts have recognized, binding Supreme Court precedent indicates that the Hague Service Convention outlines specific methods of service, and that methods of service that are not specifically authorized are impermissible under the Hague Service Convention. *See Smart Study*, 620 F.Supp.3d at 1393 (collecting cases). *Smart Study* and the

cases it cites recognize that in *Water Splash, Inc. v. Menon*, 581 U.S. 271 (2017), the Supreme Court determined that in cases in which the Hague Service Convention applies, "the only permissible methods of service were those 'specified' in the Convention." *Smart Study*, 620 F.Supp.3d at 1393.

12. The Hague Service Convention permits service in two ways: (1) transmitting a request for service to the "Central Authority" of the country in which service is to be effected (*see* Hague Service Convention, Arts. 2-7); or (2) specific alternate methods, including service by diplomatic and consular agents, service through consular channels, service on judicial officers in the receiving country, and direct service "by postal channels," **unless the receiving country objects to these alternate methods**. *See id.*, Arts. 8-10.

13. As is evident, the Hague Service Convention does not include e-mail as a valid method of service. Because the Hague Service Convention mandatorily applies to service in this case and because it does not permit service by e-mail, the Court should deny this Motion. *See Anova Applied Elecs., Inc. v. Hong King Grp., Ltd.*, 334 F.R.D. 465, 471-72 (D. Mass. 2020) (concluding that "e-mail service on defendants is prohibited by the Hague Convention."); *Topstone Commc'ns, Inc. v. Xu*, No. 4:22-CV-00048, 603 F.Supp.3d 493, 500 (S.D. Tex. May 18, 2022) ("[E]mail service is not permitted under the Convention because it is inconsistent with and not authorized by the Convention's delineated service methods."); *Prem Sales, LLC v. Guangdong Chigo Heating & Ventilation Equip. Co.*, 494 F. Supp. 3d 404, 417 (N.D. Tex. 2020), 494 F. Supp. 3d at 417 (same).[4]

---

[4] Because the court in *Smart Study* held that a country's objection to Article 10(a) prohibits e-mail service, it did not reach the question of whether the Hague Service Convention prohibits e-mail service regardless of a country's objections. However, the court did acknowledge that other Articles of the Convention support that conclusion. Specifically, the Court noted that:
> "Articles 11 and 19 of the Convention provide some support to the wholesale preclusion of email as a method of service. "Article 11 provides that any two states can agree to methods of service not otherwise specified in the Convention," and "Article 19 clarifies that the Convention does not

C. **The Motion Should be Denied Because Switzerland has Objected to Service by "Postal Channels" Under Article 10(a) of the Hague Service Convention.**

14. Even if this Court were to determine that the Hague Service Convention's silence as to e-mail means that it permits e-mail service (which it should not), the Court still should deny the Motion because Switzerland has objected to Article 10(a) of the Convention.

15. Article 10(a) of the Hague Service Convention permits alternate service "by postal channels." Signatories to the Convention may prohibit this method of service by objecting to Article 10(a). Switzerland has objected to Article 10(a). *See* https://www.hcch.net/en/instruments/conventions/statustable/notifications/?csid=424&disp=resd*n* (reflecting Switzerland's objection to Article 10 of the Hague Service Convention).

16. Courts in this District have held that a signatory's objection to Article 10(a) prohibits service by e-mail to residents of that country. *See Smart Study*, 620 F.Supp.3d at 1394-96. As one very recent decision in this District stated:

> [T]he *Smart Study* court determined that the specific methods of service outlined in the Hague Convention are exclusive, and any methods not explicitly authorized are forbidden. *Smart Study*, 2022 WL 2872297, at *7. Or, as the Supreme Court put it, "the Hague Service Convention specifies certain approved methods of service and 'pre-empts inconsistent methods of service' wherever it applies." *Smart Study Co.*, 2022 WL 2872297, at *8 (*quoting Water Splash*, 581 U.S. at 273).
>
> *Safavieh Intl, LLC v. Chengdu Junsen Fengrui Tech. Co.-Tao Shen*, No. 23 CIV. 3960 (CM), 2023 WL 3977505, at *4 (S.D.N.Y. June 13, 2023).

---

preempt any internal laws of its signatories that permit service from abroad via methods not otherwise allowed by the Convention." *Water Splash*, 137 S.Ct. at 1508. "What both these articles have in common is that they leave countries free to consent, either unilaterally or together, to means of service that are not specifically authorized by the Convention." *Anova*, 334 F.R.D. at 471. In other words, Articles 11 and 19 provide ready tools to permit countries to expressly permit service by email. And those articles would be largely superfluous if litigants could serve a party in another country merely by selecting a method that is not expressly listed in the Hague Convention—there would be no need for articles that permit countries to agree to other methods of service, or to legislate to affirmatively authorize other methods of services."
*Smart Study*, 620 F.Supp.3d at 1394.

