**LOCKE LORD LLP**
Stephanie Wickouski
Jeffrey Kramer
Sean A. Feener
200 Vesey Street, 20th Floor
New York, New York 10281
Tel: (212) 415-8600
Fax: (212) 303-2754
swickouski@lockelord.com
jkramer@lockelord.com
sean.feener@lockelord.com

Jonathan W. Young (admitted *pro hac vice*)
111 Huntington Avenue, 9th Floor
Boston, MA 02199-7613
Tel: (617) 239-0367
Fax: (617) 227-4420
jonathan.young@lockelord.com

*Attorneys for StakeHound S.A.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>CELSIUS NETWORK LLC, *et al.*,[1]<br><br>           Debtors. | Chapter 11<br><br>Case No. 22-10964 (MG) |
| CELSIUS NETWORK LIMITED,<br><br>           Plaintiff<br><br>       v.<br><br>STAKEHOUND SA,<br><br>           Defendant | Adversary Proceeding<br>No. 23-01138 (MG) |

**DEFENDANT STAKEHOUND SA'S MOTION FOR LEAVE TO FILE SURREPLY**

---

[1] The Debtors in these chapter 11 cases (the "Chapter 11 Cases"), along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network, Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956). The Debtors' service address in these Chapter 11 Cases is 121 River Street, PH05, Hoboken, New Jersey (07030).

Defendant StakeHound S.A. ("*StakeHound*") hereby files this motion for leave to file a surreply (the "*Surreply*") to Plaintiff Celsius Network Limited's *Motion For An Order Authorizing Alternative Service On Defendant Stakehound SA Pursuant To Federal Rule Of Civil Procedure 4(f)(3)* [ECF No. 9] in further support of Defendant's *Objection To Plaintiff's Motion For An Order Authorizing Alternative Service Pursuant To Federal Rule Of Civil Procedure 4(f)(3)* [ECF No. 13] (the "*Objection*").  In support of this motion, StakeHound respectfully states as follows:

## JURISDICTION, VENUE AND RESERVATION OF RIGHTS

1.      StakeHound does not, expressly or impliedly, consent to this Court exercising subject matter jurisdiction over the claims at issue in the *Adversary Complaint*, filed at ECF. No. 1 (the "*Complaint*") or personal jurisdiction over StakeHound.  By filing this motion, StakeHound does not waive, and StakeHound hereby expressly preserves, all defenses it may raise pursuant to Rule 12 of the Federal Rules of Civil Procedure (made applicable to these proceedings by Rule 7012 of the Federal Rules of Bankruptcy Procedure) prior to answering the Complaint or otherwise.  StakeHound does not consent to entry of final orders or judgment by this Court.

## LEGAL ARGUMENT

2.      In its *Reply Memorandum In Support Of Plaintiff's Motion For An Order Authorizing Alternative Service On Defendant Stakehound SA Pursuant To Federal Rule Of Civil Procedure 4(f)(3)* [ECF No. 15] (the "*Reply*"), the Plaintiff advances two new arguments in response to the Objection.  First, the Plaintiff advances an "exigent circumstances" analysis that is an improper attempt to shoehorn concepts of preliminary injunctive relief into a procedural motion to authorize alternative service, based on unproven facts and misguided assumptions.  Second, Plaintiff argues for the first time that prior communications with StakeHound's U.S. counsel effectively results in a waiver of StakeHound's ability to object to the Motion and Plaintiff's proposed alternative service.

3.      Because the Plaintiff has introduced new legal issues in its Reply, and because the Defendant has not otherwise had any meaningful opportunity to respond, it is appropriate and fair to permit the Defendant to file the Surreply responding to these new issues and allegations.  Courts in this district have granted similar relief.  *See generally Sec. & Exch. Comm'n v. Ripple Labs, Inc.,*, 2022 WL 329211, at *3 (S.D.N.Y. Feb. 3, 2022) (granting leave to file surreply where party raised new arguments in reply that were not raised in its initial brief); *In re Residential Cap., LLC*, No. 12-12020 (MG), 2014 WL 340027, at *1 (Bankr. S.D.N.Y. Jan. 30, 2014) (noting that court granted leave to file surreply "because the Debtors' Reply raised new evidence and arguments not previously raised in the Objection."); *Grocery Haulers, Inc. v. C & S Wholesale Grocers, Inc.,* 2012 WL 4049955, at *6 (S.D.N.Y. Sept. 14, 2012) (holding that courts have "broad discretion to consider arguments in a sur-reply, particularly when new arguments are put forth in a reply brief," and granting leave to file surreply where motion for leave to file surreply was filed contemporaneously with surreply) (internal citations omitted).  Accordingly, the Defendant should be afforded the opportunity to respond to the new arguments in the Reply with its Surreply.

*[Remainder of page intentionally left blank]*

## <u>CONCLUSION</u>

For these reasons, StakeHound respectfully requests that the Court grant StakeHound leave to file its Surreply attached hereto as Exhibit A and grant such other relief as the Court may deem proper.

Dated:  August 1, 2023                    Respectfully,

*/s/   Stephanie Wickouski*
**LOCKE LORD LLP**
Stephanie Wickouski
Jeffrey Kramer
Sean A. Feener
200 Vesey Street, 20th Floor
New York, New York 10281
Tel: (212) 415-8600
Fax: (212) 303-2754
swickouski@lockelord.com
jkramer@lockelord.com
sean.feener@lockelord.com

Jonathan W. Young (admitted *pro hac vice*)
111 Huntington Avenue, 9th Floor
Boston, MA 02199-7613
Tel: (617) 239-0367
Fax: (617) 227-4420
jonathan.young@lockelord.com

*Attorneys for StakeHound S.A.*

## <u>CERTIFICATE OF SERVICE</u>

I certify that on August 1, 2023, a true and correct copy of the foregoing was served electronically on all persons via the Court's CM/ECF System.

/s/ *Stephanie Wickouski*
Stephanie Wickouski