**EXHIBIT A**

**LOCKE LORD LLP**
Stephanie Wickouski
Jeffrey Kramer
Sean A. Feener
200 Vesey Street, 20th Floor
New York, New York 10281
Tel: (212) 415-8600
Fax: (212) 303-2754
swickouski@lockelord.com
jkramer@lockelord.com
sean.feener@lockelord.com

Jonathan W. Young (admitted *pro hac vice*)
111 Huntington Avenue, 9th Floor
Boston, MA 02199-7613
Tel: (617) 239-0367
Fax: (617) 227-4420
jonathan.young@lockelord.com

*Attorneys for StakeHound S.A.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br>CELSIUS NETWORK LLC, *et al.*,[1]<br>                  Debtors. | Chapter 11<br><br>Case No. 22-10964 (MG) |
| CELSIUS NETWORK LIMITED,<br>                  Plaintiff<br>                  v.<br>STAKEHOUND SA,<br>                  Defendant | Adversary Proceeding<br>No. 23-01138 (MG) |

**<u>SURREPLY IN OPPOSITION TO PLAINTIFF'S MOTION FOR AN ORDER
AUTHORIZING ALTERNATIVE SERVICE ON DEFENDANT STAKEHOUND SA
PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(f)(3)</u>**

---

[1] The Debtors in these chapter 11 cases (the "Chapter 11 Cases"), along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network, Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956). The Debtors' service address in these Chapter 11 Cases is 121 River Street, PH05, Hoboken, New Jersey (07030).

Defendant StakeHound S.A. ("**StakeHound**") hereby files this surreply (the "**Surreply**") to Plaintiff Celsius Network Limited's *Motion For An Order Authorizing Alternative Service On Defendant Stakehound SA Pursuant To Federal Rule Of Civil Procedure 4(f)(3)* [ECF No. 9] in further support of Defendant's *Objection To Plaintiff's Motion For An Order Authorizing Alternative Service Pursuant To Federal Rule Of Civil Procedure 4(f)(3)* [ECF No. 13] (the "**Objection**"). In support of this Surreply, StakeHound respectfully states as follows:

### JURISDICTION, VENUE AND RESERVATION OF RIGHTS

1. StakeHound does not, expressly or impliedly, consent to this Court exercising subject matter jurisdiction over the claims at issue in the *Adversary Complaint*, filed at ECF. No. 1 (the "**Complaint**") or personal jurisdiction over StakeHound. By filing this Surreply, StakeHound does not waive, and StakeHound hereby expressly preserves, all defenses it may raise pursuant to Rule 12 of the Federal Rules of Civil Procedure (made applicable to these proceedings by Rule 7012 of the Federal Rules of Bankruptcy Procedure) prior to answering the Complaint or otherwise. StakeHound does not consent to entry of final orders or judgment by this Court.

### INTRODUCTION

2. Plaintiff's reply brief contains new allegations and arguments that miscast the issues, which StakeHound must rebut in writing before the hearing. Those new allegations are as follows: <u>first</u>, Plaintiff's not-so-subtle attempt to turn this hearing on a motion for alternative service into an injunction hearing by asserting—without evidence—that StakeHound has or will "secrete and dissipate" assets; and <u>second</u>, Plaintiff's baseless contention that having a U.S. lawyer contact an adversary's lawyer somehow waives a party's right to contest service of process. Both positions are meritless and the Court should not afford them any weight.

3. On the so-called "exigent circumstances" issue, StakeHound notes that this motion is a request for alternate service, which turns on whether Plaintiff may properly depart from the

requirements of the Hague Service Convention. However, Plaintiff's reply attempts to, in effect, create grounds for immediate injunctive relief based on activity that Plaintiff infers but cannot prove has occurred. Plaintiff has submitted **no** evidence in support of its claims of "exigent circumstances" and it would be fundamentally unfair, improper and a departure from how courts view service of process to permit alternative service based on Plaintiff's unsubstantiated allegations.

4. It simply is not true that a party waives its right to contest service by retaining U.S. attorneys or by those attorneys contacting the serving party's attorneys. If it were, a party could never contest service of process through counsel because the retention of that counsel automatically would waive any service of process defense. Such a rule would assume Rule 4 out of existence: any party with a U.S. attorney waives its right to be served by any method other than service on counsel. This cannot be and is not the case. Accordingly, StakeHound respectfully requests that the Court deny Plaintiff's motion.

## ARGUMENT

A.   **Plaintiff's "Exigent Circumstances" Analysis is Improper.**

5. In reply, Plaintiff principally argues that it can circumvent the Hague Service Convention because if not Plaintiff will suffer immediate, irreparable harm by StakeHound's purported "dissipation" of certain cryptocurrency tokens. *See, e.g.,* Reply at ¶ 4 ("During that extended period of time, StakeHound would be in a position to take advantage of the blockchain to secrete and dissipate assets – worth $100 million or more – that Celsius provided to StakeHound, and that likely are the only assets that will be available to satisfy a Celsius judgment in this case"), ¶ 24 ("Nor does StakeHound dispute that it could dissipate tens of millions of dollars' worth of Celsius' assets"). There are multiple, fatal problems with this argument.

