Akin Gump Strauss Hauer & Feld LLP
One Bryant Park
Bank of America Tower
New York, NY 10036

T   +1 212.872.1000
F   +1 212.872.1002
akingump.com



**Mitchell P. Hurley**
+1 212.872.1011/fax: +1 212.872.1002
mhurley@akingump.com

August 7, 2023

**VIA CM/ECF**

The Honorable Chief Judge Martin Glenn
United States Bankruptcy Court
Southern District of New York
1 Bowling Green
New York, New York 10004

    Re:    *Celsius Network Limited v. StakeHound SA*, A.P. No. 23-01138 (MG) (Bankr. S.D.N.Y)

Dear Chief Judge Glenn:

    We write briefly concerning the letter sent by StakeHound SA's ("StakeHound") U.S. counsel to this Court earlier today at 10:45 A.M. Eastern Time, with no prior notice to Celsius Network Limited ("Celsius"). *See Letter to Judge Glenn Regarding Motion for Alternative Service* [ECF No. 21]. Provided that Celsius' pending service motion is disposed of or rendered moot (as discussed below), Celsius agrees that further negotiations among the parties could be fruitful, and indeed, are necessary. But the specific relief sought by StakeHound in its letter is premature.

    As a preliminary matter, at last week's hearing Your Honor asked when the parties expected an arbitrator to be appointed in the Swiss arbitration filed by StakeHound in violation of the automatic stay. Although StakeHound does not say so in its letter, on August 3, 2023—one day after the parties appeared before Your Honor on Celsius' service motion—the Swiss Arbitration Centre wrote the parties to advise that it has appointed a sole arbitrator in the matter.

    Regarding the relief sought by StakeHound in its letter today, to the extent StakeHound is agreeing to accept service in this adversary proceeding, Celsius agrees that its motion for alternative service[1] is moot, provided that its Complaint[2] is deemed duly served in accordance with all applicable Rules.

    However, while Celsius certainly is willing to continue to meet and confer with StakeHound over a stipulation relating to early motion practice, and appropriate protections in the interim, a "status conference" today on those issues is premature. On Wednesday, August 2, 2023, after the service motion hearing, StakeHound's counsel advised Celsius that it would provide a draft proposed stipulation to Celsius for its consideration. Unfortunately, StakeHound did not provide any draft until Friday, August 4, 2023,

---

[1] *Plaintiff Celsius Network Limited's Motion for an Order Authorizing Alternative Service on Defendant StakeHound SA Pursuant to Federal Rule of Civil Procedure 4(f)(3)* [ECF No. 9] (the "Motion").

[2] *Adversary Complaint* [ECF No. 1].



The Honorable Chief Judge Martin Glenn
August 7, 2023
Page 2

and that draft omitted key proposed terms, including StakeHound's proposal for carving out a minimum of $650,000 to spend in just the next few weeks on unidentified bases (including, but not limited to, legal fees).[3] That proposal was not made by StakeHound to Celsius until Sunday, August 6, 2023 at 1:51 p.m. Celsius coordinated with the UCC, and less than 24 hours later Celsius provided a proposed mark-up of the draft to StakeHound.

In the interim, and without any advance notice to Celsius or the UCC, StakeHound wrote to the Court seeking to convert the hearing on Celsius' service motion into a status conference concerning scheduling and other matters. It seems StakeHound wishes to continue the parties' negotiations in open court. We believe this approach would be inefficient and inappropriate, and indeed, insomuch as StakeHound's proposal expressly concerns discovery matters (among other things), the letter StakeHound filed is counter to the rules of this Court, including because the parties' meet and confer is not complete. *See Letter to Judge Glenn Regarding Motion for Alternative Service* [ECF No. 21]; *see also Chief Judge Glenn's Chambers Rules* ("Pursuant to Local Rule 7007-1(b), discovery motions may not be filed until the parties have (a) conferred among themselves to resolve the dispute and (b) participated in a conference with the Court. Parties should contact Chambers to schedule a conference.") (available at https://www.nysb.uscourts.gov/content/chief-judge-glenns-chambers-rules).

The service issue will be resolved one way or other at the hearing today, either by a ruling on Celsius' motion or by StakeHound's confirmation that it will accept service in this case. To the extent that it is, Celsius suggests that the Court set a status conference for later in the week to give the parties an opportunity to continue their negotiations in an effort to agree on a schedule and other matters without requiring the Court's further intervention.

Respectfully submitted,

*/s/ Mitchell P. Hurley*
Mitchell P. Hurley

---

[3] Previously, StakeHound had proposed a carve out of as much as $5 million that it apparently contemplates it may spend in the next approximately 90 days. Notably, in its letter today, StakeHound claims that its proposal for an automatic $650,000 carve-out for the next two to three weeks is for legal expenses only. Setting aside the propriety of such a provision, which Celsius is willing to discuss with StakeHound but does not concede, StakeHound's characterization also is inaccurate. In fact, StakeHound's proposal is to be able to use those funds for any ordinary "business" expense, including but not limited to legal fees. Since StakeHound has no ongoing business or operations, the reason StakeHound insists on maintaining the ability to use these assets – the only assets StakeHound has to satisfy any judgment, to Celsius' knowledge – for purposes other than legal fees is unclear. Again, the parties' negotiations have not concluded on any of these points, and Celsius is prepared to continue good faith discussions with StakeHound as outlined herein.