EXHIBIT A

**LOCKE LORD LLP**
Stephanie Wickouski
Jeffrey Kramer
Sean A. Feener
200 Vesey Street, 20th Floor
New York, New York 10281
Tel: (212) 415-8600
Fax: (212) 303-2754
swickouski@lockelord.com
jkramer@lockelord.com
sean.feener@lockelord.com

Jonathan W. Young (admitted *pro hac vice*)
111 Huntington Avenue, 9th Floor
Boston, MA 02199-7613
Tel: (617) 239-0367
Fax: (617) 227-4420
jonathan.young@lockelord.com

*Attorneys for StakeHound S.A.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*,[1] | Case No. 22-10964 (MG) |
| Debtors. | Jointly Administered |
| CELSIUS NETWORK LIMITED, | |
| Plaintiff | Adversary Proceeding |
| v. | No. 23-01138 (MG) |
| STAKEHOUND SA, | |
| Defendant | |

---

[1] The Debtors in these chapter 11 cases (the "Chapter 11 Cases"), along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network, Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956). The Debtors' service address in these Chapter 11 Cases is 121 River Street, PH05, Hoboken, New Jersey (07030).

**[PROPOSED] ORDER REGARDING
CASE MANAGEMENT AND INITIAL BRIEFING SCHEDULE**

Upon the submissions of counsel to Plaintiff Celsius Network Limited ("**CNL**") and Defendant StakeHound S.A. ("**StakeHound**") (together, the "**Parties**") in the above-captioned adversary proceeding, and upon the record created at the hearings held before the Court on August 2, 7, and 8, it is hereby ordered (this "**Order**") that:

1. On or by August 25, 2023, StakeHound will file the following motions and supporting briefs:

    a. A motion requesting that the Court lift (or otherwise modify) the automatic stay, or abstain from exercising jurisdiction over this proceeding on international comity grounds, and compel the parties to submit to the arbitration proceedings commenced on April 24, 2023, case no. 300641-2023 (the "**Swiss Arbitration**") under the Swiss Rules of International Arbitration of the Swiss Arbitration Centre (the "**Arbitration Centre**") for the resolution of any and all issues arising out of or in connection with any agreement between the parties expressed to be governed by Swiss law and subject to Swiss arbitration, including but not limited to the Staking Services Agreement, StakeHound's general terms and conditions, attached to the SSA as Exhibit B and/or the Revenue Sharing Agreement dated April 21, 2023 (collectively, the "**Agreements**"), and also including all claims in the Adversary Complaint (filed in this adversary proceeding at ECF No. 1 (the "**Complaint**")) governed by or subject to the Agreements (the "**Motion to Compel**"); and

    b. A motion to dismiss the Complaint for this Court's lack of personal jurisdiction over StakeHound (the "**Motion to Dismiss**").

2. CNL shall file and serve a response solely to the Motion to Compel (the "**CNL Response**") within seven (7) calendar days after service of the Motion to Compel. StakeHound shall file and serve a reply to the CNL Response within four (4) calendar days after service of the CNL Response. If the Court enters an order granting the Motion to Compel, the Motion to Dismiss shall be held in abeyance, and all further briefing on the Motion to Dismiss shall be stayed pending further order of the Court.

3. If the Court enters an order denying the Motion to Compel, StakeHound shall answer, further move, or otherwise respond to the Complaint (the "**Further Responsive**

**Pleading**") within seven (7) days of the entry of such order (the "**Continued Answer Date**"), without prejudice to StakeHound's right to move for further extensions of time, and CNL's right to object to any such request. Except for the defense of insufficient service of process, all defenses and objections that StakeHound must raise under Rule 12(b) of the Federal Rules of Civil Procedure, made applicable by Rule 7012(b) of the Federal Rules of Bankruptcy Procedure, are expressly preserved, and need not be raised prior to the Continued Answer Date. The Parties shall meet and confer with respect to the scheduling of any further briefing on the Motion to Dismiss and Further Responsive Pleading, though the Further Responsive Pleading and any additional briefing need not be filed until the Continued Answer Date.

4. Until a ruling by the Court on the Motion to Compel, CNL will not, directly or indirectly, seek the entry of an order granting injunctive relief, turnover, or any other preliminary or final relief sought in the Complaint, or any other affirmative relief with respect to any claims that were raised or could have been raised in the Complaint, except as provided in Paragraph 6.

5. Upon entry of this Order, StakeHound shall provide CNL with information reasonably sufficient to allow CNL to monitor any sale or transfer of staked tokens (including ETH, DOT and MATIC) (the "**Staked Tokens**"). Between the date of the Court's entry of this Order and the date that is seven (7) calendar days following a ruling by the Court on the Motion to Compel (the "**Holding Period**"), StakeHound will not sell, transfer, or otherwise dispose of Staked Tokens except pursuant to the notice and objection procedures set forth in this Paragraph 5 (subject to the carve-outs set forth in Paragraph 6 below). In the event that StakeHound needs to sell or transfer any Staked Tokens during the Holding Period, StakeHound shall provide to CNL, by email to its undersigned counsel, five (5) calendar days' written notice of any intended sale or transfer of Staked Tokens (the "**Notice Period**"). Unless CNL objects in writing (by email to

2

StakeHound's undersigned counsel) prior to the end of the Notice Period, StakeHound may proceed with such sale or transfer. If CNL objects prior to the end of the Notice Period, then StakeHound will not proceed with the intended sale or transfer until the objection is resolved by agreement or further order of the Court.

6. Notwithstanding the foregoing, during the Holding Period, StakeHound shall have the right, without any prior notice to CNL, to sell, transfer or otherwise utilize Staked Tokens and any related rewards (the "**Rewards**", and together with the Staked Tokens, the "**Subject Property**") as follows: (i) to fund legal fees and costs incurred in respect of or in connection with ongoing or future legal proceedings, including, without limitation, this adversary proceeding, the Swiss Arbitration and the Israeli proceedings between StakeHound and Fireblocks Inc., in an amount not to exceed $825,000, and (ii) to fund costs incurred in the ordinary course of StakeHound's business in an amount not to exceed $250,000. StakeHound may also, upon prior notice to CNL (but, for the avoidance of doubt, not subject to the objection procedures described in Paragraph 5), utilize the Subject Property to fund all required administrative fees and costs (including court fees) associated with the actions described in (i) above in full, if and as they are assessed. CNL shall have the right to seek injunctive relief for any transfer in violation of this Paragraph 6, and all of StakeHound's rights, objections, and defenses to any such request for relief are preserved.

**IT IS SO ORDERED:**

Dated: [•]
New York, New York

_____
Martin Glenn
Chief United States Bankruptcy Judge