# EXHIBIT A

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>CELSIUS NETWORK LLC, *et al.*,[1]<br><br>                    Debtors. | Chapter 11<br><br>Case No. 22-10964 (MG)<br><br>Jointly Administered |
| CELSIUS NETWORK LIMITED,<br><br>                    Plaintiff<br>      v.<br><br>STAKEHOUND SA,<br><br>                    Defendant | Adversary Proceeding<br>No. 23-01138 (MG)<br><br>**STIPULATION AND**<br>**SCHEDULING ORDER** |

Celsius Network Limited ("**Celsius**" or the "**Plaintiff**") and StakeHound S.A. ("**StakeHound**" or the "**Defendant**" and together with the Plaintiff, the "**Parties**") stipulate and agree as follows (the "**Stipulation**"):

**A.**     **Pre-Answer Motion and Preliminary Injunction Motion**

1.     **Briefing Schedule**:

    a.     **Opening Briefs**: On or before August 25, 2023:[2] (i) StakeHound shall file and serve[3] a pre-answer motion pursuant to Federal Rule of Civil Procedure 12,

---

[1] The Debtors in these chapter 11 cases (the "**Chapter 11 Cases**"), along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network, Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956). The Debtors' service address in these Chapter 11 Cases is 121 River Street, PH05, Hoboken, New Jersey (07030).

[2] For the avoidance of doubt, Federal Rule of Bankruptcy Procedure 9006 shall govern the computation and extension of time in this Stipulation.

[3] Service may be made via email, which shall be deemed effective pursuant to Fed. R. Civ. P 5. A serving Party shall send hard copies of motion papers to the extent unusually voluminous and requested by the other Party.

1

made applicable to this Adversary Proceeding pursuant to Federal Rule of Bankruptcy Procedure 7012, (the "**Pre-Answer Motion**") which may include, without limitation, a request that the Court compel the parties to submit to the arbitration proceedings commenced on April 24, 2023, case no. 300641-2023 (the "**Swiss Arbitration**") and (ii) Celsius shall file a motion seeking a preliminary injunction (the "**Preliminary Injunction Motion**" and together with the Pre-Answer Motion, the "**Motions**").

      b.    **Opposition Briefs**:  On or before **fourteen (14)** days after service of the Motions:  (i) Celsius shall file and serve a response to the Pre-Answer Motion and (ii) StakeHound shall file and serve a response to the Preliminary Injunction Motion (the "**Responses**").

      c.    **Replies**:  On or before the date that is **seven (7)** days after service of the Responses:  (i) StakeHound shall file a reply in further support of the Pre-Answer Motion and (ii) Celsius shall file a reply in further support of the Preliminary Injunction Motion.

    2.    **Scheduling, Discovery and Hearing on the Motions.**  Neither Party may propound discovery on the other in connection with the Motions except by further stipulation of the parties or authorization of the Court.  If the Parties cannot reach agreement following reasonable meet and confer efforts concerning any discovery or scheduling issue, either Party may send a non-substantive email to the Court requesting a telephonic conference.  If the Court does not resolve the dispute during the telephonic conference, and if the Court desires briefing, such briefing shall comprise a simultaneous exchange of letters not to exceed three pages, within 48 hours of the conference (or earlier as may be directed by the Court).

### B. Treatment of the Subject Property During Motion Practice

3. StakeHound shall—as soon as possible but no later than **two (2) business days**—provide Celsius with all information necessary or appropriate to allow Celsius to monitor any transfer of any digital asset held by StakeHound or its officers and directors. Such information shall include, but is not limited to, the current number and on-chain location of all native ETH, MATIC and DOT tokens at least equal in number to the tokens (or their corresponding nodes) transferred by Celsius to StakeHound, plus rewards earned on those tokens (the "**Subject Property**").

4. Subject to further written agreement among the parties or further order of the Court, between the date of the Court's approval of this Stipulation and the date that is **five (5)** days following a ruling by the Court on the Motions (the "**Holding Period**"), StakeHound shall not sell, transfer or otherwise dispose of the Subject Property except pursuant to the notice and objection procedures set forth in paragraphs 5 and 6, and subject to paragraph 7.

5. In the event that StakeHound needs to sell or transfer any of the Subject Property during the Holding Period, StakeHound shall provide to Celsius, via email to Celsius' undersigned counsel, **three (3)** days' written notice (the "**Notice**") of any intended sale or transfer of the Subject Property (the "**Notice Period**") by identifying the specific property (including amount and value) that StakeHound wishes to transfer, and the purpose for the proposed transfer. StakeHound agrees promptly to provide additional information that Celsius may reasonably request concerning the nature and purpose of the proposed transfer or transfers subject to the Notice, and to make itself available to meet and confer during the Notice Period if requested.

