# EXHIBIT C

Page 1

1  UNITED STATES BANKRUPTCY COURT
2  SOUTHERN DISTRICT OF NEW YORK
3  Case No. 22-10964-mg
4  Adv. Case No. 23-01138-mg
5  - - - - - - - - - - - - - - - - - - - - - - - - - - - x
6  In the Matter of:
7
8  CELSIUS NETWORK LLC,
9
10           Debtor.
11 - - - - - - - - - - - - - - - - - - - - - - - - - - - x
12 CELSIUS NETWORK LIMITED,
13           Plaintiff,
14      v.
15 STAKEHOUND SA,
16           Defendants.
17 - - - - - - - - - - - - - - - - - - - - - - - - - - - x
18           United States Bankruptcy Court
19           One Bowling Green
20           New York, NY  10004
21
22           August 7, 2023
23           1:59 PM
24
25

Page 2

1  B E F O R E :
2  HON MARTIN GLENN
3  U.S. BANKRUPTCY JUDGE
4
5  ECRO:   KS
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

Page 3

1  HEARING re Adversary proceeding: 23-01138-mg Celsius Network
2  Limited v. StakeHound SA
3  Hybrid Hearing RE: Plaintiff Celsius Network Limiteds Motion
4  for an Order Authorizing Alternative Service on
5  Defendant StakeHound SA Pursuant to Federal Rule of Civil
6  Procedure 4(f)(3). (Doc## 9, 10, 13, 15 to 20)
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25  Transcribed by: Sonya Ledanski Hyde

```
 1   A P P E A R A N C E S :

 2

 3   AKIN GUMP STRAUSS HAUER FELD, LLP

 4        Attorneys for the Plaintiff Celsius Network Limited

 5        One Bryant Park

 6        New York, NY 10036

 7

 8   BY:  MITCHELL HURLEY

 9

10   LOCKE LORD LLP

11        Attorneys for Defendant, StakeHound SA

12        Brookfield Place, 200 Vesey Street, 20th Floor

13        New York, NY 10281

14

15   BY:  MARY STEPHANIE WICKOUSKI

16

17   ALSO PRESENT TELEPHONICALLY:

18   ANDREA AMULIC

19   DEAN CHAPMAN

20   AARON COLODNY

21   SEAN ANDREW FEENER

22   SAMUEL P. HERSHEY

23   NICHOLAS LOMBARDI

24   GREGORY F. PESCE

25   ELIZABETH SCOTT
```

Page 5

1  DAVID TURETSKY
2  KEITH WOFFORD
3  CHRISTOPHER COCO
4  THOMAS DIFIORE
5  SCOTT DUFFY
6  DREW DUFFY
7  UDAY GORREPATI
8  MIRA HAQQANI
9  TAYLOR HARRISON
10 KEITH NOYES
11 MASON PALISSERY
12 MARK ROBINSON
13 CAROLINE WARREN
14 ANDREW YOON
15 KAILA ZAHARIS
16
17
18
19
20
21
22
23
24
25

Page 20

1    There's been no showing of harm.  They are able to monitor
2    the tokens.  There's no evidence of any untoward activity
3    going on, and I'm also --
4            THE COURT:  I'm not ready to grant that relief
5    without seeing any evidentiary showing that that relief is -
6    - and you'll have an opportunity to oppose it.
7            MR. HURLEY:  Okay.
8            MS. WICKOUSKI:  And --
9            THE COURT:  That's where I think -- I mean, this
10   is what we went through with Stone and it took a -- you
11   know, it took a while to get to an agreement but they got
12   there, okay, and that's why I think you'll get to an
13   agreement.
14           MS. WICKOUSKI:  Well, and that's all I'm asking
15   for.  That's all we want.  We want our day in court.  This
16   has been completely proceeded with the testimony of counsel
17   that something bad is going on.  We completely disagree with
18   that and we want out day in court, a chance to refute those
19   arguments.
20           THE COURT:  I don't think they -- just tell you my
21   mindset.  I don't believe they've made any creditable
22   showing at this point of dissipation of assets that would
23   justify an asset freeze.  It doesn't say they can't make
24   that showing.  I'm concerned that -- I think you told me
25   they have no real ongoing business.  They've got this

```
 1   arbitration or -- is it a litigation or arbitration in
 2   Israel?
 3            MS. WICKOUSKI:  Well, it's a litigation and this
 4   is important because the litigation really seeks to
 5   preserves assets, ironically, assets that Celsius --
 6            THE COURT:  This is the Fireblocks managed to lose
 7   the --
 8            MS. WICKOUSKI:  Yes.  And so --
 9            THE COURT:  -- private key.
10            MS. WICKOUSKI:  In everybody's -- think it's in
11   both Celsius and our client's interest to make sure that
12   that litigation is preserved.  It's affirmative litigation.
13   Make sure that that goes forward and is not prejudiced in
14   any way.  And one concern that we have is that -- I mean, we
15   want to make sure that we're not disclosing to the adverse
16   party.  And I say adverse party, it's adverse both to
17   Celsius and to StakeHound that we're not disclosing our
18   litigation strategy by, you know reverse engineering they
19   can figure out by the breakdown in legal fees, the breakdown
20   in court costs, what's really going on and what we're
21   planning to do.  And I think that's very important that in
22   these talks that proceed, we do so under an NDA or some
23   assurance of confidentiality with the Debtor, but I've no
24   reason to believe that they wouldn't agree to that, but I'm
25   just saying, we have to get that in place.  And I would see
```