**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*, | Case No. 22-10964 (MG) |
| Debtors. | Jointly Administered |
| CELSIUS NETWORK LIMITED, | |
| Plaintiff | Adversary Proceeding No. 23-01138 (MG) |
| v. | |
| STAKEHOUND SA, | |
| Defendant | SCHEDULING ORDER |

This adversary proceeding was filed by Celsius Network Limited ("Celsius") on July 11, 2023 against defendant StakeHound SA ("StakeHound"). (ECF Doc. # 1.) The Complaint seeks turnover of assets and damages valued in excess of $150 million, and also seeks injunctive relief against StakeHound for commencing and continuing with a request for arbitration in Switzerland in violation of the automatic stay. Celsius moved for approval alternative service of process on StakeHound. That motion was resolved on consent when StakeHound's U.S. counsel agreed to accept service of the summons and complaint.

StakeHound asserts that Celsius' claims against StakeHound are all subject to mandatory arbitration in Switzerland. Celsius disputes whether the claims against StakeHound are arbitrable, and it asserts that even if arbitrable, commencing the arbitration post-petition violated the automatic stay. The pleadings to date support Celsius' contention that StakeHound violated the automatic stay. Contempt and sanctions are available for such a violation.

1

At the urging of the Court, the parties tried unsuccessfully to reach a stipulated scheduling order to brief the issue whether the claims are arbitrable.  They also agreed on a partial freeze of assets by StakeHound to protect Celsius' claim that StakeHound is improperly holding and refusing to return Celsius' assets.  StakeHound no longer has an operating business; Celsius contends that its assets face a risk of dissipation if no restraint on the assets is imposed, at least pending decision whether to compel arbitration.  Assuming that all disputed issues between the parties are arbitrable, a court-ordered freeze can be maintained in place until the arbitration proceeds and a request for protective measures can be determined by the arbitrator.

Negotiations of an agreed motion and briefing schedule have broken down.  StakeHound refuses to continue a negotiated freeze on assets beyond a few more days at most.  The Court will set a briefing schedule in a separate order requiring the parties to brief simultaneously three motions: (1) Celsius' motion for a preliminary injunction to prevent StakeHound from dissipating Celsius' assets pending the outcome of decisions by this Court; (2) StakeHound's motion to compel arbitration; and (3) StakeHound's motion to dismiss for lack of personal jurisdiction.

With respect to the freeze on assets, however, while the Complaint contains extensive allegations which if supported by competent evidence would support a freeze imposed by a TRO pending a preliminary injunction hearing, the allegations in the Complaint are not evidence and that is also true of the arguments made in connection with other motions in this matter.  While the Debtor included a declaration of Mitchell P. Hurley (the "Hurley Declaration," ECF Doc. # 10) in support of its motion to proceed with alternative service, which includes some evidence that goes to the propriety of a TRO, the Court does not have sufficient evidence before it to grant a TRO at this time.  If the parties are unable to resolve the freeze issue until a preliminary

2

injunction motion can be heard, Celsius may file and serve a TRO application (including all supporting papers) on or before 3:00 pm, Wednesday, August 23, 2023.  If the application is timely filed, the Court will hold a TRO hearing using Zoom for Government at 5:00 pm, Thursday, August 24, 2023.  Counsel shall promptly notify the Court if it is unnecessary to hold the TRO hearing.[i]

A separate order will be entered setting a briefing and hearing schedule.

**IT IS SO ORDERED.**

Dated:  August 22, 2023
         New York, New York

                                                   **/s/ Martin Glenn**
                                                  MARTIN GLENN
                                         Chief United States Bankruptcy Judge

---

[i] The Court shall provide a Zoom link to those persons who have made an eCourtAppearance by 4 PM the business day before the hearing.  Any party appearing at, listening to, or observing the Hearing, must make an electronic appearance, an eCourtAppearance, by using the eCourtAppearance portal located on the Court's website, http://www.nysb.uscourts.gov/ecourt-appearances or by clicking the "eCourtAppearances" tab on Judge Glenn's page of the Court's website at, https://www.nysb.uscourts.gov/content/chief-judge-martin-glenn. Appearances must be entered on or before 4:00 p.m. prevailing Eastern Time on August 23, 2023. After the deadline to make appearances passes, the Court will send Outlook invitations to those persons who made eCourtAppearances, using the email addresses submitted with those appearances.