

```
                                                                  Page 1

 1   UNITED STATES BANKRUPTCY COURT
 2   SOUTHERN DISTRICT OF NEW YORK
 3   Case No. 22-10964-mg
 4   - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
 5   In the Matter of:
 6
 7   CELSIUS NETWORK LLC,
 8
 9           Debtor.
10   - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
11   Adv. Case No. 23-01138-mg
12   - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
13   CELSIUS NETWORK LIMITED,
14                   Plaintiff,
15           v.
16   STAKEHOUND SA,
17
18                   Defendant.
19   - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
20                   United States Bankruptcy Court
21                   One Bowling Green
22                   New York, NY  10004
23
24                   August 8, 2023
25                   3:08 PM
```

Page 2

1  B E F O R E :

2  HON MARTIN GLENN

3  U.S. BANKRUPTCY JUDGE

4

5  ECRO:  KS

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1  Adversary proceeding: 23-01138-mg Celsius Network Limited v.
2  StakeHound SA Hybrid Hearing RE: Plaintiff Celsius Network
3  Limiteds Motion for an Order Authorizing Alternative Service
4  on Defendant StakeHound SA Pursuant to Federal Rule of Civil
5  Procedure 4(f)(3). (Doc## 9, 10, 13, 15 to 21)
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25  Transcribed by: Sonya Ledanski Hyde

1  A P P E A R A N C E S :

2

3  WHITE CASE LLP

4     Attorneys for the Official Committee of Unsecured

5     Creditors

6     1221 Avenue of the Americas

7     New York, NY 10036

8

9  BY:  ANDREA AMULIC

10       SAMUEL P. HERSHEY

11       DAVID TURETSKY

12       KEITH WOFFORD

13

14  WHITE CASE LLP

15     Attorneys for the Official Committee of Unsecured

16     Creditors

17     555 South Flower Street, Suite 2700

18     Los Angeles, CA 90071

19

20  BY:  AARON COLODNY

21

22

23

24

25

```
 1  WHITE CASE LLP
 2       Attorneys for the Official Committee of Unsecured
 3       Creditors
 4       111 South Wacker Drive, Suite 5100
 5       Chicago, IL 60606
 6
 7  BY:  GREGORY F. PESCE
 8
 9  LOCKE LORD LLP
10       Attorneys for StakeHound SA
11       Brookfield Place
12       200 Vesey Street, 20th Floor
13       New York, NY 10281
14
15  BY:  SEAN FEENER
16       MARY S. WICKOUSKI
17
18  AKIN GUMP STRAUSS HAUER FELD, LLP
19       Attorneys for the Debtor
20       One Bryant Park
21       New York, NY 10036
22
23  BY:  DEAN CHAPMAN
24       MICHELL HURLEY
25
```

1

2                P R O C E E D I N G S

3            CLERK:  Starting the record for August 8, 2023,

4   the 3:00 hearing in Celsius Network Limited v. StakeHound

5   SA, Case No. 23-01138.  If we have any counsel that's

6   speaking on the record, please unmute your line and state

7   your name for the record.  All right.  Any counsel so far

8   that's speaking this afternoon?

9            Good afternoon, everyone.  If we could get

10  plaintiff's counsel to unmute and give their appearances

11  please.

12           MR. HURLEY:  Certainly.  Mitch Hurley with Akin

13  Gump Strauss Hauer & Feld, special litigation counsel to the

14  Celsius debtors in the Celsius v. StakeHound adversary

15  proceeding.

16           CLERK:  All right, thank you.  Anyone else?

17           MR. CHAPMAN:  Yeah.  Dean Chapman from Akin Gump

18  for Celsius as well.

19           CLERK:  Thank you.  Defendant's counsel, if you

20  could unmute and give your appearance.

21           MS. WICKOUSKI:  Good afternoon.  Stephanie

22  Wickouski from Locke Lord on behalf of the defendant.

23           CLERK:  Okay, thank you.  Do we have creditors'

24  committee counsel?  Anyone from the creditors' committee

25  going to be speaking this afternoon?  All right.

