**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>CELSIUS NETWORK LLC, *et al.*,[1]<br><br>                          Debtors. | Chapter 11<br><br>Case No. 22-10964 (MG)<br><br>Jointly Administered |
| CELSIUS NETWORK LIMITED,<br><br>                          Plaintiff,<br><br>          v.<br><br>STAKEHOUND SA,<br><br>                          Defendant. | Adversary Proceeding<br>No. 23-01138 (MG) |

**DECLARATION OF MITCHELL P. HURLEY IN SUPPORT OF**
**PLAINTIFF CELSIUS NETWORK LIMITED'S MOTION FOR A TEMPORARY**
**RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

1.        I am a partner with the law firm of Akin Gump Strauss Hauer & Feld LLP ("Akin"),

special litigation counsel for Plaintiff Celsius Network Limited ("Plaintiff" or "Celsius") in the

above-captioned adversary proceeding (the "Adversary Proceeding").  I am admitted to practice

before this Court.

2.        I submit this declaration (the "Declaration") pursuant to Rule 9077-1(a) of the

Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New

York in support of Celsius' motion for a temporary restraining order and preliminary injunction

against Defendant StakeHound SA ("StakeHound") pursuant to Federal Rule of Bankruptcy

---

[1] The Debtors in these chapter 11 cases (the "Chapter 11 Cases"), along with the last four digits of each Debtor's federal tax identification number, are:  Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450). The Debtors' service address in these Chapter 11 Cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

Procedure 7065 and Federal Rule of Civil Procedure 65 (the "Motion") filed contemporaneously herewith. Except as otherwise indicated, all facts set forth herein are based on my personal knowledge and documents and information available to me as special litigation counsel to the Debtors and Celsius. No previous application for similar relief has been made.

3.      Attached hereto as Exhibit A is a true and correct copy of the April 24, 2023 Arbitration Demand from the Swiss Arbitration Centre.

4.      Attached hereto as Exhibit B is a true and correct copy of an email sent on October 24, 2022 from ron.sabo@celsius.network, the email address of former Celsius executive Ron Sabo, to albert@stakehound.com, the email address for Albert Castellano, CEO and co-founder of StakeHound, attaching a letter dated October 23, 2022 to StakeHound from Celsius' CEO Chris Ferraro.

5.      Attached hereto as Exhibit C is a true and correct copy of a November 16, 2022 email from acarter-silk@keystonelaw.co.uk, the email address of StakeHound's U.K. counsel, Alexander Carter-Silk, to chris.ferraro@celsius.network, the email address of Chris Ferraro, Celsius' CEO, attaching a letter dated November 15, 2022 responding to the letter Mr. Sabo emailed to Mr. Castellano on October 24, 2022.

6.      Attached hereto as Exhibit D is a true and correct copy of an April 10, 2023 email from Celsius' counsel to the email address of Mr. Carter-Silk attaching a letter of the same date.

7.      Attached hereto as Exhibit E is a true and correct copy of an April 11, 2023 email sent from Mr. Carter-Silk's email address to mhurley@akingump.com (my email address), attaching a letter of the same date responding to my April 10, 2023 email and letter.

8.      Attached hereto as Exhibit F is a true and correct copy of an April 17, 2023 email from Celsius' counsel to Mr. Carter-Silk's email address attaching a letter of the same date responding to Mr. Carter-Silk's April 11, 2023 email and letter.

9.      Attached hereto as Exhibit G is a true and correct copy of an April 19, 2023 email to my email address from Mr. Carter-Silk's email address.

10.      Attached hereto as Exhibit H is a true and correct copy of a May 1, 2023 email from Celsius' counsel to StakeHound's Swiss counsel at Stefan.Leimgruber@swlegal.ch, Benjamin.Gottlieb@swlegal.ch, Nadine.Wipf@swlegal.ch, attaching a letter of the same date, demanding withdrawal of the purported Notice of Arbitration as a violation of the automatic stay, and inviting a mutual standstill and negotiation period.

11.      Attached hereto as Exhibit I is a true and correct copy of a May 25, 2023 letter from Celsius to StakeHound, noting that Celsius would tender its stTokens and demanding the transfer of all Celsius' native MATIC tokens and all Rewards, net Rewards and revenue share, and all Celsius' native DOT tokens and all Rewards, net Rewards and revenue share.

12.      Attached hereto as Exhibit J is a true and correct copy of a July 5, 2023 email from my email address to swickouski@lockelord.com, the email address for StakeHound's U.S. counsel, Stephanie Wickouski, a bankruptcy partner in the New York office of the Locke Lord firm.

13.      Attached hereto as Exhibit K is a true and correct copy of a July 12, 2023 email from my email address to Ms. Wickouski's email address attaching a copy of the as-filed version of the complaint.

14.      Attached hereto as Exhibit L is a true and correct copy of an August 11, 2023 letter jointly sent by the parties to the Sole Arbitrator, Raëd Fathallah, asking the Sole Arbitrator not to

engage in or require from the parties any further activity in the arbitration pending further notice from the parties.

15.     Attached here to as Exhibit M is a true and correct copy of StakeHound's Letter to Judge Glenn Regarding Submission of Proposed Orders Regarding Case Management and Scheduling [ECF No. 26], and Proposed Order [ECF No. 26-1], as filed on August 18, 2023.

16.     Attached here to as Exhibit N is a timeline of relevant correspondence establishing that StakeHound failed to engage in good faith negotiations concerning a proposed schedule and related discovery issues, and violated Rules 26 & 37 of the Federal Rules of Civil Procedure, and a corresponding email chain reflecting the events in the timeline.

17.     On or about August 1, 2023, StakeHound, through its counsel, proposed during a telephone call that StakeHound would agree to freeze the assets at issue provided that Celsius agree to a $5 million carve-out, under which StakeHound could use Celsius' assets for any purpose whatsoever over a 90-day period, not only for legal fees.  In addition, StakeHound proposed a notice and objection process in the event StakeHound intended to use more than $5 million of the subject assets during the 90 period for briefing that was then under discussion.

18.     In or around early August, 2023, during a telephone call, StakeHound, through its counsel, indicated that near-term administrative costs for StakeHound's litigation against Fireblocks in the Israeli litigation alone could be $2 million or more. During the call, StakeHound was unable to supply an explanation of precisely what the purported administrative costs would be for, or why they might be so substantial.  Counsel indicated her belief that the payment was something like a bond, but did not have more details.   StakeHound has not mentioned the Israeli administrative fee to Akin again, or provided any further detail, since that call in early August.

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct.

Dated:  August 23, 2023

_/s/ Mitchell P. Hurley_
Mitchell P. Hurley
