# Exhibit D

# Stanley, Michael

| | |
|---|---|
| **From:** | Stanley, Michael |
| **Sent:** | Monday, April 10, 2023 6:39 PM |
| **To:** | acarter-silk@keystonelaw.co.uk |
| **Cc:** | Hurley, Mitchell; Chapman, Dean |
| **Subject:** | Celsius Network Limited et al. v. Jason Stone et al., Adversary Proceeding Number 22-001139 (MG) |
| **Attachments:** | Letter from M. Hurley to StakeHound.pdf |

Dear Mr. Carter-Silk,

Please see the attached letter for your immediate attention.

Thank you,
Michael

**Michael Stanley**
**Akin**

2300 N. Field Street | Suite 1800 | Dallas, TX 75201 | USA | Direct: +1 214.969.4752 | Internal: 14752
Fax: +1 214.969.4343 | mstanley@akingump.com | akingump.com | Bio
Pronouns: he/him/his (What's this?)

1



**MITCHELL P. HURLEY**
+1 212.872.1011/fax: +1 212.872.1002
mhurley@akingump.com

April 10, 2023

Alexander Carter-Silk
Keystone Law
48 Chancery Lane
London WC2A 1JF
United Kingdom

Re: *Celsius Network Limited et al. v. Jason Stone et al.*, Adversary Proceeding Number 22-001139 (MG)

Dear Mr. Alexander Carter-Silk:

We represent Celsius Network Limited ("Celsius") in connection with the above-referenced adversary proceeding against Jason Stone and his closely held company KeyFi, Inc. (collectively, the "Defendants").

As recently announced, the Shanghai upgrade is scheduled to occur on April 12, 2023. We therefore write further to Celsius' letter to StakeHound dated October 23, 2022 concerning the Staked ETH and any awards and/or fees accruing on the Staked ETH (collectively, the "Assets").[1]  In its November 15, 2022 response to Celsius' letter, StakeHound appears to have willfully misconstrued Celsius' letter warning that StakeHound guard against any interference with the Assets by the Defendants.  To be clear: Celsius has not "failed to protect the private keys," nor has Mr. Stone "lost" the keys as you claim.  Rather, the transfers relating to the Staked ETH were carried out by Stone while he still was associated with Celsius.  Only later did Celsius discover Stone's misconduct and sue him in United States Bankruptcy Court.

Moreover, upon filing its lawsuit, Celsius took appropriate actions—including moving for provisional relief and obtaining a temporary restraining order—in an effort to prevent Stone from interfering with or otherwise exercising control over the Assets.  In connection with the motion, Stone provided a sworn affidavit representing that after deploying the Staked ETH he deleted the private keys necessary to withdraw the Assets, and that neither he, nor anyone associated with KeyFi, Inc., had access to those private keys.  Nevertheless, StakeHound should remain vigilant against any interference with the tens of millions of dollars' worth of Staked ETH and rewards at issue, including because the possibility of a misrepresentation by Stone

---

[1] Capitalized terms used but not defined have the meaning ascribed to them in Celsius' October 23, 2022 letter.



Alexander Carter-Silk
April 10, 2023
Page 2

cannot be ruled out.  Thus, Celsius again urges StakeHound to take all actions necessary or appropriate to ensure that StakeHound safeguards the Assets from any theft or interference by Stone or his affiliates, including, as appropriate, by transferring the Assets to an address inaccessible by Stone immediately upon unlocking.

      We turn now to StakeHound's obligation to transfer the Assets to Celsius after they are unlocked.  You acknowledge in your November 15 letter that Celsius is entitled to exchange its stETH for the Assets "after this is successfully transferred by [StakeHound] from the locked node to its own custodial Wallet."  You appear to suggest, however, that Celsius' rights to retrieve its Assets somehow may be affected by the outcome of a dispute in which we understand StakeHound currently is engaged with Fireblocks concerning which of the two entities (StakeHound or Fireblocks) is responsible for losing private keys associated with other ETH deposits.  In reality, StakeHound's dispute with Fireblocks in no way limits or otherwise modifies StakeHound's obligations to Celsius.  Any failure by StakeHound to immediately turnover to Celsius the Assets after they are unlocked would constitute a grave breach of StakeHound's duties, give rise to substantial liability under the bankruptcy code and otherwise, and result in irreparable harm to Celsius.

      We demand that StakeHound, by 12:00 p.m. Eastern Time on Tuesday, April 11, 2023, confirm in writing and without equivocation, that StakeHound will (i) immediately upon its unlocking, transfer the Assets to a new wallet and (ii) thereafter, without excuse or delay, transfer the Assets to Celsius in exchange for the stETH previously provided by StakeHound to Celsius.  If you have any questions in the meantime, please feel free to contact the undersigned.  Nothing herein constitutes a waiver or relinquishment of any of Celsius' rights, remedies, claims or objections, all of which expressly are reserved.

                                           Sincerely,

                                           Mitchell P. Hurley