# Exhibit F

# Stanley, Michael

| | |
|---|---|
| **From:** | Stanley, Michael |
| **Sent:** | Monday, April 17, 2023 4:11 PM |
| **To:** | acarter-silk@keystonelaw.co.uk |
| **Cc:** | Hurley, Mitchell; Chapman, Dean |
| **Subject:** | RE: Celsius Network Limited et al. v. Jason Stone et al., Adversary Proceeding Number 22-001139 (MG) |
| **Attachments:** | Letter from M. Hurley (4.17.23).pdf |

Mr. Carter-Silk,

Please see the attached letter.

Best,
Michael

**Michael Stanley**
**Akin**

Direct: +1 214.969.4752 | Internal: 14752
Mobile: +1 903.278.8120
Pronouns: he/him/his (What's this?)

**REDACTED**

Akin Gump Strauss Hauer & Feld LLP  
One Bryant Park  
Bank of America Tower  
New York, NY 10036

T   +1 212.872.1000  
F   +1 212.872.1002  
akingump.com



**Mitchell P. Hurley**  
+1 212.872.1011/fax: +1 212.872.1002  
mhurley@akingump.com

April 17, 2023

VIA E-MAIL (acarter-silk@keystonelaw.co.uk)

Alexander Carter-Silk  
Keystone Law  
48 Chancery Lane  
London WC2A 1JF  
United Kingdom

  Re: *Celsius Network Limited et al. v. Jason Stone et al.*, Adversary Proceeding Number 22-001139 (MG)

Dear Mr. Carter-Silk:

  We write in response to your April 11, 2023 letter.

  As a preliminary matter, and as we previously have explained, Celsius has not "lost control" of the "keys, credentials or information" relating to the Assets, as you again suggest. We understand from your letter that the credentials necessary to withdraw the Assets, which Celsius previously provided to Stakehound, remain with Stakehound.[1] We further understand that Stakehound has taken all necessary and appropriate steps to ensure that the Assets will be withdrawn immediately upon the unlocking event, and then transferred "to a new wallet setup on its appointed custodian" as provided in Section 1.5 of the January 20, 2021 staking agreement (the "New Wallet"). If our understanding is in any way mistaken, please advise us right away. Please also immediately identify the precise amount of the Assets, including any accrued rewards and interest, the public key for the New Wallet, all transaction hashes associated with the Asset transfer or transfers, and any other information necessary for Celsius to confirm that the Assets are secure and available for distribution in accordance with its instructions (collectively, the "Transaction Information").

  Your April 11 letter contains numerous claims and characterizations with which Celsius disagrees, but we will not address them all here. Critically, your assertions concerning Stakehound's dispute with Fireblocks and its supposed impact on Celsius' rights is mistaken. Stakehound is required to turn *all* of the Assets over to Celsius in exchange for a corresponding number of stETH, and Celsius, and its creditors, will suffer irreparable injury if Stakehound fails to honor that obligation. Nevertheless, in an effort to avoid costly and time consuming litigation, Celsius is prepared to forbear from seeking immediate provisional relief regarding the Assets and instead seek to negotiate a resolution with

---

[1] Capitalized terms used but not defined have the meaning ascribed to them in Celsius' October 23, 2022 letter or Celsius' April 10, 2023 letter.

23-01138-mg    Doc 35-6    Filed 08/23/23    Entered 08/23/23 16:17:47    Exhibit F    Pg 4 of 4



Alexander Carter-Silk
April 17, 2023
Page 2

Stakehound, provided that Stakehound immediately (i) provides the Transaction Information and (ii) agrees to maintain the Assets in the New Wallet until such time as Celsius consents to, or an order from a court of competent jurisdiction is entered specifically permitting, a further transfer or disposition of the Assets.

      We look forward to your prompt reply.  Nothing herein constitutes a waiver or relinquishment of any of Celsius' rights, remedies, claims or defenses, all of which expressly are reserved.

      Sincerely,

*/s/ Mitchell P. Hurley*
Mitchell P. Hurley