# Exhibit M



Brookfield Place, 200 Vesey Street
20th Floor
New York, NY 10281-2101
Telephone: 212-415-8600
Fax: 212-303-2754
www.lockelord.com

Stephanie Wickouski
Direct Telephone: 212-912-2822
Direct Fax: 212-812-8366
swickouski@lockelord.com

August 18, 2023

**VIA EMAIL AND ECF**

*mg.chambers@nysb.uscourts.gov*

Honorable Martin Glenn
Chief United States Bankruptcy Judge
One Bowling Green
New York, New York 10004-1408

      Re:    *In re Celsius Network LLC, et al. (Case No. 22-10964 (MG))*
             *Celsius Network Limited v. StakeHound SA (Adversary No. 23-01138 (MG))*
             (the "Adversary Proceeding")

             *Submission of Proposed Orders Regarding Case Management and Scheduling*

Dear Judge Glenn:

      We represent StakeHound S.A. ("StakeHound"), the defendant in the above-referenced Adversary Proceeding. At the hearings on August 2, 2023 and August 7, 2023,[1] the Court indicated that the question of arbitrability was a threshold issue, and that a Motion to Compel Arbitration should be filed and briefed on an expedited basis. We write to provide an update on our efforts to negotiate a scheduling order and standstill agreement—consistent with the Court's comments and instructions—in order to put before the Court the question of whether the Plaintiff should be required to submit the underlying claims and disputes in the Adversary Proceeding to Swiss arbitration for resolution.

      The Court urged the parties to confer on the following matters that would permit a threshold determination of the Motion to Compel: (a) a joint letter to the arbitrator in the currently-pending Swiss arbitration proceeding requesting a delay in moving forward with the arbitration; (b) a proposed scheduling order governing briefing on the motion to compel; and (c) a proposed standstill agreement that would maintain the *status quo* with respect to disputed assets while the parties brief and argue the Motion to Compel.

---

[1] StakeHound repeats that by negotiating scheduling and case management issues or submitting this letter, it has not waived, and expressly preserves, all its rights, claims, defenses, positions and arguments, including without limitation that the Court does not have personal jurisdiction over StakeHound.

Chief U.S. Bankruptcy Judge Martin Glenn
August 18, 2023
Page 2

As to (a), StakeHound promptly satisfied this condition stated by the Court, even though agreement has not yet been reached on the other issues. On Friday, August 11, 2023, the Plaintiff and StakeHound submitted a joint letter to the Swiss arbitrator informing him of these proceedings, and requesting a stay of further activity in the Swiss arbitration pending further order of the Bankruptcy Court or joint instruction of the parties (not to be unreasonably withheld by either). StakeHound's joinder in the letter was based upon the Court's statements on the record that this would be a condition of the Court's approval of any broader agreement with respect to the briefing of the key threshold issue of arbitrability in this adversary proceeding.[2]

As to (b) and (c), also on August 11, StakeHound provided the Plaintiff with a draft stipulation proposing a briefing schedule on the Motion to Compel[3] and the terms under which StakeHound would agree to hold its staked tokens and related rewards pending the Court's ruling. As to the latter point, these conditions were tailored to provide StakeHound with the working capital necessary to meet the ongoing operations of its business and to fund legal expenses related to this proceeding and its ongoing litigation against Fireblocks, Inc. for the two-to-three-week period during which it understood this Court would expedite briefing and ruling on the Motion to Compel, *plus* a tail period to allow the Plaintiff to make an appropriate motion in the event the Motion to Compel is denied, including a motion for injunctive relief.[4] Notwithstanding the Plaintiff's failure to provide any evidence that any dissipation is imminent, StakeHound was nevertheless responsive to the Court's stated concern that such assets are preserved while the Motion to Compel is heard and decided.[5]

Notwithstanding the Court's clear directions on the record, the Plaintiff's response, sent on August 14, 2023, and subsequent communications between counsel, evinced a view of the

---

[2] *See* Aug. 2 H'rg Tr., 8:18–25 ("I wrote a note to myself that I think that one of the conditions would have to be a joint letter from the two of you to the arbitrator or the arbitration center indicating that -- requesting a delay in moving forward with the arbitration and indicating that a proceeding is ongoing in the bankruptcy court in the Southern District and indicated that it would be -- the parties expect that it will be handled expeditiously.").

[3] StakeHound's proposal also included filing a motion to dismiss for lack of personal jurisdiction, solely for the purpose of preserving such defense—a precautionary measure taken in each of the papers filed in this proceeding thus far. In the event of a favorable ruling for StakeHound on the Motion to Compel, its proposal would have the motion to dismiss held in abeyance pending further order of the Court.

[4] Mr. Hurley expressed on the record at the August 2 hearing that Plaintiff would "propose that other issues be briefed at the same time, so that Your Honor would be in a position potentially to make a decision on some of the issues touched on [at the hearing]," including restrictions on dissipation and the ongoing pendency of the Swiss arbitration. *See* Aug. 2 H'rg Tr., 47:22–48:1.

