# Exhibit A



User lD: giovanni.dazio@homburger.ch, 09.08.2023 08:09:24

| | |
|---|---|
| Titel | **Swiss Law of Contracts** <br> **General Principles** |
| Buchautoren | **Nicolas Kuonen** |
| Jahr | **2022** |
| Seiten | **39-54** |
| ISBN | **978-3-7255-8734-6** |
| Verlag | **Schulthess Editions romandes** |

**39**

# § 5 Determination of the content of the contract

129   The validity of a contract whose essential elements have been agreed upon by the parties, is subject to compliance with certain legal requirements, some of which relating to the content of the contract. It is therefore necessary to determine the content and terms of the contract as to assess their compatibility with the relevant legal requirements. Likewise, where the parties no longer agree on the contractual terms – be they essential or not – at the moment of performance, it is necessary to determine the content of the contract. Such determination is referred to as interpretation and operates within certain rules (I.). Furthermore, and as discussed above (N 114 et seq.), it is not necessary for the parties to agree on all the contractual terms to enter into a contract. Possible gaps, which will be identified by means of interpretation, shall be filled by the judge. Gap-filling obeys certain rules (II.).

## I. Contract interpretation

130   Interpretation, which can be defined as the art of determining the meaning of words or conducts, is an important part of the communication process. Interpretation is extremely simple if, for instance, the words used are "clear" – which also results from interpretation. Conversely, it gets more complicated if the words are ambiguous, e.g., they contradict themselves or are inconsistent in relation with other circumstances. Each and every contract, regardless of its form, requires interpretation.

131   A dispute over the interpretation of a contract occurs when the parties do not agree over the meaning of contractual terms. Such a quarrel does not concern the intent of the parties to enter into a contract, but rather the contract's content. Neither party disputes the contract itself, but there is a disagreement on the meaning of its terms. This does not mean, however, that these two types of disputes cannot arise simultaneously; an error of declaration made by one party, which, in itself, may render a contract void (Art. 23 CO), can lead to a potential disagreement over the content of the contract.

**40**

132   There are two methods of interpretation: subjective interpretation (A.) and objective or normative interpretation (B.).

### A. Subjective interpretation

#### 1. Principle

133   In contractual matters, subjective interpretation is the primary focus of interpretation: it aims at determining the real intent of the parties (Art. 18(1) CO). It is about giving the contract the meaning, and consequently the content, the parties actually wanted. Since intent is an internal element to each party, it must be ascertained on the basis of external factual evidence. Subjective interpretation is therefore facts-based and is akin to a "reconstruction" or "discovery" of the common intent of the parties.

© Schulthess Médias Juridiques SA, Genève - Zurich 2022

### 2. Means of interpretation

134   The first means of interpretation lies in the terms and words used by the parties. Even if the law prohibits any fictitious use of terms by prescribing that there is no need to dwell on any inaccurate expressions or designations that the parties may have used (Art. 18(1) CO), the terms of the contract remain the starting point for interpretation. To determine the meaning of the terms one must, in principle, refer to the general and current meaning prevailing at the place and time of the conclusion of the contract, unless the parties use technical terms – in which case their technical meaning prevails. Even if the meaning of the expressions and designation used is "clear", one must still assess the contractual terms in light of the circumstances as to ensure that their meaning corresponds to the true and common intent of the parties. Put differently, the terms used by the parties prevail as long as other means of interpretation do not reveal a different intent.

135   Beyond the terms of the contract, all the factual circumstances surrounding its conclusion may – and even must – be taken into account when ascertaining the will of the parties. This might include:

–The course of the negotiations and the exchanges that may have taken place between the parties in this context. The parties may, however, outright exclude them from the picture by adding a specific clause in the contract (so called "four-corners clause", "entire agreement clause" or "merger clause").

–The behavior of the parties before or after the conclusion of the contract.

41

## B. Objective interpretation

### 1. Principle

136   Objective or normative interpretation is a subsidiary method of interpretation: it is only resorted to when it is impossible to establish the true and common intent of the parties. Objective interpretation consists in determining the intent of the parties by applying the principle of trust. In other words, it is a matter of determining, from an objective point of view, the meaning, and, consequently, the content of the contract by adopting the perspective of a reasonable person of the same kind as the parties. Objective interpretation makes it possible to attribute to a party's statements and conduct an objective meaning even if this latter does not correspond to her personal or subjective intent. Objective interpretation is a matter of law, which is understandable since it does not consist in establishing what the parties actually and truly wanted. It rather consists in framing a common normative intent by applying legal principles. Objective interpretation thus amounts to an operation of construction of the intent of the parties.

