# Exhibit A

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>CELSIUS NETWORK LLC, *et al.*,[1]<br><br>               Debtors.<br><br>CELSIUS NETWORK LIMITED,<br><br>               Plaintiff,<br>     v.<br><br>STAKEHOUND SA,<br><br>               Defendant. | Chapter 11<br><br>Case No. 22-10964 (MG)<br><br>Jointly Administered<br><br><br>Adversary Proceeding<br>No. 23-01138 (MG) |

**[PROPOSED] ORDER GRANTING TEMPORARY RESTRAINING ORDER**

This Court having permitted Celsius Network Limited (the "**Plaintiff**" or "**Celsius**") to file

and serve an application for a temporary restraining order against StakeHound SA (the

"**Defendant**" or "**StakeHound**") in an order issued August 22, 2023 [ECF No. 29] (the

"**Scheduling Order**"); and upon the Court having reviewed Celsius' application, including the

accompanying memorandum of law, the declarations of Richard Man, Felix Dasser, Esq. and

Mitchell Hurley, Esq.; and the Court having held a hearing on August 24, 2023, at 5:00 p.m.,

prevailing Eastern Time, to consider the relief requested (the "**Hearing**"); and upon the record of

the Hearing, and upon all of the proceedings had before the Court; and the Court having found that

---

[1]    The Debtors in these chapter 11 cases (the "**Chapter 11 Cases**"), along with the last four digits of each Debtor's federal tax identification number, are:  Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450). The Debtors' service address in these Chapter 11 Cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

the Court has jurisdiction over this matter pursuant to 28 U.S.C. 1334(a), (b), and (e) and the

*Amended Standing Order of Reference* M10-468 of the United States District Court for the

Southern District of New York dated February 1, 2012 referring to Bankruptcy Judges of the

Southern District of New York all cases and proceedings arising under, arising in, or related to a

case under title 11 of the United States Code, 11 U.S.C. Sec. 101, *et seq.* (as amended); and due

and proper notice of the application having been given in accordance with the Scheduling Order;

and the Court having determined that the legal and factual bases set forth in the application and

supporting materials establish just cause for the relief granted herein, it is hereby **ORDERED** that:

1.      StakeHound shall—as soon as possible but no later than two (2) business days—

provide Celsius with all information necessary to allow Celsius to monitor any transfer of any

digital asset held by StakeHound or its officers and directors.  Such information shall include, but

is not limited to, the current number and on-chain location of all native ETH, MATIC and DOT

tokens (or their corresponding nodes) plus rewards earned on those tokens, in StakeHound's

possession, custody or control (the "**Subject Property**").

2.      Subject to further written agreement among the parties or further order of the Court,

until the date that is seven (7) days following a ruling by the Court on each of the motions set for

hearing on September 27, 2023 in accordance with the order of this Court dated August 22, 2023

[ECF No. 30] (the "**Holding Period**"), StakeHound shall not take any action directly or indirectly

to transfer, utilize, dispose of, use, encumber, sell, gift, exchange or convey any of the Subject

Property except pursuant to the notice and objection procedures set forth in paragraph 3.

3.      In the event that StakeHound desires to sell or transfer any of the Subject Property

during the Holding Period, StakeHound shall provide to Celsius, via email to Celsius' counsel,

five (5) days' written notice (the "**Notice**") of any desired sale or transfer of the Subject Property

(the "**Notice Period**") by identifying the specific property (including amount and value) that

StakeHound wishes to transfer, and the purpose for the proposed transfer. StakeHound shall

promptly provide additional information that Celsius may reasonably request concerning the

nature and purpose of the proposed transfer or transfers subject to the Notice, and to make itself

available to meet and confer during the Notice Period if requested. Unless Celsius objects in

writing (by email to StakeHound's counsel) prior to the end of the Notice Period, StakeHound may

proceed with such sale or transfer subject to any right under applicable law that Celsius has, which

expressly is reserved. If Celsius objects prior to the end of the Notice Period, then StakeHound

shall not proceed with the intended sale or transfer unless and to the extent the objection is resolved

by agreement or further order of the Court.

4.      For the avoidance of doubt, nothing in this Order is or shall be deemed to constitute

an agreement by Celsius that StakeHound can rightfully dispose of all or any of the Subject

Property for any purpose. All of Celsius' rights, remedies, claims and, defenses are reserved and

retained in full, including but not limited to all rights in connection with or related to any transfer,

exchange, sale, or other disposition of any Subject Property made by StakeHound at any time.

5.      Within two calendar days of entry of this order, StakeHound shall "reply all" to the

August 18, 2023 email from the sole arbitrator appointed in the pending arbitration in Switzerland

commenced by StakeHound against Celsius promptly following entry of this Order, attaching a

fully executed copy of this Order, and advising in the cover email solely and exactly as follows:

> Thank you for your inquiry. StakeHound agrees with the content
> of the joint letter sent to you on August 11, 2023. The parties
> request for the proceedings to be suspended. The requested
> suspension should be maintained unless and until the parties
> provide the arbitrator with a further joint request that the
> arbitration be resumed. The parties will keep the Swiss Arbitration
> Centre copied on all future correspondence, as requested.

6.      Nothing herein shall be deemed to limit any further application Celsius may make

in connection with its motion for a preliminary injunction due to be filed on August 25, 2023, and

scheduled to be heard by the Court on September 27, 2023.


**IT IS SO ORDERED.**

Dated:  August ___, 2023
          New York, New York


                               _____
                                    MARTIN GLENN
                      Chief United States Bankruptcy Judge