**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>CELSIUS NETWORK LLC, *et al.*,[1]<br><br>      Debtors. | Chapter 11<br><br>Case No. 22-10964 (MG)<br><br>Jointly Administered |
| CELSIUS NETWORK LIMITED,<br><br>      Plaintiff,<br><br>v.<br><br>STAKEHOUND SA,<br><br>      Defendant. | Adversary Proceeding<br>No. 23-01138 (MG)<br><br>**SECOND DECLARATION OF FELIX DASSER IN SUPPORT OF MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION** |

I, Felix Dasser, pursuant to 28 U.S.C. § 1746, hereby declare as follows:

1. I am currently a partner and the former head of the Litigation/Arbitration practice at Homburger, one of the largest Swiss law firms, and an Adjunct Professor of Law at the University of Zurich. My professional experience and credentials are set forth more fully in my prior declaration (the "First Dasser Declaration") [ECF No. 37], which remains true and correct.

2. I have reviewed StakeHound, S.A's *Objection to Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction* [ECF No. 42] (the "Objection") and *Declaration of*

---

[1] The Debtors in these chapter 11 cases (the "Chapter 11 Cases"), along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network, Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956). The Debtors' service address in these Chapter 11 Cases is 121 River Street, PH05, Hoboken, New Jersey (07030).

*Albert Castellana Lluis* [ECF No. 43]. I submit this second expert declaration on Swiss law in further support of Celsius' Motion for a Temporary Restraining Order and Preliminary Injunction.

3.     StakeHound asserts that it suspended its liquid staking platform as the result of the loss of private keys associated with approximately 35,000 native ETH supplied to StakeHound by Celsius. I understand that StakeHound contends the loss was caused by Fireblocks, an entity that StakeHound engaged to handle key security on StakeHound's behalf.

4.     StakeHound appears to argue that its decision to suspend the platform allows StakeHound to refuse to exchange native tokens for st tokens, and that this is consistent with a literal reading of the SSA and StakeHound Terms and Conditions. Celsius does not agree with StakeHound's reading. But even if StakeHound were correct that such a conclusion could be reached based on the verbatim terms of the contract, it would run counter to the duty to act in good faith that animates the interpretation of every contract under Swiss law.

5.     The duty of good faith is a cornerstone of Swiss **private** law.

6.     Article 2 of the Swiss Civil Code (SCC) is titled "Acting in good faith" and reads as follows:[2]

> [1] Every person must act in good faith in the exercise of his or her rights and in the performance of his or her obligations.
>
> [2] The manifest abuse of a right is not protected by law.

7.     Article 2 SCC contains a "principle of the most general kind" and a "barrier to all exercise of the law".[3] It provides the basis for an objective interpretation of contracts that I

---

[2]  Unofficial translation by the Swiss Federal Office of Justice available at https://www.fedlex.admin.ch/eli/cc/24/233_245_233/en.

[3]  PETER LEHMANN & HEINRICH HONSELL, in Basler Kommentar zum Schweizerischen Zivilgesetzbuch, Band I, 7th ed. 2022, Art. 2 N 3 referring to settled case law of the Federal Supreme Court, namely DFT 83 II 345 and 45 II 398.

2

addressed in my first declaration of August 22, 2023 at para. 6-8 and, thus, as explained there, may trump a verbatim interpretation of the parties obligations (see para. 8, 2nd bullet point: "a purely grammatical interpretation is not permitted"). Further, it explicitly also covers the performance by the parties: this principle requires a contracting party to perform any discretionary acts in good faith (requirement to exercise rights with due care for the interests of the other party, "*Gebot schonender Rechtsausübung*").[4]

8. Moreover, pursuant to Article 156 Swiss Code of Obligations (CO) under the heading "Prevention in bad faith", "a condition is deemed fulfilled where one of the parties has prevented its fulfillment by acting in bad faith."[5] To the extent that StakeHound considers the use of the platform to be a condition for its return of the tokens, its discretionary closing of the platform and its reliance on such closing amounts to an act of bad faith within the meaning of Article 156 CO and Article 2 SCC.

9. Interpreting, therefore, the contracts to allow StakeHound to suspend the platform, and then point to that suspension as an excuse for keeping for itself the native tokens provided to it by customers, rather than exchange those tokens for st tokens would be inconsistent with the obligation under Swiss law to interpret the contracts in light of the duty of good faith, and inconsistent with StakeHound's duty to discharge the contract in good faith.

I hereby solemnly declare that the foregoing is true and correct.

Executed on August 27, 2023

_____
FELIX DASSER

---

[4] *Id.*, N 22.
[5] Unofficial translation by the Swiss Federal Office of Justice available at <https://www.fedlex.admin.ch/eli/cc/27/317_321_377/en>.

Official certification see reverse side

## Official Certification

Seen for authentication of the reverse side signature of

Mr. **Prof. Dr. iur. Felix DASSER**, born 3rd May 1958, Swiss citizen of Thalwil und Herrliberg, according to his information residing at Rietliweg 80, 8704 Herrliberg,
personally known to us.

The signature was acknowledged before us by an authorized third party.

This legalization refers only to the authentication of the signature and not to the contents or validity of the document.

Zürich, 28th August 2023
BK no. 2856
Fee CHF 20.00

NOTARIAT UNTERSTRASS-ZÜRICH

Gregor Breitenmoser, Deputy Notary Public

---

**APOSTILLE**
(Convention de la Haye du 5 octobre 1961)

1. Land: Schweizerische Eidgenossenschaft, Kanton Zürich
   Country: Swiss Confederation, Canton of Zürich
   Diese öffentliche Urkunde / This public document

2. ist unterschrieben von
   has been signed by          Gregor Breitenmoser

3. in seiner Eigenschaft als
   acting in the capacity of   Deputy Notary Public

4. sie ist versehen mit dem Stempel/Siegel des (der) - bears the stamp/seal of
   Notariat Unterstrass-Zürich Kt. Zürich

   Bestätigt / Certified

5. In / at 8090 Zürich / Zurich      6. am / the      28.08.2023

7. durch die Staatskanzlei des Kantons Zürich
   by the Chancellery of State of the Canton of Zurich

8. unter Nr. / under N°      1296748/2023

9. Stempel/Siegel, Stamp/seal          10. Unterschrift / Signature

S. Salzmann