# Exhibit A

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>CELSIUS NETWORK LLC, *et al.*,[1]<br><br>                Debtors. | Chapter 11<br><br>Case No. 22-10964 (MG)<br><br>Jointly Administered |
| CELSIUS NETWORK LIMITED,<br><br>                Plaintiff,<br>      v.<br><br>STAKEHOUND SA,<br><br>                Defendant. | Adversary Proceeding<br>No. 23-01138 (MG) |

## [PROPOSED] ORDER GRANTING PRELIMINARY INJUNCTION

This matter coming before the Court on the motion (the "**Motion**") filed by Celsius Network Limited (the "**Plaintiff**" or "**Celsius**") seeking a preliminary injunction against StakeHound SA (the "**Defendant**" or "**StakeHound**"); the Court having reviewed Celsius' Motion's supporting materials, including the accompanying memorandum of law [ECF No. 39], the declarations of Richard Man [ECF Nos. 40 and 44], Felix Dasser, Esq. [ECF No. 37] and Mitchell Hurley, Esq. [ECF No. 35] (collectively, the "**Declarations**"), and the amended adversary complaint filed by the Plaintiff in the above-captioned adversary proceeding [ECF No. 31] (the "**Amended Complaint**"); and the Court having held a hearing on September 27, 2023, at 9:00

---

[1] The Debtors in these chapter 11 cases (the "**Chapter 11 Cases**"), along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450). The Debtors' service address in these Chapter 11 Cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

a.m., prevailing Eastern Time, to consider the relief requested (the "**Hearing**"); and upon the record of the Hearing, and upon all of the proceedings had before the Court; and the Court having found that the Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(a), (b), and (e) and the *Amended Standing Order of Reference* M10-468 of the United States District Court for the Southern District of New York dated February 1, 2012 referring to Bankruptcy Judges of the Southern District of New York all cases and proceedings arising under, arising in, or related to a case under title 11 of the United States Code, 11 U.S.C. Sec. 101, *et seq.* (as amended); and due and proper notice of the application having been given in accordance with the Order Regarding Case Management and Initial Briefing Schedule [ECF No. 30]; and the Court having determined that the legal and factual bases set forth in the application and supporting materials establish just cause for the relief granted herein;

**IT IS HEREBY FOUND AND DETERMINED THAT:**

  A. A preliminary injunction preventing the dissipation of assets, including native ETH, MATIC and DOT tokens (or their corresponding nodes) plus rewards earned on those tokens, in StakeHound's possession, custody or control that are sought to be recovered and/or may be required to satisfy any judgment obtained by the Plaintiff in the above-captioned adversary proceeding (the "**Subject Property**") is appropriate under Federal Rule of Civil Procedure 65 as made applicable by Bankruptcy Rule 7065.

  B. There is a substantial likelihood that the Debtors' bankruptcy estates will suffer irreparable harm if the Defendant is not enjoined from dissipating the Subject Property. Unless a preliminary injunction is issued, there is a material risk that the Defendant will dissipate the Subject Property, which would likely further frustrate the Plaintiff's effort to collect on any judgment

obtained against the Defendant, which in turn would frustrate the administration of the Debtors' bankruptcy estates and dilute the ultimate distribution to the Debtors' creditors.

C.      In addition, the Plaintiff has demonstrated (i) a likelihood of success on the merits, or sufficiently serious questions going to the merits to make them a fair ground for litigation, on the causes of action asserted in the Amended Complaint, (ii) the balance of hardships decidedly tips in the Plaintiff's favor, and (iii) entry of an injunction is in the public interest. Granting the injunction preventing the Defendant from dissipating the Subject Property will not place an undue burden on the Defendant, and any hardship to the Defendant is more than outweighed by the benefits to the Debtors' bankruptcy estates.[2]

