

**MITCHELL P. HURLEY**
+1 212.872.1011/fax: +1 212.872.1002
mhurley@akingump.com

September 18, 2023

**VIA E-MAIL AND ELECTRONIC COURT FILING**

The Honorable Judge Glenn
United States Bankruptcy Court
Southern District of New York
1 Bowling Green
New York, New York 10004

Re:   *Celsius Network Ltd. et al. v. StakeHound SA*, A.P. No. 23-01138 (MG) (Bankr. S.D.N.Y.) (the "Adversary Proceeding")

Dear Judge Glenn:

We represent Celsius Network Limited ("Celsius") and write to request that a scheduling conference proceed in lieu or alongside of the hearing requested by the defendant on its September 15, 2023 motion to reconsider ("Motion to Reconsider") the Court's September 8, 2023 temporary restraining order ("TRO").[1]

As a result of StakeHound's discovery delays and scorched-earth litigation tactics, the September 27, 2023 hearing date for the parties' motions is no longer feasible, and should be adjourned. Celsius served StakeHound with requests for documents on September 4, 2023. StakeHound advised it would make a "rolling production," and seek "in good faith" to finish by September 15, 2023. ***As of September 18, 2023, however, StakeHound has not produced a single responsive document.***

On September 14, 2023, StakeHound provided a supposed "hit report" for Celsius' ESI search terms. As Celsius soon learned, however, StakeHound did not run the search terms Celsius had provided, unilaterally striking terms it deemed "irrelevant."[2] In addition, StakeHound gathered documents from just two custodians – Albert Castellana and Edgars Nemse. While acknowledging that StakeHound had other employees during the relevant period, StakeHound has ignored Celsius' request even to identify them. StakeHound's counsel also was unable to confirm

---

[1] Reconsideration of the TRO is not warranted, and StakeHound's motion is defective in any case, as Celsius will demonstrate in its submission tomorrow.

[2] The omitted terms were not solely relevant to personal jurisdiction, as StakeHound claimed. While StakeHound later agreed to provide a complete hit report using all of Celsius' terms, it still has not done so.



The Honorable Judge Glenn
September 18, 2023
Page 2

the date range of the documents they did gather, or provide basic information like whether or not their custodians use SMS texts. StakeHound's counsel apparently relied on Castellana and Nemse to gather and transmit responsive ESI to counsel, and did not know whether these non-lawyers provided all ESI during the period to counsel, or used some limiting principal.[3] StakeHound also refuses to gather and produce documents from its accountant, claiming they are not within its possession, custody or control. *Compare Fashion Exchange LLC v. Hybrid Promotions, LLC* 15-CV-1254, 2019 WL 6838672, *4 (S.D.N.Y. Dec. 16, 2019) (*"documents in the possession of a party's accountant are deemed within that party's control for purposes of Rule 34 discovery"*) (*quoting De Vos v. Lee*, No. 07-CV-804 (JBW), 2008 WL 2946010, at *1 (E.D.N.Y. July 29, 2008)).

In addition to its failure adequately to gather documents, StakeHound plans to deliberately withhold documents and information of obvious relevance to this dispute. For example, StakeHound argues that it should be permitted to spend huge sums of Subject Property litigating against Fireblocks in Israel, based on claims that supposedly arise out of the loss of 35,000 Celsius ETH in May 2021 (in StakeHound parlance, the "Key Loss Event"). Illogically, StakeHound also claims that the Key Loss Event somehow justifies StakeHound's refusal to return the 25,000 Celsius ETH that StakeHound did not manage to lose. Incredibly, however, StakeHound will not produce documents concerning the Key Loss Event in response to Celsius' requests because they supposedly are "irrelevant." StakeHound intends to withhold other manifestly relevant information as well. On August 7, 2023, Celsius proposed to StakeHound the Court's standard draft protective order. On September 7, 2023, StakeHound finally responded, suggesting, for the first time, that producing information relevant to this case might somehow violate Swiss law. Notably, on September 15, 2023, StakeHound submitted a putative "Swiss law declaration" that says ***nothing*** about any supposed disclosure limitations under Swiss law. Nevertheless, StakeHound's U.S. counsel advises that it intends to redact responsive information based on its vague and unsupported depiction of Swiss law.[4]

---

[3] For its part, StakeHound did not serve document requests on Celsius until September 8, 2023, and did not provide proposed search terms until Friday, September 15, 2023. On Sunday, September 17, 2023, Celsius provided a "hit report" using StakeHound's terms (exactly as StakeHound proposed), **which yielded more than 600,000 unique "hits."** In contrast, StakeHound ran only a subset of the terms Celsius requested, producing a hit report of just ***3,721 documents***. Inexplicably, when StakeHound ran search terms, it included certain terms that Celsius did ***not*** request, including "ETH," a term that one would expect would result in tens of thousands of hits by itself given its centrality to StakeHound's business model. It did not, which once again suggests that StakeHound has failed to appropriately gather ESI in this case.

[4] The parties' draft proposed schedule reflected StakeHound's representation that it hoped to finish its production by September 15, 2023. In the draft, Celsius' own response deadline was keyed off of the date on which StakeHound



The Honorable Judge Glenn
September 18, 2023
Page 3

      The delay caused by StakeHound's non-participation in discovery has been aggravated by StakeHound's meritless and procedurally improper Motion to Reconsider, which identifies no information that could possibly justify another time-consuming and expensive hearing on the TRO. Unfortunately, while baseless, the Motion to Reconsider represents a significant distraction from the upcoming injunction hearing. For example, StakeHound asked to depose Celsius' Swiss law expert on September 19, 2023. Instead, the early part of this week will be consumed with preparing for and arguing StakeHound's defective Motion to Reconsider. Similarly, the parties had discussed taking Mr. Castellana's deposition on September 21, 2023. Castellana wants to spend next weekend at a wedding in Spain, and will not make himself available on any of September 22, 23, or 24. Based on StakeHound's representations that it would produce most or all documents by September 15, 2023, Celsius tentatively agreed. However, between StakeHound's failure to produce a scrap of paper in discovery, and its insistence on cumulative and wasteful motion practice relating to the TRO, deposing Castellana this week is no longer feasible.

      Under the circumstances, Celsius respectfully submits that the September 27, 2023 hearing should be adjourned for a period of at least two additional weeks so that StakeHound's compliance with its disclosure obligations can either be fulfilled (or compelled). In addition, Celsius has prepared a revised version of the parties' draft scheduling order using October 11, 2023 as a placeholder for a new hearing date. *See* Ex. B. Celsius respectfully asks the Court to enter the proposed scheduling order, or one like it, in an effort to get this proceeding back on track, despite StakeHound's delays.[5]

      Thank you for your continuing time and attention to this matter.

      Respectfully submitted,

*/s/ Mitchell P. Hurley*
Mitchell P. Hurley

CC:    Stephanie Wickouski (counsel to StakeHound)

---

completes its production, which was to be undertaken "on a rolling basis" and finished ***either*** by September 18, 2023 ***or*** on "such earlier date on which StakeHound completes its production and advises Celsius' undersigned counsel by email that StakeHound's production is complete." *See* Ex. A ¶ 1-2. Given that StakeHound produced no documents, nor a revised hit report, it would be impossible for StakeHound to finish its production even today, and even if it had not already announced that it plans to withhold relevant, responsive, non-privileged information from whatever production it makes.

[5] The language of draft is identical to the last version contemplated by the parties, other than the changed dates.