

Brookfield Place, 200 Vesey Street
20th Floor
New York, NY 10281-2101
Telephone:  212-415-8600
Fax:  212-303-2754
www.lockelord.com

Stephanie Wickouski
Direct Telephone:  212-912-2822
Direct Fax:  212-812-8366
swickouski@lockelord.com

September 18, 2023

**VIA E-MAIL and ECF**

*mg.chambers@nysb.uscourts.gov*

Honorable Martin Glenn
Chief United States Bankruptcy Judge
One Bowling Green
New York, New York 10004-1408

> Re:  *In re Celsius Network LLC , et al. (Case No. 22-10964 (MG))*
> *Celsius Network Limited v. StakeHound SA (Adversary No. 23-01138 (MG))*
>
> *Response to Celsius' Sept. 18, 2023 Letter and Proposal for Mediation*

Dear Judge Glenn,

We represent defendant StakeHound, S.A. ("StakeHound") in the above case. I write in response to Mitchell Hurley's letter filed this morning, [ECF No. 75] requesting an adjournment of the hearing currently set on September 27, 2023 on StakeHound's motion to compel arbitration and Celsius Network Limited's ("Celsius") motion for a preliminary injunction, as well as the entry of a scheduling order extending, among other things, the deposition of Albert Castellana currently scheduled for Thursday of this week. Celsius did not approach us with either request before filing the letter with the Court; nevertheless, StakeHound is willing to agree to such adjournments, as further set forth below.

As a preliminary matter, we take strong exception with the suggestion that we are not participating in discovery. A Locke Lord team of 6+ attorneys has been working around the clock (including through the past weekend) to comply with Celsius' discovery requests. The pending discovery is exceedingly broad, burdensome and unrelated in many respects to the pending motions. Some 30,000 documents potentially responsive to these overbroad requests are being reviewed, and, other than a few categories subject to pending objection, all responsive non-privileged documents will be produced.

It is also neither accurate nor fair to say that Mr. Castellana has limited deposition availability because he "wants to spend the weekend at a wedding in Spain." Mr. Hurley fails to say that it is Mr. Castellana's *sister's* wedding, a scheduling conflict that was disclosed to

Chief U.S. Bankruptcy Judge Martin Glenn
September 18, 2023
Page 2

plaintiff's counsel immediately after receipt of the deposition notice, and that Mr. Castellana offered to be deposed by Zoom immediately before or after the wedding.

Celsius' statement that StakeHound has engaged in "scorched-earth" litigation tactics is simply inconsistent with the record. From the beginning of this proceeding, StakeHound has sought a ruling on the motion to compel arbitration as a threshold issue, and agreed to a voluntary asset freeze for several weeks before the entry of the TRO. By contrast, it is Celsius that has dramatically expanded the scope of this litigation—both by insisting on pursuing injunctive relief, and also by propounding substantial discovery.

Since the last hearing, StakeHound has commenced settlement discussions with Celsius in an effort to reach an overall resolution of all disputes. To facilitate the settlement process, StakeHound consents to the adjournment of the September 27 hearing—ideally to a date the week of October 9-13, 2023 that is convenient to the Court. StakeHound also proposes mediation (in person, in New York, with principals present) with a mutually acceptable mediator (or, if the parties cannot agree, before a mediator appointed by the Court). That mediation can proceed on a parallel track with the pending discovery.

While not a condition of its consent to an adjournment, StakeHound asks the Court to consider the relief from the TRO Order requested in its emergency motion for the reasons stated in the motion, so as to relieve the ongoing harm to StakeHound resulting from the further adjournment.

We thank the Court for its consideration in this matter.

Respectfully,

*Stephanie Wickouski*

Stephanie Wickouski


cc:   Mitchell Hurley (VIA E-MAIL)(MHURLEY@AKINGUMP.COM)
      Jonathan W. Young (VIA E-MAIL)(JONATHAN.YOUNG@LOCKELORD.COM)
      Jeff Kramer (VIA E-MAIL)(JKRAMER@LOCKELORD.COM)
      Sean Feener (VIA E-MAIL)(SEAN.FEENER@LOCKELORD.COM)