Page 1

1    UNITED STATES BANKRUPTCY COURT

2    SOUTHERN DISTRICT OF NEW YORK

3    Case No. 22-10964-mg

4    Adv. Case No. 23-01138-mg

5    - - - - - - - - - - - - - - - - - - - - - - - - - - - x

6    In the Matter of:

7

8    CELSIUS NETWORK LLC,

9

10           Debtor.

11   - - - - - - - - - - - - - - - - - - - - - - - - - - - x

12   CELSIUS NETWORK LIMITED,

13                 Plaintiff,

14          v.

15   STAKEHOUND SA,

16                 Defendant.

17   - - - - - - - - - - - - - - - - - - - - - - - - - - - x

18

19                 United States Bankruptcy Court

20                 One Bowling Green

21                 New York, NY  10004

22

23                 September 21, 2023

24                 4:30 PM

25

1    B E F O R E :

2    HON MARTIN GLENN

3    U.S. BANKRUPTCY JUDGE

4

5    ECRO:   JONATHAN

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1    HEARING re Adversary proceeding: 23-01138-mg Celsius Network

2    Limited v. StakeHound SA

3    Zoom Hearing RE: Emergency Motion for Amendment of Order

4    Granting TRO (the "Motion"). (Doc ## 67, 68, 74 to 80)

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25    Transcribed by:  Sonya Ledanski Hyde

Page 4

```
 1   A P P E A R A N C E S :

 2

 3   LOCKE LORD LLP

 4        Attorneys for the Defendant

 5        200 Vesey Street, 20th Floor

 6        New York, NY 10281

 7

 8   BY:  MARY STEPHANIE WICKOUSKI

 9

10   AKIN GUMP STRAUSS HAUER & FELD LLP

11        Attorneys for the Debtor/Plaintiff

12        One Bryant Park

13        New York, NY 10036

14

15   BY:  MITCHELL HURLEY

16

17   ALSO PRESENT TELEPHONICALLY:

18   JASMINE ARMAND

19   DEAN LINDSAY CHAPMAN

20   CHRISTOPHER J. COCO

21   AARON COLODNY

22   THOMAS DIFIORE

23   SCOTT DUFFY

24   SEAN ANDREW FEENER

25   MIRA HAQQANI
```

Page 5

```
 1   SAMUEL P. HERSHEY

 2   JEFFREY S. KRAMER

 3   NICHOLAS R. LOMBARDI

 4   KEITH NOYES

 5   CAITLIN O'CONNELL

 6   GREGORY F. PESCE

 7   MARK ROBINSON

 8   ELIZABETH D. SCOTT

 9   MICHAEL STANLEY

10   DAVID TURETSKY

11   CAROLINE WARREN

12   KEITH WOFFORD

13   ANDREW YOON

14   TANZILA ZOMO

15   UDAY GORREPATI

16   TAYLOR HARRISON

17   JEREMY HILL

18   MIKE LEGGE

19   VINCE SULLIVAN

20

21

22

23

24

25
```

Page 6

1                  P R O C E E D I N G S

2              CLERK:  All right.  Starting the calendar on

3     September 21, 2023 at 4:30 PM, the hearing in the following

4     case: Celsius Network Limited v. StakeHound SA, Case Number

5     23-1138.  Ms. Wickouski, if you could unmute and give your

6     appearance, please?

7              MS. WICKOUSKI:  Good afternoon, Ms. Anderson.  For

8     the record, this is Stephanie Wickouski, from Locke Lord, on

9     behalf of the Defendant, StakeHound SA.

10             CLERK:  Okay.  Thank you.  All right.  I think Mr.

11    Stanley is still trying to join.  All right.  Mr. Sullivan,

12    are you speaking this afternoon?  Is anyone else speaking on

13    the record this afternoon?

14             All right.  Let me -- you can go ahead and pause

15    the recording, Jonathan.

16             All right, Mr. Stanley, are you speaking this

17    afternoon?

18             MR. STANLEY:  No, I'm not.  Are you able to hear

19    me?

20             CLERK:  Yes, I can.  Can you tell me who will be

21    speaking from Akin?

22             MR. STANLEY:  It should be Mitch Hurley.  I'm not

23    sure if he's on the line.  And --

24             CLERK:  I'm sorry, go ahead.

25             MR. STANLEY:  Sorry.  I was just going to say

Page 7

1    Mitch Hurley should be the only one speaking.  But Dean

2    Chapman and Elizabeth Scott may also be making appearances

3    from Akin.

4              CLERK:  All right.  Thank you.

5              MR. STANLEY:  Thank you.

6              CLERK:  All right.  Do we have any addition -- for

7    the parties that have joined, is anyone else speaking on the

8    record this afternoon?  All right.  Please pause the

9    recording.

10             All right.  For the parties that have joined, if

11   anyone is speaking on the record this afternoon, please

12   unmute your line and state your appearance.

