**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>CELSIUS NETWORK LLC, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 22-10964 (MG)<br><br>(Jointly Administered) |
| CELSIUS NETWORK LIMITED<br><br>Plaintiff,<br>v.<br><br>STAKEHOUND SA,<br><br>Defendant. | Adversary Proceeding<br>No. 23-01138 (MG) |

**JOINT STIPULATION AND AGREED ORDER BETWEEN PLAINTIFF CELSIUS NETWORK LIMITED AND DEFENDANT STAKEHOUND SA REGARDING (I) STAKEHOUND SA'S MOTION TO AMEND TRO ORDER, (II) ADJOURNMENT OF THE PRELIMINARY INJUNCTION HEARING UNTIL OCTOBER 25, 2023, AND (III) EXTENSION OF THE TEMPORARY RESTRAINING ORDER UNTIL THE PRELIMINARY INJUNCTION HEARING**

This stipulation and agreed order (the "Stipulation and Order") is entered into by and among Plaintiff Celsius Network Limited ("Plaintiff") and Defendant StakeHound SA ("Defendant" and, together with Plaintiff, the "Parties") in the above-captioned adversary proceeding (the "Adversary Proceeding"). Each of the Parties agrees and stipulates to the following:

---

[1] The Debtors in these chapter 11 cases (the "Chapter 11 Cases"), along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450). The Debtors' service address in these Chapter 11 Cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

**WHEREAS**, on July 11, 2023, Plaintiff filed the Adversary Complaint [ECF No. 1] against Defendant in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), and on August 22, 2023, Plaintiff filed the First Amended Adversary Complaint [ECF No. 31];

**WHEREAS**, on August 23, 2023, Plaintiff filed the Notice of Motion for Temporary Restraining Order [ECF No. 33] and Memorandum in Support of Motion for Temporary Restraining Order and Preliminary Injunction [ECF No. 39] pursuant to Rule 7065 of the Federal Rules of Bankruptcy Procedure seeking a temporary restraining order and preliminary injunction preventing the dissipation of assets, including native ETH, MATIC and DOT tokens (or their corresponding nodes), plus rewards earned on those tokens, in Defendant's possession, custody or control;

**WHEREAS**, on September 8, 2023, the Bankruptcy Court entered the Order Granting TRO [ECF No. 59] (the "TRO") (i) granting Plaintiff's request for a TRO and prohibiting and preliminarily enjoining Defendant "from transferring any assets or property within StakeHound's possession, custody or control pending the outcome of the preliminary injunction hearing" (the "Subject Property"); (ii) scheduling a hearing (the "PI Hearing") on Celsius' Motion for a Preliminary Injunction (the "Injunction Motion") for September 27, 2023; and (iii) permitting Defendant "to spend $200,000 in money or money's worth of the [Subject Property]" pending the originally scheduled PI Hearing (the "TRO Carveout");

**WHEREAS**, after entry of the TRO, Defendant used $161,027 leaving a TRO Carveout balance of $38,973 (the "Original Carve Out Balance"); [2]

---

[2] Celsius reserves all of its rights, remedies, claims and defenses, including relating to transfers or other dispositions of property made by StakeHound at any time.

2

**WHEREAS**, on September 15, 2023, Defendant filed a motion to amend the TRO pursuant to Federal Rule of Civil Procedure 59 and Federal Rule of Bankruptcy Procedure 9023 [ECF No. 74] (the "Motion to Amend") asking the Bankruptcy Court to amend the TRO and increase the total TRO Carveout to $500,000 (an incremental increase of $300,000) for the period through the Bankruptcy Court's decision on the Injunction Motion;

**WHEREAS**, on September 18, 2023, Plaintiff filed a letter with the Bankruptcy Court [ECF No. 75] arguing that an adjournment of the PI Hearing by at least two additional weeks was necessary based on the status of Defendant's disclosures in discovery;

**WHEREAS**, on September 18, 2023, Defendant filed a letter with the Bankruptcy Court taking exception to Plaintiff's letter, but agreeing to adjourn the PI Hearing

**WHEREAS**, on September 19, 2023, Plaintiff filed the Opposition to StakeHound's Motion to Amend TRO [ECF No. 77];

**WHEREAS**, on September 19, 2023, the Bankruptcy Court held a hearing on Defendant's Motion to Amend, advising the parties that if the PI Hearing were to be adjourned, it would have to be adjourned to October 25, 2023, the next available day on the Bankruptcy Court's calendar;

**WHEREAS**, at the Court's suggestion, the parties met and conferred, and have reached an agreement governing the modifications to the TRO that will be made prior to October 25, 2023, the date currently scheduled for the PI Hearing;

**WHEREAS**, in consideration of the relief granted in this Stipulation and Order, StakeHound will refrain from making further applications to modify the TRO in advance of the PI Hearing (each, an "Application"); and

**WHEREAS**, the Parties now jointly submit this Stipulation and Order and respectfully request that the Bankruptcy Court approve the stipulation set forth below.