11

17. Since *Smart Study*, numerous courts in this Circuit have adopted Judge Woods' reasoning and held that an objection to Article 10 prohibits service by e-mail. *See, e.g., Moonbug Ent. Ltd. v. www.blippimerch.com*, 2023 WL 2730107, at *3 (S.D.N.Y. Mar. 28, 2023); *Kadmon Corp., LLC v. Ltd. Liab. Co. Oncon*, 2023 WL 2346340, at *4 (S.D.N.Y. Mar. 3, 2023); *Kyjen Co., LLC v. Individuals, Corps., Ltd. Liab. Companies, Partnerships, & Unincorporated Associations Identified on Schedule A to Complaint*, 2023 WL 2330429, at *1 (S.D.N.Y. Mar. 2, 2023); *Schluter Sys., L.P. v. Sanven Corp.*, 2023 WL 130888, at *5 (N.D.N.Y. Jan. 6, 2023); *Shenzhen Chengront Tech. Co. v. Besign Direct*, 2022 WL 17741496, at *2 (S.D.N.Y. Dec. 9, 2022).

18. As the court in *Safavieh* stated:

Smart Study's holding makes the most sense. As the Smart Study court opined, the Hague Convention is meant to set forth simple and certain methods of service that can be used to serve foreign litigants. *Smart Study Co. v. Acuteye-Us*, 2022 WL 2872297, at *10. Therefore, to infer that the Convention's silence as to a particular method [of service] equates to an implied permission to use virtually any method of service not proscribed by the Convention contravenes that purpose.

*Safavieh Int'l, LLC*, 2023 WL 3977505, at * 5 (internal quotation marks omitted).

19. The Plaintiff cites *Sulzer Mixpac AG v. Medenstar Indus. Co. Ltd.,* 312 F.R.D. 329, 331 (S.D.N.Y. 2015) for the proposition that an objection to Article 10 does not prohibit email service. *Sulzer,* however, was decided before *Water Splash*, and the motion for alternate service in that case was unopposed. *See Smart Study,* 620 F.Supp.3d at 1396 ("The Court disagrees with *Sulzer* and its progeny. Notably, *Sulzer* was decided before *Water Splash* was issued. And, as is the case here, the motion for alternative service in *Sulzer* was wholly unopposed, such that the court did not have the benefit of briefing that took an alternative position to that advanced by the plaintiff in that case."). Consequently, this Court can safely ignore *Sulzer* and its progeny in favor of the more recent (and logically sound) analysis of *Smart Study*.

**D.      Exigent Circumstances Do Not Excuse Compliance with Hague Service Convention.**

20.     Plaintiff further argues that the "circumstances of this case" warrant alternate service based on Plaintiff's perceived need to move quickly to present its claims. *See* Motion, ¶¶ 5, 27, 29.  However, there is no exigency exception to Rule 4(f)(3) that excuses a plaintiff's failure to comply with the Hague Service Convention in cases where it applies.  *See Smart Study,* 620 F.Supp.3d at 1397 ("There is no exigent circumstances exception in Rule 4(f)(3): Rule 4(f)(3), by its plain terms, does not permit service by a method prohibited by international agreement."). Accordingly, Plaintiff's assertions regarding the need to effect service quickly are irrelevant to whether its proposed method of service is proper under Rule 4(f)(3): the law simply does not permit them to skirt the requirements of an international agreement on that basis.  What's more, any purported exigency on Plaintiff's part is belied by its months-long failure to file this adversary proceeding, as described in detail in its own Motion.  *See* Motion, ¶¶ 3, 4, 17, 20.

[*Remainder of page intentionally left blank*]

## CONCLUSION

For these reasons, Defendant StakeHound S.A. respectfully requests that the Court deny the Motion, and grant such other relief as the Court may deem proper.

Dated: July 27, 2023.                            Respectfully,

/s/   *Stephanie Wickouski*
**LOCKE LORD LLP**
Stephanie Wickouski
Jonathan W. Young
Jeffrey Kramer
Sean A. Feener
200 Vesey Street, 20th Floor
New York, New York 10281
Tel: (212) 415-8600
Fax: (212) 303-2754
swickouski@lockelord.com
Jonathan.Young@lockelord.com
jkramer@lockelord.com
sean.feener@lockelord.com

*Attorneys for StakeHound S.A.*

## **CERTIFICATE OF SERVICE**

I certify that on July 27, 2023, a true and correct copy of the foregoing was served electronically on all persons via the Court's CM/ECF System.

/s/ *Robert Rosengarten*
Robert Rosengarten