3

6.     First, it is an improper attempt to smuggle preliminary injunctive relief concepts into this motion for alternative service. Plaintiff is not seeking a temporary restraining order here and the motion should be viewed through that lens. As StakeHound established in its objection, the key issues on this motion for alternative service are whether the Hague Service Convention applies and, if so, whether Plaintiff has established it is entitled to an exception to service under the Convention's terms. StakeHound has demonstrated that the Hague Service Convention applies to this case and that Plaintiff is not entitled to an exception because Plaintiff knows StakeHound's address and has not even attempted proper service.

7.     Second, Plaintiff has submitted no evidence even suggesting that StakeHound has dissipated or will dissipate these assets. In other words, Plaintiff's "exigent circumstances" rest on the uncorroborated statements of counsel. In fact, Stakehound has not materially liquidated the assets outside of the ordinary course. Plaintiff is or should be aware of that fact because the transaction records for these assets are publicly accessible.

8.     Finally, Plaintiff assumes facts it has not proven. In particular, Plaintiff presumes that the assets belong to it and that this Court has and will exercise jurisdiction to make that determination. However, the assets are governed by contracts that contain Swiss choice of law provisions and Swiss arbitration clauses. The parties' entitlements under those contracts, including ownership of the assets, cannot be determined without construing Swiss law. The Swiss arbitral tribunal should be the construer of Swiss law on these issues. Accordingly, it would be fundamentally unfair and improper to permit Plaintiff to end-run the Hague Service Convention based on unsupported arguments that StakeHound disputes.

### B. Service on a U.S. Lawyer Not Authorized to Accept Service is Improper.

9. Plaintiff contends for the first time on reply that it can serve StakeHound's U.S. counsel—despite U.S. counsel expressly stating that it is not authorized to accept service—because Plaintiff's counsel spoke with StakeHound's U.S. counsel in relation to this action. *See* Reply ¶¶ 8-9. The Court should reject this argument.

10. First, service of process on an attorney not authorized to accept service is ineffective. *See Santos v. State Farm Fire & Cas. Co.*, 902 F.2d 1092, 1094 (2d Cir. 1990). It is undisputed that undersigned counsel are not authorized to accept service for StakeHound in this lawsuit and disclosed that fact to Plaintiff's counsel.

11. Moreover, permitting service on a foreign defendant through U.S. counsel not authorized to accept such service based on U.S. counsel's interactions with the movant's counsel would be fundamentally unfair. It would vitiate a foreign defendant's right to contest service of process through counsel. If a foreign defendant has the right to retain counsel to contest the validity of the method of service, then *a fortiori* it is a lesser included right to have counsel discuss that matter with the other side. Allowing Plaintiff's proposed method of alternative service also would have the effect of writing the rest of Rule 4 out of existence. If a foreign defendant has a local lawyer, Rule 4's required methods of service can be ignored in favor of simply emailing process to that lawyer.

12. The better rule is to allow such a shortcut only after the movant can demonstrate that it has attempted in good faith to serve the defendant in the manner required by international agreement or the Federal Rules. Here, Plaintiff admittedly has not even attempted to serve StakeHound under the Hague Service Convention, or by any other means. Accordingly, the Court respectfully should deny this motion. *See Madu, Edozie & Madu, P.C. v. Socketworks Ltd.*

5

*Nigeria*, 265 F.R.D. 106 (S.D.N.Y. 2010) (denying motion for alternative service on foreign defendant's U.S. counsel where "Plaintiff's unsupported statements do not constitute a reasonable attempt to effectuate service that courts in this Circuit require before obtaining the Court's assistance" with service).

          C.        **The Parties' Disagreement About Swiss Law on Service of Process.**

          13.        Plaintiff's contention that the Swiss law prohibiting service by email does not impact the Rule 4(f)(3) analysis evidences a fundamental disagreement between Rules 4(f)(1) and 4(f)(3) as to whether or not Swiss law precludes email service in this case. StakeHound will argue this point at the hearing rather than in this surreply, but writes here merely to underline that this disagreement is not an academic exercise. If Plaintiff is incorrect about the impact of Swiss law on the propriety of service abroad, that very likely will have consequences on the enforceability in Switzerland of any judgments, orders or awards. Thus, resolving this fundamental disagreement is important for good order and for the progress of this litigation down the road, and not merely just a ministerial exercise.

          [*Remainder of page intentionally left blank*]

**CONCLUSION**

For the reasons set forth above and in the Objection, StakeHound respectfully requests that the Court deny the Motion and grant such other relief as the Court may deem proper.

Dated:  August 1, 2023                               Respectfully,

*/s/   Stephanie Wickouski*
**LOCKE LORD LLP**
Stephanie Wickouski
Jeffrey Kramer
Sean A. Feener
200 Vesey Street, 20th Floor
New York, New York 10281
Tel: (212) 415-8600
Fax: (212) 303-2754
swickouski@lockelord.com
jkramer@lockelord.com
sean.feener@lockelord.com

Jonathan W. Young (admitted *pro hac vice*)
111 Huntington Avenue, 9th Floor
Boston, MA 02199-7613
Tel: (617) 239-0367
Fax: (617) 227-4420
jonathan.young@lockelord.com

*Attorneys for StakeHound S.A.*

## **CERTIFICATE OF SERVICE**

I certify that on August 1, 2023, a true and correct copy of the foregoing was served electronically on all persons via the Court's CM/ECF System.

/s/ *Stephanie Wickouski*
Stephanie Wickouski