6.  Unless Celsius objects in writing (by email to StakeHound's undersigned counsel) prior to the end of the Notice Period, StakeHound may proceed with such sale or transfer subject to any right under applicable law that Celsius has, which is expressly reserved. If Celsius objects prior to the end of the Notice Period (an "**Objection**"), then StakeHound shall not proceed with the intended sale or transfer unless and to the extent the Court directs. If an Objection is asserted and cannot be resolved following reasonable meet and confer efforts, either Party may send a non-substantive email to the Court requesting a telephonic conference. If the Court does not resolve the dispute during the telephonic conference, and if the Court desires briefing, such briefing shall comprise a simultaneous exchange of letters not to exceed three pages, within 48 hours of the conference (or earlier as may be directed by the Court).

7.  For the avoidance of doubt, nothing in this Stipulation is or shall be deemed to constitute agreement by Celsius that StakeHound can rightfully dispose of all or any of the Subject Property for any purpose. Celsius reserves all of its rights, remedies, claims and defenses in full, including but not limited to all rights in connection with or related to any transfer, exchange, sale or other disposition of any Subject Property made by StakeHound at any time, whether or not such transfer, exchange, sale or other disposition is forbidden by this Stipulation.

**C.    Status of Swiss Arbitration During Motion Practice**

8.  On August 11, 2023, the parties sent a joint letter to the sole arbitrator in the Arbitration notifying him of the pendency of this action, and requesting that he not take or require any activity in the Arbitration until further order of the Bankruptcy Court or further joint instruction of the parties. A copy of the joint letter is attached as Exhibit 1.

4

9. On August 18, 2023, the sole arbitrator emailed (the "**August 18 Email**") his acknowledgement of receipt of the joint letter and "invite[d] [StakeHound] to confirm its agreement with the contents of this letter and invite[ed] both Parties to clarify whether they request for the proceedings to be suspended and, if so, to specify until which date or which triggering event the requested suspension should be maintained." A copy of the August 18 Email is attached as Exhibit 2.

10. Without prejudice to any of Celsius' rights, remedies, claims or defenses including relating to StakeHound's commencement of the arbitration, StakeHound shall "reply all" to the August 18 Email promptly following entry of this order, attaching a fully executed copy of this stipulation, and advising in the cover email solely and exactly as follows:

> Thank you for your inquiry. StakeHound agrees with the content of the joint letter sent to you on August 11, 2023. The parties request for the proceedings to be suspended. The requested suspension should be maintained unless and until the parties provide the arbitrator with a further joint request that the arbitration be resumed. The parties will keep the Swiss Arbitration Centre copied on all future correspondence, as requested.

11. Celsius reserves all rights to seek emergency relief from this Court, including with respect to the Arbitration or for any violation of this Stipulation, and StakeHound reserves all rights, objections, and defenses to any such request for relief.

**SO STIPULATED:**

Date:
New York, New York

/s/_____
**AKIN GUMP STRAUSS HAUER & FELD LLP**
Mitchell P. Hurley

/s/_____
**LOCKE LORD LLP**
Stephanie Wickouski
Jeffrey Kramer

5

<div style="column-count:2">

Dean L. Chapman Jr.
One Bryant Park
New York, New York 10036
Telephone: (212) 872-1000
Facsimile: (212) 872-1002
mhurley@akingump.com
dchapman@akingump.com

– and –

**AKIN GUMP STRAUSS HAUER & FELD LLP**
Elizabeth D. Scott (admitted *pro hac vice*)
Nicholas R. Lombardi (admitted *pro hac vice*)
2300 N. Field Street, Suite 1800
Dallas, TX 75201
Telephone: (214) 969-2800
Facsimile: (214) 969-4343
edscott@akingump.com
nlombardi@akingump.com

*Special Litigation Counsel for Debtors and Plaintiff Celsius Network Limited*

Sean A. Feener
200 Vesey Street, 20th Floor
New York, New York 10281
Telephone: (212) 415-8600
Fax: (212) 303-2754
swickouski@lockelord.com
jkramer@lockelord.com
sean.feener@lockelord.com

– and –

**LOCKE LORD LLP**
Jonathan W. Young (admitted *pro hac vice*)
111 Huntington Avenue, 9th Floor
Boston, MA 02199-7613
Telephone: (617) 239-0367
Fax: (617) 227-4420
6onathan.young@lockelord.com

*Attorneys for StakeHound S.A.*

</div>

**IT IS SO ORDERED THIS DATE AUGUST \_\_\_\_ 2023**

_____
Martin Glenn
Chief United States Bankruptcy Judge