1                I called the case and took appearances.

2                THE COURT:  All right.  Okay, good afternoon.  I'm

3     sorry for the delay.  I'm not doing this from chambers and I

4     had some technological problems.

5                Mr. Hurley, you want to begin?

6                MR. HURLEY:  Sure.  Mitchel Hurley with Akin for

7     Celsius.  Thanks for giving us the time today, Your Honor.

8                The parties have, fortunately, been able to work

9     out an agreement on the point that we were stuck on at the

10    end of the hearing yesterday.  And I'm happy to just read

11    onto the record, Ms. Wickouski, you know, exactly what we

12    agreed in our email.

13               MS. WICKOUSKI:  Okay.

14               MR. HURLEY:  Okay.

15               THE COURT:  That would be good.

16               MR. HURLEY:  So the agreement is as follows:

17               One, StakeHound will agree not to sell or transfer

18    tokens, including ETH, DOT, and MADIC, and associated

19    rewards that are the subject of this litigation -- that

20    property is defined as the subject property -- for seven

21    days, subject to the notice and objection procedures that I

22    will describe in a moment.  This period is subject to

23    extension only (i) by agreement of the parties or (ii)

24    further order of the Court.  In the event StakeHound needs

25    to sell or transfer any of the subject property, StakeHound

1   would provide three days' notice to Celsius; an email will

2   suffice for that notice.

3           Upon objection from Celsius during the notice

4   period, an email will suffice for the objection, the parties

5   would negotiate in good faith to resolve the objection.  If

6   a resolution is reached by the close of the notice period,

7   StakeHound may proceed consistent with such resolution.  If

8   no resolution is reached during the notice period, the

9   parties agree to a hearing before the Court on shortened

10  notice to resolve the objection.

11          I just want to put this on the record, too.

12  StakeHound will agree to the above conditions solely to

13  facilitate further negotiations among the parties with

14  respect to a case management and scheduling order, and its

15  agreement shall not prejudice StakeHound's position in such

16  discussions in any way.  I'll add it's not intended to

17  prejudice Celsius' positions in any way either.

18          StakeHound's agreement in the above term shall be

19  subject to a full reservation of rights regarding

20  StakeHound's jurisdiction and other defenses and a full

21  reservation of Celsius' rights in the same regard.

22          And that is the agreement.  Maybe I'll just give

23  Miss Wickouski a second to make sure she can confirm that

24  I've read it correctly and appropriately.

25          MS. WICKOUSKI:  Thank you.  For the record,

1    Stephanie Wickouski from the Locke Lord on behalf of
2    StakeHound.  Yes, Mr. Hurley has accurately reflected our
3    agreement on the record.
4              I do want to note that this is intended for the
5    short term to allow us the opportunity to negotiate a case
6    management and proposed scheduling order.  It is, as is
7    obviously, it's broader than what we had proposed order and
8    it has no carveouts.
9              So we're willing to agree to this in the short
10   term, but noting with the caveat that we expect we will
11   require some carveouts and some modification of this for a
12   longer term phrase that we expect to negotiate as part and
13   parcel of the case management and scheduling process.
14             THE COURT:  Okay.  Do you have any comment on
15   that, Mr. Hurley?
16             MR. HURLEY:  Only, Your Honor, that Celsius
17   doesn't intend or has never been of the view that by
18   reaching this interim agreement that it is going to in any
19   way predetermine what the later agreement will look like and
20   we just all reserve our rights.
21             THE COURT:  Okay, that's fine.
22             MS. WICKOUSKI:  Thank you.
23             THE COURT:  You know, whether it gives you any
24   comfort or not, Miss Wickouski, I had described the Stone
25   matter -- it actually went through several iterations -- and