[5] *See* Aug. 2 H'rg Tr., 34:2–9 (citing *MF Global*, 571 B.R. 80 (Bankr. S.D.N.Y. 2017)) ("It may ultimately be arbitrable. That can only be -- I can only determine that if this case goes forward. Okay. I do distinguish between the arbitration and the claims for turnover, et cetera. Okay. I do think that an agreement from your client to freeze the assets until all this gets resolved is important. But you know, it may well be that it is an arbitrable dispute."); Aug. 2 H'rg Tr., 39:23–40:4 ("[A]nd StakeHound would agree, pending the outcome of a motion to compel arbitration, it will freeze the assets in place. You can put words into it. I'm not -- I'm using that generically. With Mr. Stone, you know it's a more complicated negotiation as to what he wouldn't do with assets in the meantime. But you'd get that resolved fairly quickly.").

Chief U.S. Bankruptcy Judge Martin Glenn
August 18, 2023
Page 3

initial briefing process in this proceeding that is radically different from StakeHound's understanding of the Court's direction on the record. We believe that briefing on injunctive relief at this stage would compound the jurisdictional and procedural issues present in this adversary proceeding by potentially requiring some consideration of the merits when this Court has yet to decide whether the Adversary Proceeding should be referred to arbitration, or whether personal jurisdiction is present. Further, StakeHound cannot agree to draconian restrictions on the use of assets that choke off its ability to fund its ongoing business expenses and prevent it from mounting a full and fair defense in this adversary proceeding.

Notwithstanding this impasse, StakeHound nevertheless agreed unilaterally to extend the terms of the stipulated asset hold entered by the parties on Tuesday, August 8, to allow discussions to continue. While the parties met on August 16, 2023 and engaged in further communications on August 17, 2023, to discuss their respective proposals, it has become abundantly clear that the parties' views are just too far apart. StakeHound has worked in good faith to formulate a proposal that responds to the Court's express direction to put first things first, yet it has become clear that further negotiation will not serve to bridge the gap between the parties.

Accordingly, StakeHound requests that the parties be permitted to submit competing proposed orders to be considered by the Court on an expedited basis and to submit objections, within one business day, to the other side's proposed order. Should the Court determine to implement this procedure, StakeHound's proposed order is attached hereto as Exhibit A. To facilitate the Court's deliberation and to minimize any concern about an intervening change in the *status quo*, StakeHound will extend the stipulation entered by the parties at ECF No. 25 until such time as the Court may enter an order in accordance with the procedure outlined here. We hope that these actions will address the Court's stated concerns and provide Your Honor sufficient time to decide these critical case management and sequencing issues. StakeHound is prepared to participate in a further status conference before the Court should the Court deem it appropriate.

We appreciate the Court's consideration.

Respectfully,

*/s/ Stephanie Wickouski*

Stephanie Wickouski

cc: Mitchell Hurley (VIA E-MAIL)(MHURLEY@AKINGUMP.COM)
     Jonathan W. Young (VIA E-MAIL)(JONATHAN.YOUNG@LOCKELORD.COM)
     Jeff Kramer (VIA E-MAIL)(JKRAMER@LOCKELORD.COM)
     Sean Feener (VIA E-MAIL)(SEAN.FEENER@LOCKELORD.COM)

EXHIBIT A

**LOCKE LORD LLP**
Stephanie Wickouski
Jeffrey Kramer
Sean A. Feener
200 Vesey Street, 20th Floor
New York, New York 10281
Tel: (212) 415-8600
Fax: (212) 303-2754
swickouski@lockelord.com
jkramer@lockelord.com
sean.feener@lockelord.com

Jonathan W. Young (admitted *pro hac vice*)
111 Huntington Avenue, 9th Floor
Boston, MA 02199-7613
Tel: (617) 239-0367
Fax: (617) 227-4420
jonathan.young@lockelord.com

*Attorneys for StakeHound S.A.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*,[1] | Case No. 22-10964 (MG) |
| Debtors. | Jointly Administered |
| CELSIUS NETWORK LIMITED, | |
| Plaintiff | Adversary Proceeding |
| v. | No. 23-01138 (MG) |
| STAKEHOUND SA, | |
| Defendant | |

---

[1] The Debtors in these chapter 11 cases (the "Chapter 11 Cases"), along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network, Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956). The Debtors' service address in these Chapter 11 Cases is 121 River Street, PH05, Hoboken, New Jersey (07030).