### 2. Means of interpretation

137   The means of objective interpretation are not different from those of subjective interpretation, except that the parties' statements made or their behavior after the conclusion of the contract must be set aside. They do not play a role in establishing their normative intent.

### 3. Rules of interpretation

138   Since objective interpretation is a legal issue, it is carried out in accordance with certain rules. In our view, these rules do not apply as such to subjective interpretation, which is a matter of fact-finding.

139   The fundamental rule of interpretation lies in the principle of trust, as inferred from the principle of good faith (Art. 2(1) CC). Accordingly, the judge must seek the meaning of the contract that corresponds to what a reasonable person of the same kind as the parties could or should have understood in the same circumstances.

140   Interpretation must be made *ex tunc,* i.e., the judge must place herself in the position of the parties at the time of the conclusion of the contract.

141   Interpretation carried out in accordance with the (default) legal rules must be preferred. If doubts arise, one should use the meaning that corresponds to the (default) legal rules rather than the meaning that departs from them.

42

142   When interpreting a contract, one must consider the contract as a whole, which implies a systematic and teleological interpretation (i.e., related to the purpose of the contract).

© Schulthess Médias Juridiques SA, Genève - Zurich 2022

143  Interpretation must, whenever possible, favor a meaning that maintains the contract *(in favorem negotii)* rather than a meaning that nullifies it in whole or in part.

144  Exceptionally, in the case of ambiguity, the interpretation that is unfavorable to the author of the contractual terms must be adopted *("in dubio contra stipulatorem")*. This rule applies essentially to the interpretation of general terms and conditions (N 231 et seq.) or to non-negotiated standardized contracts (e.g., insurance contracts).

### C. Relationship between subjective and objective interpretation

145  The primacy of subjective interpretation derives from the fact that the contract is ultimately of interest only to its parties and is solely based on their will. However, moving from the contractual field *stricto sensu* to other legal acts, subjective interpretation is of variable importance. For example:

–Unilateral testamentary dispositions (e.g., wills) are interpreted exclusively subjectively; there is no room for objective interpretation.

–The law, understood as the expression of the will of the legislator, is interpreted objectively: the "historical" subjective will of the legislator is only one – and often secondary – of several interpretative methods. This stems from the fact that the law is not meant to apply solely to the people responsible for drafting it, but rather to an indeterminate number of people.

–In between, the statutes of legal persons are interpreted more or less subjectively depending on whether they concern only the founders, a limited number of persons (e.g., in the case of a privately owned company) or the public (e.g., in the case of a publicly traded company).

146  In short, the more the legal act in question is meant to apply to or concern a circle of persons other than those who created it, the more subjective interpretation gives way to objective interpretation. The standard of interpretation shifts from the subjective intent of the declaring person to the understanding that the reasonable addressee has. A contract falls midway between a unilateral testamentary disposition and the statutes of a legal entity. Because a contract does not imply a single declaring party, objective interpretation may be resorted to.

**43**

147  While subjective and objective interpretation may, in theory, be clearly distinguished, such is not necessarily the case in practice. As soon as a judge is called upon to adjudicate a dispute relating to the interpretation of a contract, it is often difficult for her to completely disregard the rules of objective interpretation when seeking out the true and common intent of the parties (subjective interpretation).

## II. Gap filling

### A. Principle

148  The interpretation of the contract may reveal the existence of gaps. A gap exists when the contract does not provide for a specific solution on some contractually relevant matter. To remedy this problem, the judge may be called upon to supplement the contract. A gap may only be filled if it concerns an objectively and subjectively non-essential element of the contract (Art. 2(2) CO); if it does not, the contract is not binding (N 114).

### B. Means of gap filling

149  Generally, gaps may – and must – be filled by application of default legal provisions. Where the contract in question is explicitly mentioned in the law ("named" contract), the relevant default rules are those provided for in the law. For other contracts, the general principles should apply (Art. 1 to 183 CO). This view is however disputed. Indeed, some scholars prefer to afford priority to the hypothetical intent of the parties (*see* below). Since default legal provisions are numerous, rare are the situations in which the judge needs to go beyond the mere application of default legal provisions:

–In cases where default rules exist, but also have a (or many) gap(s), the judge must fill the gap in the contract by filling the gap in the law, which requires her to act as a legislator *("modo legislatoris";* Art. 1(2) CC) and to derive a general and abstract rule that can be applied to an indeterminate number of situations.

© Schulthess Médias Juridiques SA, Genève - Zurich 2022