**BASED ON THE FOREGOING FINDINGS OF FACT AND CONCLUSIONS OF LAW, AND AFTER DUE DELIBERATION AND SUFFICIENT CAUSE APPEARING THEREFOR, IT IS HEREBY ORDERED (THE "<u>ORDER</u>") THAT:**

1. Asset preservation injunction:

    a. StakeHound and its officers, agents, servants, employees, attorneys and any other persons who are in active concert or participation with any such persons (the "<u>StakeHound Parties</u>") are hereby ENJOINED from taking any action directly or indirectly to transfer, utilize, dispose of, encumber, sell, gift, exchange or convey any of the Subject Property until a final, non-appealable judgment is entered resolving this action, or until otherwise ordered by the Court (the "<u>Injunction Period</u>").

---

[2] The findings and conclusions set forth herein and in the record of the hearing on the Motion constitute the Court's findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure, as made applicable by Bankruptcy Rules 7052 and 9014. To the extent any of the findings of fact herein constitute conclusions of law, they are adopted as such. To the extent any of the conclusions of law herein constitute findings of fact, they are adopted as such.

b.  Notwithstanding paragraph 1(a), in the event that StakeHound needs to transfer, utilize, dispose of, encumber, sell, gift, exchange or convey any of the Subject Property prior to the end of the Injunction Period, StakeHound shall provide to Celsius, via email to Celsius' counsel, five (5) days' written notice (the "**Notice**") of any desired sale or transfer of the Subject Property (the "**Notice Period**") by identifying the specific property (including amount and value) that StakeHound wishes to transfer, and the purpose for the proposed transfer. StakeHound shall promptly provide additional information that Celsius may reasonably request concerning the nature and purpose of the proposed transfer or transfers subject to the Notice, and to make itself available to meet and confer during the Notice Period if requested.  Unless Celsius objects in writing (by email to StakeHound's counsel) prior to the end of the Notice Period, StakeHound may proceed with such sale or transfer subject to any right under applicable law that Celsius has, which expressly is reserved.  If Celsius objects prior to the end of the Notice Period, then StakeHound shall not proceed with the intended sale or transfer unless and to the extent the objection is resolved by agreement or further order of the Court.

c.  StakeHound shall provide Celsius with all information necessary to allow Celsius to monitor any transfer of any digital asset held by StakeHound or its officers and directors.  Such information shall include, but is not necessarily limited to, the current number and on-chain location of all Subject Property.

2.  Arbitration injunction:  StakeHound is hereby ORDERED, within three business days of the date hereof, to withdraw the Swiss Arbitration, and immediately cease and desist from

4

taking any further efforts to pursue or prosecute the Swiss Arbitration or take any other action in violation of the automatic stay.

    3.    Additional provisions:

        a.  Any party or entity subject to this Order may seek a hearing in this Court upon five (5) days' notice seeking to modify this Order as to such party or entity, or clarifying their obligations under this Order.

        b.  The Plaintiff shall have the right to seek an emergency hearing to enforce the terms of this Order and to seek contempt sanctions against any person or entity that it reasonably believes is in violation of this Order.

        c.  Pursuant to Federal Rule of Civil Procedure 65(b), made applicable to this adversary proceeding pursuant to Bankruptcy Rule 7065, no additional notice to any person is required prior to entry and issuance of this Order.

        d.  Pursuant to Bankruptcy Rule 7065, the security provisions of Federal Rule of Civil Procedure 65(c) are waived.

        e.  Plaintiff is authorized and empowered to take such action as may be necessary to implement and effectuate this Order.

        f.  Notwithstanding any Bankruptcy Rule or Federal Rule of Civil Procedure, the terms of this Order shall be immediately effective and enforceable upon its entry.

    4.    This Court shall retain exclusive jurisdiction to hear and determine all matters arising from the implementation of this Order.

**IT IS SO ORDERED.**

Dated:  September 27, 2023
        New York, New York

_____
MARTIN GLENN
Chief United States Bankruptcy Judge