13             MS. WICKOUSKI:  Good afternoon.  For the record,

14   Stephanie Witkowski, from Locke Lord, on behalf of

15   StakeHound SA.

16             CLERK:  Thank you.  Do you have anyone else for

17   StakeHound?

18             MS. WICKOUSKI:  No.

19             CLERK:  Okay.  Thank you.

20             MS. WICKOUSKI:  I will be the only one.

21             CLERK:  Thank you.  Do we have anyone for White

22   Case yet that is speaking this afternoon?  All right.  Do we

23   have anyone for Celsius Networks?  On behalf of Celsius

24   Networks, Akin?

25             MR. CHAPMAN:  Dean Chapman, Akin Gump.  Let me

Page 8

1   ping Mitch.  I assume he'll be the one speaking, so give me

2   one second.

3              CLERK:  Okay.  Thank you.  Good afternoon, Mr.

4   Hurley.  If you could unmute and give your appearance,

5   please?

6              MR. HURLEY:  Good afternoon.  Mitch Hurley, with

7   Akin Gump, special litigation counsel for Celsius.

8              CLERK:  All right, thank you.  Are we waiting on

9   any other counsel?

10             MR. HURLEY:  We are not.

11             CLERK:  Okay.  Thank you.  Judge, do you want to

12  start?

13             THE COURT:  Sure, let's begin.  Okay.  Good

14  afternoon.  Mr. Hurley, where do we stand?

15             MR. HURLEY:  So we have good news, Your Honor.

16  First --

17             THE COURT:  I always like to hear good news.

18             MR. HURLEY:  So first, the parties have agreed to

19  adjourn the hearing until October 25, 2023.  The parties

20  also have reached agreement concerning the motion to

21  reconsider.  And we're going to prepare a stipulation

22  jointly and submit it to Your Honor.  But I'll just tell you

23  the broad strokes of it.  And I discussed this briefly with

24  Ms. Wickouski before the hearing.

25             So, the way I understand we're going to proceed is

Page 9

1    StakeHound is going to withdraw its motion to reconsider.

2    The parties are going to submit a proposed so-ordered

3    stipulation to the Court.  The stipulation will provide some

4    modest additional carveouts from the TRO, specifically for

5    staking nodes and for the outstanding bill that we

6    understand is due to the Goldfarb firm in Israel, and for no

7    other purpose.

8            So, just to put a little bit of meat on those

9    bones, according to the declaration that was filed yesterday

10   by Mr. Nemse -- am I missing a day? -- sorry -- day before

11   yesterday by Mr. Nemse -- the Goldfarb firm is owed $91,215

12   dollars.

13           So, what the stipulation is going to provide is

14   that first, the approximately -- or I guess it's exact --

15   $38,973 left from the original $200,000 carveout will be

16   used solely to pay down that bill.  Celsius will agree to an

17   additional carveout of $52,214 dollars to pay the balance of

18   that bill.

19           In addition, Celsius will agree to a $75,000

20   incremental carveout solely to pay fees to all nodes that

21   may be required to keep the nodes state, and only as and

22   when they come due.  And my understanding, that will be more

23   than enough of funds to keep the nodes staked for a

24   substantial period of time, indeed; certainly through the

25   preliminary injunction and beyond.  And that's it.  No

Page 10

```
 1    carveouts for any other lawyers for any other purpose from

 2    the TRO.

 3              The stipulation also will acknowledge and agree

 4    that the TRO is otherwise extended through the determination

 5    of the preliminary injunction motion.  And that will be the

 6    substantive contents.

 7              THE COURT:  Okay.

 8              MR. HURLEY:  Before I move on, I wanted to say one

 9    thing for the record, to make very clear that Celsius does

10    not concede that transfers that were made by StakeHound

11    during the voluntary freezing period were proper.  I'm not

12    here to pick a fight about that, but I also want to make

13    sure the record is crystal clear that in that regard,

14    Celsius reserves all of its rights, remedies, claims,

15    defenses, etc., since there was some discussion of it on the

16    record last time.

17              That all I have on the stipulation.  And before I

18    move on to mediation, maybe I'll just pause and see if the

19    Court has questions or if Ms. Wickouski has anything she

20    wants to add.

21              THE COURT:  Ms. Wickouski, do you have anything

22    you want to add?

23              MS. WICKOUSKI:  No, Your Honor.  Mr. Hurley has

24    correctly stated what we've agreed.  I just want to add,

25    first of all, I want to thank Mr. Hurley and his client for
```

Page 11

1    working with us over the last 48 hours.  It has not been

2    easy.  Probably been harder on me than it has been on him,

3    but I would say it's probably not been easy for either one

4    of us.  And we feel this is very constructive and sets the

5    path forward for us to proceed to mediation, which we also -

6    - I think was much easier for us to readily agree on

7    mediation and also names of proposed mediators.  And I can

8    let Mr. Hurley get through that.

9            THE COURT:  Okay.  Thank you, Ms. Wickouski.  Mr.

10   Hurley?

11           MR. HURLEY:  Thank you.  So, not much to say on

12   that, Your Honor, other than that we spoke briefly about

13   mediation.  I think we're both interested in moving forward

14   with that, of course in parallel with the other proceedings

15   and doing it swiftly.