**IT IS THEREFORE STIPULATED AND AGREED, AND UPON BANKRUPTCY COURT APPROVAL HEREOF, IT IS HEREBY ORDERED THAT:**

1. The PI Hearing is adjourned to October 25, 2023 at a time to be determined.

2. StakeHound shall immediately file a notice withdrawing the Motion to Amend substantially in the form attached hereto as Exhibit A.

3. The TRO is extended through and including the date on which the Bankruptcy Court decides the Injunction Motion exactly as entered by the Bankruptcy Court on September 8, 2023, except as specifically provided in paragraph 4 below;

4. Upon the Withdrawal of the Motion to Amend, the TRO shall be deemed modified to (a) direct transfer of the Original Carveout Balance to the Goldfarb firm identified in the September 19, 2023 declaration of Edgar Nemse [ECF No. 79] ("Goldfarb") solely for the purpose of paying a portion of the $91,215 (the "Outstanding Goldfarb Amount") that Defendant represents is actually owed as of September 19, 2023 to Goldfarb as fees incurred representing Defendant adverse to Fireblocks in Israel; and (b) provide an additional carveout from the TRO of (i) $52,242 solely for the purpose of paying the balance of the Outstanding Goldfarb Amount after application of the Original Carveout Balance and (ii) $75,000 solely for the purpose of paying ordinary course fees (after application of all discounts and rebates) to Allnodes when and as they may become due and payable solely for purposes of maintaining the validator nodes supporting the native tokens and associated rewards.[3]

---

[3] Nothing herein shall be deemed agreement by Celsius that any carve-out from the TRO or any go-forward preliminary injunction is required or appropriate, and neither this stipulation nor Celsius' willingness to voluntarily enter into it shall be offered by StakeHound in connection with any further Application or in connection with the Injunction Motion, including as evidence that any further carve-out or other relief relating to the TRO, or any go-forward preliminary injunction, is necessary or appropriate.

5. For the avoidance of any conceivable doubt, the TRO shall remain in effect until the Injunction Motion is decided or until further limited or modified by the Court. Absent an emergency, StakeHound will make no further Applications to modify the TRO prior to the PI Hearing. To the extent an Application is made and denied, and the Court determines the matter was not a true emergency, StakeHound shall be liable for all reasonable costs, including attorneys' fees, incurred by Plaintiff in opposing the Application.[4]

6. This Bankruptcy Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Stipulation and Order.

**SO STIPULATED:**

Dated: October 9, 2023

| | |
|---|---|
| */s/ Mitchell P. Hurley* | */s/ Stephanie Wickouski* |
| **AKIN GUMP STRAUSS HAUER & FELD LLP** | **LOCKE LORD LLP** |
| Mitchell P. Hurley | Stephanie Wickouski |
| Dean L. Chapman Jr. | Jeffrey S. Kramer |
| One Bryant Park | Sean A. Feener |
| New York, New York 10036 | 200 Vesey Street, 20th Floor |
| Telephone: (212) 872-1000 | New York, New York 10281 |
| Fax: (212) 872-1002 | Tel: (212) 415-8600 |
| Email: mhurley@akingump.com | Fax: (212) 303-2754 |
| dchapman@akingump.com | swickouski@lockelord.com |
| | jkramer@lockelord.com |
| Elizabeth D. Scott (admitted *pro hac vice*) | sean.feener@lockelord.com |
| Nicholas R. Lombardi (admitted *pro hac vice*) | |
| 2300 N. Field Street, Suite 1800 | Jonathan W. Young (admitted *pro hac vice*) |
| Dallas, TX 75201 | 111 Huntington Avenue, 9th Floor |
| Telephone: (214) 969-2800 | Boston, Massachusetts 02199 |
| Fax: (214) 969-4343 | Tel: (617) 239-0367 |
| edscott@akingump.com | Fax: (617) 227-4420 |
| nlombardi@akingump.com | Jonathan.young@lockelord.com |

---

[4] For the avoidance of doubt, nothing herein shall be deemed to limit (i) the parties' rights or arguments at mediation with respect to a potential settlement between the Parties, or (ii) StakeHound's right at or following the PI Hearing to oppose any further injunctive relief and request further carve-outs (including, without limitation, for attorneys' fees, operational expenses, and otherwise) commencing on or after the date the Injunction Motion is decided, or any of Celsius' rights with respect to the Injunction Motion, including its right to oppose any such carve-outs.

*Counsel to Celsius Network Limited*     *Counsel to StakeHound SA*

**SO ORDERED:**

Dated: _____, 2023
      New York, New York

                                           THE HONORABLE MARTIN GLENN
                                           CHIEF UNITED STATES BANKRUPTCY JUDGE