1  they were successful at working out the arrangement, so I'm
2  hopeful that you'll be able to do that as well.  But if
3  necessary, I will, you know, try and hear you on shortened
4  notice and deal with it as necessary.
5         What I would ask you to do is if you could put
6  this in the form, what you've read on the record, put it on
7  a form of stipulation and file it on the transcript.  It
8  won't need to be -- I'm agreeing to what you've read, so
9  that in effect is so ordered, so it won't need a signature
10 line for me, but just so we have something on the docket
11 itself that any party in interest can see.  Okay?
12         MR. HURLEY:  We'll do that, Your Honor.
13         THE COURT:  All right.  And, you know, I assume it
14 may take you to Thursday to get that done or something like
15 that.  This agreement is operative.  And, look, I hope you
16 can work your way through any other remaining issues and get
17 this done.  Okay?
18         MR. HURLEY:  Understood.
19         THE COURT:  I appreciate the effort that you both
20 put in to getting us to this point.  Okay?
21         MR. HURLEY:  Thank you, Your Honor.
22         THE COURT:  All right.  Let me just ask, have you
23 discussed -- you know, obviously, StakeHound wants to
24 proceed with a motion to compel arbitration.  You may or may
25 not have other requests for relief that you're going to

1   seek.  So I assume you'll set out all of what you're

2   proposing in a pretrial order and we can see where we go

3   from there with it, okay?

4            One other question.  Excuse me for being a little

5   disjointed.  Have you agreed on a letter to the arbitrator

6   or the Arbitration Center?

7            MR. HURLEY:  We have not yet, Your Honor.  We've

8   been focused on getting this agreement in place, but that's

9   something that I was hoping to turn to with Miss Wickouski

10  right away.

11           MS. WICKOUSKI:  Your Honor, we have spoken to -- I

12  did speak to the Swiss counsel this morning, and I suggested

13  -- and I explained to him the parameters of what the letter

14  would provide.  I've asked him to take a first crack at

15  drafting it.  He explained to me that the reservations of

16  rights that Mr. Hurley described yesterday were entirely

17  customary and built into their process, but he would expect

18  to address that as well.  And then we could provide a draft

19  and get that worked out between us.

20           THE COURT:  Okay.  Is the Arbitration Center is

21  Zurich or Geneva or some other city?

22           MR. HURLEY:  Geneva.

23           THE COURT:  Geneva, okay.

24           MR. HURLEY:  And just one note on that, Your

25  Honor.  We did receive a communication, our first

Page 12

1   communication from the sole arbitrator yesterday.  I think

2   it was actually about a half an hour before our hearing

3   started, but I didn't see it, I assume Miss Wickouski didn't

4   either before the hearing, and it actually asks for a

5   response on some procedural matters by the 11th.

6            So my hope is that we'll be able to iron this out

7   and send that in in advance of the 11th; that's what we're

8   looking to do.  And obviously, if there's some reason we

9   can't come to agreement -- I hope it won't be necessary and

10  I don't think it will -- but we may have to contact the

11  Court on that front, but again, I think it's very unlikely

12  that we'll have to.  We'll reach agreement on the

13  submission.

14           THE COURT:  Okay.

15           MS. WICKOUSKI:  And it was my understanding from

16  the Swiss counsel for StakeHound, and I don't know how they

17  knew this, but they told me that -- and perhaps it was an

18  informal communication from the arbitrator, I'm not sure --

19  but that the arbitrator was aware, had been put on notice of

20  the New York proceedings and that it would be contemplated

21  that the arbitration would be on hold for some period of

22  time pending the proceedings in New York, so he's expecting

23  to get a letter on this effect.

24           THE COURT:  That's fine.  All right, I appreciate

25  it.  Anything else either of you want to add at this point?

1    MR. HURLEY: Not for Celsius, Your Honor.

2    MS. WICKOUSKI: No, Your Honor. Thank you.

3    THE COURT: Okay, we're adjourned. Thank you for

4  the update.

5    (Whereupon these proceedings were concluded at

6  3:16 PM)

```
 1                   C E R T I F I C A T I O N
 2
 3        I, Sonya Ledanski Hyde, certified that the foregoing
 4   transcript is a true and accurate record of the proceedings.
 5
 6   [Signature: Sonya M. Ledanski Hyde]
 7
 8   Sonya Ledanski Hyde
 9
...
20   Veritext Legal Solutions
21   330 Old Country Road
22   Suite 300
23   Mineola, NY 11501
24
25   Date:  August 22, 2023
```