# [PROPOSED] ORDER REGARDING
# CASE MANAGEMENT AND INITIAL BRIEFING SCHEDULE

Upon the submissions of counsel to Plaintiff Celsius Network Limited ("**CNL**") and Defendant StakeHound S.A. ("**StakeHound**") (together, the "**Parties**") in the above-captioned adversary proceeding, and upon the record created at the hearings held before the Court on August 2, 7, and 8, it is hereby ordered (this "**Order**") that:

1. On or by August 25, 2023, StakeHound will file the following motions and supporting briefs:

   a. A motion requesting that the Court lift (or otherwise modify) the automatic stay, or abstain from exercising jurisdiction over this proceeding on international comity grounds, and compel the parties to submit to the arbitration proceedings commenced on April 24, 2023, case no. 300641-2023 (the "**Swiss Arbitration**") under the Swiss Rules of International Arbitration of the Swiss Arbitration Centre (the "**Arbitration Centre**") for the resolution of any and all issues arising out of or in connection with any agreement between the parties expressed to be governed by Swiss law and subject to Swiss arbitration, including but not limited to the Staking Services Agreement, StakeHound's general terms and conditions, attached to the SSA as Exhibit B and/or the Revenue Sharing Agreement dated April 21, 2023 (collectively, the "**Agreements**"), and also including all claims in the Adversary Complaint (filed in this adversary proceeding at ECF No. 1 (the "**Complaint**")) governed by or subject to the Agreements (the "**Motion to Compel**"); and

   b. A motion to dismiss the Complaint for this Court's lack of personal jurisdiction over StakeHound (the "**Motion to Dismiss**").

2. CNL shall file and serve a response solely to the Motion to Compel (the "**CNL Response**") within seven (7) calendar days after service of the Motion to Compel. StakeHound shall file and serve a reply to the CNL Response within four (4) calendar days after service of the CNL Response. If the Court enters an order granting the Motion to Compel, the Motion to Dismiss shall be held in abeyance, and all further briefing on the Motion to Dismiss shall be stayed pending further order of the Court.

3. If the Court enters an order denying the Motion to Compel, StakeHound shall answer, further move, or otherwise respond to the Complaint (the "**Further Responsive**

**Pleading**") within seven (7) days of the entry of such order (the "**Continued Answer Date**"), without prejudice to StakeHound's right to move for further extensions of time, and CNL's right to object to any such request. Except for the defense of insufficient service of process, all defenses and objections that StakeHound must raise under Rule 12(b) of the Federal Rules of Civil Procedure, made applicable by Rule 7012(b) of the Federal Rules of Bankruptcy Procedure, are expressly preserved, and need not be raised prior to the Continued Answer Date. The Parties shall meet and confer with respect to the scheduling of any further briefing on the Motion to Dismiss and Further Responsive Pleading, though the Further Responsive Pleading and any additional briefing need not be filed until the Continued Answer Date.

4. Until a ruling by the Court on the Motion to Compel, CNL will not, directly or indirectly, seek the entry of an order granting injunctive relief, turnover, or any other preliminary or final relief sought in the Complaint, or any other affirmative relief with respect to any claims that were raised or could have been raised in the Complaint, except as provided in Paragraph 6.

5. Upon entry of this Order, StakeHound shall provide CNL with information reasonably sufficient to allow CNL to monitor any sale or transfer of staked tokens (including ETH, DOT and MATIC) (the "**Staked Tokens**"). Between the date of the Court's entry of this Order and the date that is seven (7) calendar days following a ruling by the Court on the Motion to Compel (the "**Holding Period**"), StakeHound will not sell, transfer, or otherwise dispose of Staked Tokens except pursuant to the notice and objection procedures set forth in this Paragraph 5 (subject to the carve-outs set forth in Paragraph 6 below). In the event that StakeHound needs to sell or transfer any Staked Tokens during the Holding Period, StakeHound shall provide to CNL, by email to its undersigned counsel, five (5) calendar days' written notice of any intended sale or transfer of Staked Tokens (the "**Notice Period**"). Unless CNL objects in writing (by email to

2

StakeHound's undersigned counsel) prior to the end of the Notice Period, StakeHound may proceed with such sale or transfer. If CNL objects prior to the end of the Notice Period, then StakeHound will not proceed with the intended sale or transfer until the objection is resolved by agreement or further order of the Court.

6. Notwithstanding the foregoing, during the Holding Period, StakeHound shall have the right, without any prior notice to CNL, to sell, transfer or otherwise utilize Staked Tokens and any related rewards (the "**Rewards**", and together with the Staked Tokens, the "**Subject Property**") as follows: (i) to fund legal fees and costs incurred in respect of or in connection with ongoing or future legal proceedings, including, without limitation, this adversary proceeding, the Swiss Arbitration and the Israeli proceedings between StakeHound and Fireblocks Inc., in an amount not to exceed $825,000, and (ii) to fund costs incurred in the ordinary course of StakeHound's business in an amount not to exceed $250,000. StakeHound may also, upon prior notice to CNL (but, for the avoidance of doubt, not subject to the objection procedures described in Paragraph 5), utilize the Subject Property to fund all required administrative fees and costs (including court fees) associated with the actions described in (i) above in full, if and as they are assessed. CNL shall have the right to seek injunctive relief for any transfer in violation of this Paragraph 6, and all of StakeHound's rights, objections, and defenses to any such request for relief are preserved.

**IT IS SO ORDERED:**

Dated: [•]
New York, New York

---------------------------------
Martin Glenn
Chief United States Bankruptcy Judge

3