16           You know, I think both Ms. Wickouski and I agree

17   that probably ideal would be a bankruptcy judge as a

18   mediator.  You know, we've thought about some names.  We

19   obviously don't know anyone's schedule.  And one thing we

20   were hoping today, Your Honor, is we'd let you know that and

21   would welcome, obviously, any input Your Honor might have in

22   terms of who, you know, may be available or appropriate for

23   this kind of a task.

24           We certainly -- you know, we had thought about,

25   for instance, Judge Wiles who was involved in a mediation in

Page 12

1    another matter in this case and obviously handled Voyager;

2    Judge Garrity, you know.  But I think any of the very fine

3    bankruptcy judges in this district would be fantastic.  So

4    to the extent we can get some guidance from Your Honor, we

5    would again, of course, really welcome it.

6           THE COURT:  I don't have any immediate comments.

7    I'm glad that you're both prepared to move to mediation.

8    Yes, Judge Wiles, you know, had the Voyager case.  He served

9    as the mediator and successfully mediated major disputes in

10   the Celsius case.  I do not know what his schedule is.  I

11   think that you could -- I have no problem if you reach out

12   to him.  He's not in -- I know he's not in court today and I

13   don't know if he'll be in tomorrow or not.  So I don't have

14   any problem about you reaching out to him.

15          I'm always reluctant to recommend mediators, only

16   because the other parties feel, well, the judge has

17   recommended somebody; if we don't pick him, you know...  And

18   I don't feel that way.  So I think that recently retired

19   Judges Drain and Chapman are both expert mediators, you

20   know, and I think they both have some background with

21   crypto.

22          I don't know whether you know, so Judge Drain is

23   at Skadden Arps, and Judge Chapman is at Wilkie.  I don't

24   know whether they have any conflicts as a result of, you

25   know, their current firm affiliations.  They're both doing

Page 13

1    mediations, is -- you know, that's not all they're doing,

2    but I know they're both doing mediations.  And both of them

3    are truly expert.  And Judge Wiles is terrific.  I really --

4    you know, I think Mr. Hurley knows because he's closer to

5    the Celsius case, you know, Judge Wiles really did a great

6    service.  He had a three-day mediation with a successful

7    resolution.

8            But I really -- I'm not putting my finger on the

9    scales of any of them.  I'm sure there are other...  I

10   think, you know, what would be most beneficial to both sides

11   here is that the mediator doesn't have to do a deep dive

12   into learning about staking and...  But you know, other than

13   that, I don't really have anything to say on it.

14           But let me -- anything else you want to say about

15   mediation?  So, look, go ahead and you reach out to Judge

16   Wiles, if you wish.  I don't have any problem about doing

17   that.

18           MR. HURLEY:  Understood.  No, those all sound like

19   excellent candidates.  So I don't think -- I don't have

20   anything else to add.  I don't know if Ms. Wickouski does.

21           MS. WICKOUSKI:  No, that's really good.  I did not

22   realize that -- I knew that Judge Wiles had mediated cases

23   in the crypto area.

24           THE COURT:  Right.

25           MS. WICKOUSKI:  I wasn't aware that he had already

1    served as a mediator in Celsius.  I think, you know, from my

2    perspective, that's a tremendous benefit in terms of to the

3    parties.

4              CHARLES SAM:   Learning curve.

5              MS. WICKOUSKI:  Yeah.  It's a complicated -- it's

6    not complicated as much as there's just a lot to it.

7              THE COURT:  No, and hey, you know, he -- the

8    issues in Voyager are not identical to Celsius, but some of

9    the same issues arise there.

10             The only other thing I wanted to say, I mean, it

11   would be -- I hope that you all mediate and successfully

12   resolve all of your disputes.  You know, I was going to say

13   that -- and I don't know that you need a mediator to do this

14   -- (indiscernible) a discussion between you and your

15   respective clients about whether -- on the issue of

16   compelling arbitration, you know, I'll decide the issues if

17   I have to decide the issues.  I've dealt with these kinds of

18   issues before.  Sometimes I've compelled arbitration;

19   sometimes I've not.

20             But you know, it would be -- I think you ought to

21   also explore -- if you can't resolve everything, whether you

22   agree that you'll go forward with an arbitration.  So, Mr.

23   Hurley, I don't know and I didn't go back and look at the

24   disclosure statement.  I don't know whether this litigation

25   -- whether it's a litigation or an arbitration, will go to a

Page 15

1    trust, which would post (indiscernible) -- assuming that the

2    plan is confirmed, would be resolved there.  And maybe you

3    know the answer to that offhand.  But the confirmation

4    hearing is most of October and I don't know how quickly

5    it'll get resolved.

6         But you know, I would say this, Ms. Wickouski.

7    Even if I compelled -- even if I granted a motion to compel

8    arbitration, I'd be sensitive to (indiscernible).  They're

9    really focused on this plan confirmation hearing.  It's

10   complicated, et cetera.

11        So, I mean, where I've granted motions to compel

12   arbitration before in bankruptcy cases, I have sometimes put

13   a date some point in the future when the debtor is in a

14   better position to go ahead and devote its attention to it.

15   I'm not saying that's what's going to happen.  I'm not

16   saying I'm going to compel arbitration.  But, you know, you

17   can deal with all of that in your discussions and

18   negotiations.  Hopefully, you'll resolve everything and it

19   won't be necessary to do that.

20        But I just -- you know, sometimes you can't

21   resolve everything; some things are going to go forward;

22   who's going to decide that, et cetera.  Okay?  Let me stop

23   there.

24        Let me just -- I do want to raise one thing.  So,

25   when we had the hearing, there were issues about discovery

1    and I made clear I'm not putting a pause -- you all can

2    agree how you're going to deal with that.  But I don't want

3    to get to October 25 and find out that, yeah, we're going

4    ahead with the preliminary injunction hearing and there

5    still hasn't been, you know, whatever depositions Celsius or

6    StakeHound want to take, and whatever documents need to be

7    produced.  So have you discussed the issue of the discovery?

8            MR. HURLEY:  Your Honor, we've been --

9            MS. WICKOUSKI:  We are --

10           MR. HURLEY:  Sorry.  Go ahead.

11           MS. WICKOUSKI:  Oh, we have a -- we've been

12   working on discovery.  It's not me personally, but another

13   member of my team who's been working very intensively on the

14   document production, which is large and needs some further

15   discussion with the Akin team, so that it becomes doable

16   from both parties' perspective.  So we're planning to have a

17   call tomorrow --

18           THE COURT:  Okay.

19           MS. WICKOUSKI:  -- to hammer that out.  I'm very

20   optimistic that we are going to resolve all open issues,

21   because we're ready to make the production.  And we do --

22   but you know, we do need to talk about things like search

23   terms and scope and narrow it downs, because I think that

24   there is an interest in streamlining this to a point that

25   it's doable, because we know we don't have much time to get

Page 17

1    from here to the depositions.

2              And so I think as part of that conversation, we're

3    hoping to -- we're looking to resolve any open discovery

4    issues and also set a schedule for the depositions, so we

5    can get to the 25th.  And it's not contemplated that we're

6    going to stop or pause any part of the process while we have

7    mediation.  Probably, I'm going to take the lead in the

8    mediation and someone else in my firm will take the lead on

9    the litigation.  So --

10             THE COURT:  Yeah, the only other comment I'd make

11   on that, mediation is most successful when the parties are

12   on a level playing field about knowing what the facts are.

13   So, you know, people sometimes say, well, we shouldn't -- we

14   should put off the discovery.  I generally don't agree with

15   that.  Usually, when the parties are fully informed about

16   the facts and can assess what their risks are, they're in

17   the best position to mediate successfully.  I won't -- I'm

18   going to leave it to the two of you, hopefully, to work that

19   all out.  Okay?

20             MR. HURLEY:  (indiscernible)

21             THE COURT:  Mr. Hurley, did you want to say

22   anything on that subject?

23             MR. HURLEY:  Only that we hope to be submitting to

24   you a proposed revised scheduling order soon that

25   contemplates some new data and some new deadlines.

1           THE COURT:  Okay.  All right.  All right, I'm, you

2      know -- hopefully you won't need any further assistance from

3      the Court.  I'll look forward to this schedule.  And I gave

4      you the date for the hearing.  We're clearly holding that on

5      the calendar.

6           MR. HURLEY:  Thank you.

7           THE COURT:  Okay?  And of course, keep me posted

8      if you're making progress and reach an agreement in

9      principle or something.  So, okay?

10          MR. HURLEY:  We will.

11          THE COURT:  All right.  Thanks very much.  I

12      appreciate -- I'm glad that you were able to reach an

13      agreement this far.  Okay?

14          MR. HURLEY:  Yes.

15          THE COURT:  Thanks very much.  All right, we're

16      adjourned.

17          (Whereupon these proceedings were concluded at

18      4:44 PM)

19

20

21

22

23

24

25

Page 19

1                    C E R T I F I C A T I O N

2

3        I, Sonya Ledanski Hyde, certified that the foregoing

4   transcript is a true and accurate record of the proceedings.

5

6

7

8   Sonya Ledanski Hyde

9

10

11

12

13

14

15

16

17

18

19

20   Veritext Legal Solutions

21   330 Old Country Road

22   Suite 300

23   Mineola, NY 11501

24

25   Date:  September 22, 2023

**[& - bryant]**                                                                                    Page 1

| & | | |
|---|---|---|
| **&** 4:10 | | |

**1**

**10004** 1:21
**10036** 4:13
**10281** 4:6
**11501** 19:23
**12151** 19:7

**2**

**200** 4:5
**200,000** 9:15
**2023** 1:23 6:3
  8:19 19:25
**20th** 4:5
**21** 1:23 6:3
**22** 19:25
**22-10964** 1:3
**23-01138** 1:4
  3:1
**23-1138** 6:5
**25** 8:19 16:3
**25th** 17:5

**3**

**300** 19:22
**330** 19:21
**38,973** 9:15

**4**

**48** 11:1
**4:30** 1:24 6:3
**4:44** 18:18

**5**

**52,214** 9:17

**6**

**67** 3:4
**68** 3:4

**7**

**74** 3:4
**75,000** 9:19

**8**

**80** 3:4

**9**

**91,215** 9:11

**a**

**aaron** 4:21
**able** 6:18 18:12
**accurate** 19:4
**acknowledge**
  10:3
**add** 10:20,22
  10:24 13:20
**addition** 7:6
  9:19
**additional** 9:4
  9:17
**adjourn** 8:19
**adjourned**
  18:16
**adv** 1:4
**adversary** 3:1
**affiliations**
  12:25
**afternoon** 6:7
  6:12,13,17 7:8
  7:11,13,22 8:3
  8:6,14
**agree** 9:16,19
  10:3 11:6,16

14:22 16:2
  17:14
**agreed** 8:18
  10:24
**agreement**
  8:20 18:8,13
**ahead** 6:14,24
  13:15 15:14
  16:4,10
**akin** 4:10 6:21
  7:3,24,25 8:7
  16:15
**amendment**
  3:3
**anderson** 6:7
**andrew** 4:24
  5:13
**answer** 15:3
**anyone's** 11:19
**appearance**
  6:6 7:12 8:4
**appearances**
  7:2
**appreciate**
  18:12
**appropriate**
  11:22
**approximately**
  9:14
**arbitration**
  14:16,18,22,25
  15:8,12,16
**area** 13:23
**armand** 4:18
**arps** 12:23
**assess** 17:16

**assistance** 18:2
**assume** 8:1
**assuming** 15:2
**attention** 15:14
**attorneys** 4:4
  4:11
**available** 11:22
**aware** 13:25

| b | | |
|---|---|---|

**b** 2:1
**back** 14:23
**background**
  12:20
**balance** 9:17
**bankruptcy**
  1:1,19 2:3
  11:17 12:3
  15:12
**behalf** 6:9 7:14
  7:23
**beneficial**
  13:10
**benefit** 14:2
**best** 17:17
**better** 15:14
**beyond** 9:25
**bill** 9:5,16,18
**bit** 9:8
**bones** 9:9
**bowling** 1:20
**briefly** 8:23
  11:12
**broad** 8:23
**bryant** 4:12

**[c - documents]**                                              Page 2

| c | | | |
|---|---|---|---|
| c  4:1 6:1 19:1,1 | clearly  18:4 | contents  10:6 | decide  14:16 |
| caitlin  5:5 | clerk  6:2,10,20 | conversation | 14:17 15:22 |
| calendar  6:2 | 6:24 7:4,6,16 | 17:2 | declaration  9:9 |
| 18:5 | 7:19,21 8:3,8 | correctly  10:24 | deep  13:11 |
| call  16:17 | 8:11 | counsel  8:7,9 | defendant  1:16 |
| candidates | client  10:25 | country  19:21 | 4:4 6:9 |
| 13:19 | clients  14:15 | course  11:14 | defenses  10:15 |
| caroline  5:11 | closer  13:4 | 12:5 18:7 | depositions |
| carveout  9:15 | coco  4:20 | court  1:1,19 | 16:5 17:1,4 |
| 9:17,20 | colodny  4:21 | 8:13,17 9:3 | determination |
| carveouts  9:4 | come  9:22 | 10:7,19,21 | 10:4 |
| 10:1 | comment | 11:9 12:6,12 | devote  15:14 |
| case  1:3,4 6:4,4 | 17:10 | 13:24 14:7 | difiore  4:22 |
| 7:22 12:1,8,10 | comments  12:6 | 16:18 17:10,21 | disclosure |
| 13:5 | compel  15:7,11 | 18:1,3,7,11,15 | 14:24 |
| cases  13:22 | 15:16 | crypto  12:21 | discovery |
| 15:12 | compelled | 13:23 | 15:25 16:7,12 |
| celsius  1:8,12 | 14:18 15:7 | crystal  10:13 | 17:3,14 |
| 3:1 6:4 7:23,23 | compelling | current  12:25 | discussed  8:23 |
| 8:7 9:16,19 | 14:16 | curve  14:4 | 16:7 |
| 10:9,14 12:10 | complicated | | discussion |
| 13:5 14:1,8 | 14:5,6 15:10 | d | 10:15 14:14 |
| 16:5 | concede  10:10 | d  5:8 6:1 | 16:15 |
| certainly  9:24 | concerning | data  17:25 | discussions |
| 11:24 | 8:20 | date  15:13 18:4 | 15:17 |
| certified  19:3 | concluded | 19:25 | disputes  12:9 |
| cetera  15:10,22 | 18:17 | david  5:10 | 14:12 |
| chapman  4:19 | confirmation | day  9:10,10 | district  1:2 |
| 7:2,25,25 | 15:3,9 | 13:6 | 12:3 |
| 12:19,23 | confirmed  15:2 | deadlines | dive  13:11 |
| charles  14:4 | conflicts  12:24 | 17:25 | doable  16:15 |
| christopher | constructive | deal  15:17 16:2 | 16:25 |
| 4:20 | 11:4 | dealt  14:17 | doc  3:4 |
| claims  10:14 | contemplated | dean  4:19 7:1 | document |
| clear  10:9,13 | 17:5 | 7:25 | 16:14 |
| 16:1 | contemplates | debtor  1:10 | documents |
| | 17:25 | 4:11 15:13 | 16:6 |

[doing - indiscernible]                                                        Page 3

| | | | |
|---|---|---|---|
| **doing**  11:15 12:25 13:1,2 13:16 | **feld**  4:10 | **going**  6:25 8:21 8:25 9:1,2,13 14:12 15:15,16 15:21,22 16:2 16:3,20 17:6,7 17:18 | **hershey**  5:1 |
| **dollars**  9:12,17 | **field**  17:12 | | **hey**  14:7 |
| **downs**  16:23 | **fight**  10:12 | | **hill**  5:17 |
| **drain**  12:19,22 | **filed**  9:9 | | **holding**  18:4 |
| **due**  9:6,22 | **find**  16:3 | | **hon**  2:2 |
| **duffy**  4:23 | **fine**  12:2 | | **honor**  8:15,22 10:23 11:12,20 11:21 12:4 16:8 |
| **e** | **finger**  13:8 | **goldfarb**  9:6 9:11 | |
| **e**  2:1,1 4:1,1 6:1,1 19:1 | **firm**  9:6,11 12:25 17:8 | **good**  6:7 7:13 8:3,6,13,15,17 13:21 | **hope**  14:11 17:23 |
| **easier**  11:6 | **first**  8:16,18 9:14 10:25 | | **hopefully**  15:18 17:18 18:2 |
| **easy**  11:2,3 | **floor**  4:5 | **gorrepati**  5:15 | |
| **ecro**  2:5 | **focused**  15:9 | **granted**  15:7 15:11 | **hoping**  11:20 17:3 |
| **either**  11:3 | **following**  6:3 | | |
| **elizabeth**  5:8 7:2 | **foregoing**  19:3 | **granting**  3:4 | **hours**  11:1 |
| **emergency**  3:3 | **forward**  11:5 11:13 14:22 15:21 18:3 | **great**  13:5 | **hurley**  4:15 6:22 7:1 8:4,6 8:6,10,14,15 8:18 10:8,23 10:25 11:8,10 11:11 13:4,18 14:23 16:8,10 17:20,21,23 18:6,10,14 |
| **et**  15:10,22 | | **green**  1:20 | |
| **exact**  9:14 | | **gregory**  5:6 | |
| **excellent**  13:19 | **freezing**  10:11 | **guess**  9:14 | |
| **expert**  12:19 13:3 | **fully**  17:15 | **guidance**  12:4 | |
| | **funds**  9:23 | **gump**  4:10 7:25 8:7 | |
| **explore**  14:21 | **further**  16:14 18:2 | | |
| **extended**  10:4 | **future**  15:13 | **h** | **hyde**  3:25 19:3 19:8 |
| **extent**  12:4 | **g** | **hammer**  16:19 | |
| **f** | **g**  6:1 | **handled**  12:1 | **i** |
| **f**  2:1 5:6 19:1 | **garrity**  12:2 | **happen**  15:15 | **ideal**  11:17 |
| **facts**  17:12,16 | **generally**  17:14 | **haqqani**  4:25 | **identical**  14:8 |
| **fantastic**  12:3 | **give**  6:5 8:1,4 | **harder**  11:2 | **immediate**  12:6 |
| **far**  18:13 | **glad**  12:7 18:12 | **harrison**  5:16 | |
| **feel**  11:4 12:16 12:18 | **glenn**  2:2 | **hauer**  4:10 | **incremental**  9:20 |
| | **go**  6:14,24 13:15 14:22,23 14:25 15:14,21 16:10 | **he'll**  8:1 12:13 | |
| **feener**  4:24 | | **hear**  6:18 8:17 | **indiscernible**  14:14 15:1,8 |
| **fees**  9:20 | | **hearing**  3:1,3 6:3 8:19,24 15:4,9,25 16:4 18:4 | |

17:20

**informed**
  17:15
**injunction**
  9:25 10:5 16:4
**input**  11:21
**instance**  11:25
**intensively**
  16:13
**interest**  16:24
**interested**
  11:13
**involved**  11:25
**israel**  9:6
**issue**  14:15
  16:7
**issues**  14:8,9
  14:16,17,18
  15:25 16:20
  17:4
**it'll**  15:5

**j**

**j**  4:20
**jasmine**  4:18
**jeffrey**  5:2
**jeremy**  5:17
**join**  6:11
**joined**  7:7,10
**jointly**  8:22
**jonathan**  2:5
  6:15
**judge**  2:3 8:11
  11:17,25 12:2
  12:8,16,22,23
  13:3,5,15,22
**judges**  12:3,19

**k**

**keep**  9:21,23
  18:7
**keith**  5:4,12
**kind**  11:23
**kinds**  14:17
**knew**  13:22
**know**  11:16,18
  11:19,20,22,24
  12:2,8,10,12
  12:13,17,20,22
  12:22,24,25
  13:1,2,4,5,10
  13:12,20 14:1
  14:7,12,13,16
  14:20,23,24
  15:3,4,6,16,20
  16:5,22,25
  17:13 18:2
**knowing**  17:12
**knows**  13:4
**kramer**  5:2

**l**

**large**  16:14
**lawyers**  10:1
**lead**  17:7,8
**learning**  13:12
  14:4
**leave**  17:18
**ledanski**  3:25
  19:3,8
**left**  9:15
**legal**  19:20
**legge**  5:18
**level**  17:12

**limited**  1:12
  3:2 6:4
**lindsay**  4:19
**line**  6:23 7:12
**litigation**  8:7
  14:24,25 17:9
**little**  9:8
**llc**  1:8
**llp**  4:3,10
**locke**  4:3 6:8
  7:14
**lombardi**  5:3
**look**  13:15
  14:23 18:3
**looking**  17:3
**lord**  4:3 6:8
  7:14
**lot**  14:6

**m**

**made**  10:10
  16:1
**major**  12:9
**make**  10:9,12
  16:21 17:10
**making**  7:2
  18:8
**mark**  5:7
**martin**  2:2
**mary**  4:8
**matter**  1:6
  12:1
**mean**  14:10
  15:11
**meat**  9:8
**mediate**  14:11
  17:17

**mediated**  12:9
  13:22
**mediation**
  10:18 11:5,7
  11:13,25 12:7
  13:6,15 17:7,8
  17:11
**mediations**
  13:1,2
**mediator**  11:18
  12:9 13:11
  14:1,13
**mediators**  11:7
  12:15,19
**member**  16:13
**mg**  1:3,4 3:1
**michael**  5:9
**mike**  5:18
**mineola**  19:23
**mira**  4:25
**missing**  9:10
**mitch**  6:22 7:1
  8:1,6
**mitchell**  4:15
**modest**  9:4
**motion**  3:3,4
  8:20 9:1 10:5
  15:7
**motions**  15:11
**move**  10:8,18
  12:7
**moving**  11:13

**n**

**n**  4:1 6:1 19:1
**names**  11:7,18
**narrow**  16:23

necessary
  15:19
need  14:13
  16:6,22 18:2
needs  16:14
negotiations
  15:18
nemse  9:10,11
network  1:8,12
  3:1 6:4
networks  7:23
  7:24
new  1:2,21 4:6
  4:13 17:25,25
news  8:15,17
nicholas  5:3
nodes  9:5,20
  9:21,23
noyes  5:4
number  6:4
ny  1:21 4:6,13
  19:23

**o**

o  2:1 6:1 19:1
o'connell  5:5
obviously
  11:19,21 12:1
october  8:19
  15:4 16:3
offhand  15:3
oh  16:11
okay  6:10 7:19
  8:3,11,13 10:7
  11:9 15:22
  16:18 17:19
  18:1,7,9,13

old  19:21
open  16:20
  17:3
optimistic
  16:20
order  3:3
  17:24
ordered  9:2
original  9:15
ought  14:20
outstanding
  9:5
owed  9:11

**p**

p  4:1,1 5:1 6:1
parallel  11:14
park  4:12
part  17:2,6
parties  7:7,10
  8:18,19 9:2
  12:16 14:3
  16:16 17:11,15
path  11:5
pause  6:14 7:8
  10:18 16:1
  17:6
pay  9:16,17,20
people  17:13
period  9:24
  10:11
personally
  16:12
perspective
  14:2 16:16
pesce  5:6
pick  10:12
  12:17

ping  8:1
plaintiff  1:13
  4:11
plan  15:2,9
planning  16:16
playing  17:12
please  6:6 7:8
  7:11 8:5
pm  1:24 6:3
  18:18
point  15:13
  16:24
position  15:14
  17:17
post  15:1
posted  18:7
preliminary
  9:25 10:5 16:4
prepare  8:21
prepared  12:7
present  4:17
principle  18:9
probably  11:2
  11:3,17 17:7
problem  12:11
  12:14 13:16
proceed  8:25
  11:5
proceeding  3:1
proceedings
  11:14 18:17
  19:4
process  17:6
produced  16:7
production
  16:14,21

progress  18:8
proper  10:11
proposed  9:2
  11:7 17:24
provide  9:3,13
purpose  9:7
  10:1
put  9:8 15:12
  17:14
putting  13:8
  16:1

**q**

questions
  10:19
quickly  15:4

**r**

r  2:1 4:1 5:3
  6:1 19:1
raise  15:24
reach  12:11
  13:15 18:8,12
reached  8:20
reaching  12:14
readily  11:6
ready  16:21
realize  13:22
really  12:5
  13:3,5,8,13,21
  15:9
recently  12:18
recommend
  12:15
recommended
  12:17
reconsider
  8:21 9:1

record  6:8,13
  7:8,11,13 10:9
  10:13,16 19:4
recording  6:15
  7:9
regard  10:13
reluctant
  12:15
remedies  10:14
required  9:21
reserves  10:14
resolution  13:7
resolve  14:12
  14:21 15:18,21
  16:20 17:3
resolved  15:2,5
respective
  14:15
result  12:24
retired  12:18
revised  17:24
right  6:2,10,11
  6:14,16 7:4,6,8
  7:10,22 8:8
  13:24 18:1,1
  18:11,15
rights  10:14
risks  17:16
road  19:21
robinson  5:7

s

s  4:1 5:2 6:1
sa  1:15 3:2 6:4
  6:9 7:15
sam  14:4
samuel  5:1

saying  15:15
  15:16
scales  13:9
schedule  11:19
  12:10 17:4
  18:3
scheduling
  17:24
scope  16:23
scott  4:23 5:8
  7:2
sean  4:24
search  16:22
second  8:2
see  10:18
sensitive  15:8
september
  1:23 6:3 19:25
served  12:8
  14:1
service  13:6
set  17:4
sets  11:4
sides  13:10
signature  19:7
skadden  12:23
solely  9:16,20
solutions  19:20
somebody
  12:17
sonya  3:25
  19:3,8
soon  17:24
sorry  6:24,25
  9:10 16:10
sound  13:18

southern  1:2
speaking  6:12
  6:12,16,21 7:1
  7:7,11,22 8:1
special  8:7
specifically  9:4
spoke  11:12
staked  9:23
stakehound
  1:15 3:2 6:4,9
  7:15,17 9:1
  10:10 16:6
staking  9:5
  13:12
stand  8:14
stanley  5:9
  6:11,16,18,22
  6:25 7:5
start  8:12
starting  6:2
state  7:12 9:21
stated  10:24
statement
  14:24
states  1:1,19
stephanie  4:8
  6:8 7:14
stipulation
  8:21 9:3,3,13
  10:3,17
stop  15:22 17:6
strauss  4:10
streamlining
  16:24
street  4:5
strokes  8:23

subject  17:22
submit  8:22
  9:2
submitting
  17:23
substantial
  9:24
substantive
  10:6
successful  13:6
  17:11
successfully
  12:9 14:11
  17:17
suite  19:22
sullivan  5:19
  6:11
sure  6:23 8:13
  10:13 13:9
swiftly  11:15

t

t  19:1,1
take  16:6 17:7
  17:8
talk  16:22
tanzila  5:14
task  11:23
taylor  5:16
team  16:13,15
telephonically
  4:17
tell  6:20 8:22
terms  11:22
  14:2 16:23
terrific  13:3
thank  6:10 7:4
  7:5,16,19,21

[thank - zoom]                                                      Page 7

| | | | z |
|---|---|---|---|
| 8:3,8,11 10:25 | **trying** 6:11 | **warren** 5:11 | **zomo** 5:14 |
| 11:9,11 18:6 | **turetsky** 5:10 | **way** 8:25 12:18 | **zoom** 3:3 |
| **thanks** 18:11 | **two** 17:18 | **we've** 10:24 | |
| 18:15 | **u** | 11:18 16:8,11 | |
| **thing** 10:9 | **u.s.** 2:3 | **welcome** 11:21 | |
| 11:19 14:10 | **uday** 5:15 | 12:5 | |
| 15:24 | **understand** | **white** 7:21 | |
| **things** 15:21 | 8:25 9:6 | **wickouski** 4:8 | |
| 16:22 | **understanding** | 6:5,7,8 7:13,18 | |
| **think** 6:10 11:6 | 9:22 | 7:20 8:24 | |
| 11:13,16 12:2 | **understood** | 10:19,21,23 | |
| 12:11,18,20 | 13:18 | 11:9,16 13:20 | |
| 13:4,10,19 | **united** 1:1,19 | 13:21,25 14:5 | |
| 14:1,20 16:23 | **unmute** 6:5 | 15:6 16:9,11 | |
| 17:2 | 7:12 8:4 | 16:19 | |
| **thomas** 4:22 | **used** 9:16 | **wiles** 11:25 | |
| **thought** 11:18 | **usually** 17:15 | 12:8 13:3,5,16 | |
| 11:24 | **v** | 13:22 | |
| **three** 13:6 | **v** 1:14 3:2 6:4 | **wilkie** 12:23 | |
| **time** 9:24 | **veritext** 19:20 | **wish** 13:16 | |
| 10:16 16:25 | **vesey** 4:5 | **withdraw** 9:1 | |
| **today** 11:20 | **vince** 5:19 | **witkowski** 7:14 | |
| 12:12 | **voluntary** | **wofford** 5:12 | |
| **tomorrow** | 10:11 | **work** 17:18 | |
| 12:13 16:17 | **voyager** 12:1,8 | **working** 11:1 | |
| **transcribed** | 14:8 | 16:12,13 | |
| 3:25 | **w** | **x** | |
| **transcript** 19:4 | **waiting** 8:8 | **x** 1:5,11,17 | |
| **transfers** 10:10 | **want** 8:11 | **y** | |
| **tremendous** | 10:12,22,24,25 | **yeah** 14:5 16:3 | |
| 14:2 | 13:14 15:24 | 17:10 | |
| **tro** 3:4 9:4 10:2 | 16:2,6 17:21 | **yesterday** 9:9 | |
| 10:4 | **wanted** 10:8 | 9:11 | |
| **true** 19:4 | 14:10 | **yoon** 5:13 | |
| **truly** 13:3 | **wants** 10:20 | **york** 1:2,21 4:6 | |
| **trust** 15:1 | | 4:13 | |