UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>CELSIUS NETWORK LLC, *et al.*,[1]<br><br>                 Debtors. | Chapter 11<br><br>Case No. 22-10964 (MG)<br><br>Jointly Administered |
| CELSIUS NETWORK LIMITED,<br><br>                 Plaintiff,<br>        v.<br>STAKEHOUND SA,<br><br>                 Defendant. | Adversary Proceeding<br>No. 23-01138 (MG) |

**MEDIATION CONFIDENTIALITY AGREEMENT AND ORDER**

       This Mediation Confidentiality Agreement is entered by and between the undersigned counsel, acting on behalf of their respective clients (a) appointing the Mediator (as defined below) to oversee mediation of certain issues between the Mediation Parties (as defined below) (the "Mediation"), (b) requiring that all Participants (defined below) in the Mediation maintain the confidentiality of all communications, written, oral or otherwise, among and between the parties and the Mediator related to the Mediation (the "Mediation Communications") and (c) granting certain related relief; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and that venue of this proceeding is permissible pursuant to 28 U.S.C. §§ 1408 and 1409; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor,

---

[1]     The Debtors in these chapter 11 cases (the "Chapter 11 Cases"), along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450). The Debtors' service address in these Chapter 11 Cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1. The Hon. Michael E. Wiles, United States Bankruptcy Judge, shall act as the mediator in this case (the "Mediator").

2. Plaintiff Celsius Network Limited ("Celsius") and Defendant StakeHound S.A. ("StakeHound") shall participate in the Mediation as "Mediation Parties." The Official Committee of Unsecured Creditors ("UCC"), and such other parties as the Mediation Parties may agree or the Court may order, also may participate in the Meditation (the UCC and any such other party an "Additional Party," and together with the Mediation Parties the "Participants"). Co-counsel and financial advisors to any Participant may participate in the Mediation, as necessary.

3. The time, scope and procedures for the Mediation will be determined by the Mediator following such consultations with the Mediation Parties as he deems appropriate. The Mediator is authorized to mediate any issues and disputes concerning any matter within the above-captioned adversary proceeding, as well as the arbitration between StakeHound and Celsius that was commenced by StakeHound in Switzerland on or about April 24, 2023, and that since has been suspended in connection with the Court's August 30, 2023 order enforcing the automatic stay [ECF No. 53]. An in-person Mediation session, including principals for each of the Mediation Parties, will take place on October 13, 2023, at the office of Akin Gump Strauss Hauer & Feld LLP, located at One Bryant Park, Bank of America Tower, New York, New York 10036-6745. Other Mediation sessions (if any) may be conducted either entirely in person, via video and teleconference or a hybrid format, as determined by the Mediator and agreed to by the Mediation Parties.

4. The results of the Mediation are non-binding upon any of the Mediation Parties, except solely to the extent that a Mediation Party agrees in writing to be bound by a settlement reached at the Mediation.

5. The Mediation Parties and their respective counsel shall participate in the Mediation in good faith.

6. The Participants will inform the Mediator, and each other, in advance of any mediation session of the names of all persons who will attend, participate, or observe any communications during or for the mediation. No person may attend, participate, or be allowed to observe or listen to the mediation without the consent of the Mediator.

7. A representative of each Mediation Party shall attend the Mediation and must have complete authority to negotiate all disputed amounts and issues. The Mediator shall control all procedural aspects of the Mediation. The Mediator shall also have the discretion to require that the representative of a Mediation Party or a non-attorney principal of a Mediation Party with settlement authority be present at the Mediation. The Mediator shall also determine when the Mediation Parties are to be present in the conference room.

8. To the extent not previously executed, each Participant shall agree to be bound by the *Confidentiality Agreement and Stipulated Protective Order* [ECF No. 87] (the "Protective Order") prior to participating in the Mediation.

9. The Participants are directed to keep all Mediation Communications strictly confidential. Without limiting the generality of the foregoing, the Mediator and the Participants (and their agents) are prohibited from divulging, outside of the Mediation, any oral or written information disclosed by the any Participant in the course of the Mediation. Each Participant may share with the Mediator any information it has received pursuant to the Protective Order without

3

regard to the provisions thereof; *provided that* the sharing with the Mediator of any information designated as Confidential Material or Highly Confidential Material shall not waive the confidentiality designation of such information and the Mediator shall not disclose such information to anyone else except as provided in paragraph 10 of this Mediation Confidentiality Agreement.

10. All records, reports, or other documents received or made by the Mediator while serving in such capacity shall be confidential and shall not be provided to the Court, unless they would otherwise be admissible. The Mediator shall not be compelled to divulge such records or to testify in regard to the mediation in connection with any arbitral, judicial or other proceeding, including any hearing held by the Court in connection with the referred matter. Nothing in this section, however, precludes the Mediator from reporting the status (though not content) of the Mediation effort to the Court orally or in writing, or from reporting to the Court any Mediation Party's willful failure to attend or participate in good faith in the Mediation.

11. The Mediator shall have no obligation to make written comments or recommendations; *provided however that* the Mediator may furnish the attorneys for the Participants with a final report or written settlement recommendation. Any such recommendation shall not be filed with the Court.

12. The Mediation will be deemed terminated at 5:00 p.m. Eastern Time on October 16, 2023 unless extended by written agreement of the Mediator and the Mediation Parties (which may take the form of an email).

13. The Mediator, and any judicial clerk or other court staff assisting him, shall be immune from claims arising out of acts or omissions incident to their service as Mediator or assisting the Mediator in the Mediation. In addition to maintaining the immunity that the Mediator

has as a judge and the immunity of court employees under Federal and common law from liability for any act or omission in connection with the Mediation, the Mediator and such court employees may not be compelled to testify or disclose any information concerning the Mediation in any forum or proceeding.  For the avoidance of doubt, no Mediation Party, Additional Party, or other person shall:  (a) call or subpoena the Mediator as a witness or expert in any proceeding, including any arbitration, relating to the Mediation, the subject matter of the Mediation, or any thoughts or impressions that the Mediator may have about the Mediation Parties, or their respective positions, in the Mediation; (b) subpoena any notes, documents or other materials prepared by the Mediator in connection with the Mediation; or (c) offer any statements, views or opinions of the Mediator in connection with any proceeding, including, without limitation, any pleading or other submission to any court.

14.     Documents, information and communications not prepared or made specifically for purposes of the Mediation that are otherwise discoverable under the Federal Rules of Civil Procedure are not shielded from discovery or use in the case (including at any hearing or trial) merely because they are submitted or referred to in the Mediation.

15.     Nothing in this Mediation Confidentiality Agreement is intended to, nor shall it, waiver, release, compromise, or impair in any way whatsoever, any rights, remedies, claims or defenses that a Mediation Party has or may have, whether known or unknown, in connection with or relating to acts or omissions that took place prior to entry of this Mediation Confidentiality Agreement.

16.     Nothing in this Mediation Confidentiality Agreement is intended to, nor shall it operate as, granting relief from the order entered by the Court on August 30, 2023 enforcing the

automatic stay [ECF No. 53] or relief from that order, or the TRO entered by the Court on September 8, 2023 in the above-captioned adversary proceeding [ECF No. 59].

17. Neither the Mediator nor any participant may record or permit the recording of any part of a mediation session including audio, video, chat, closed-captions, or any other methods of communication whether the Mediation is conducted in person, or through telephone or video conference.

18. For the avoidance of doubt, to the extent any part of this Mediation Confidentiality Agreement shall conflict with Local Rule 9019-1 of the U.S. Bankruptcy Court for the Southern District of New York, the terms and provisions of this Mediation Confidentiality Agreement shall govern.

19. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Mediation Confidentiality Agreement.

**SO STIPULATED**:

Dated: October 10, 2023
New York, New York

/s/ Mitchell P. Hurley
**AKIN GUMP STRAUSS HAUER & FELD LLP**
Mitchell P. Hurley
Dean L. Chapman Jr.
One Bryant Park
New York, New York 10036
Telephone: (212) 872-1000
Facsimile: (212) 872-1002
mhurley@akingump.com
dchapman@akingump.com

– and –

/s/ Stephanie Wickouski
**LOCKE LORD LLP**
Stephanie Wickouski
Jeffrey Kramer
Sean A. Feener
200 Vesey Street, 20th Floor
New York, New York 10281
Telephone: (212) 415-8600
Fax: (212) 303-2754
swickouski@lockelord.com
jkramer@lockelord.com
sean.feener@lockelord.com

– and –

6

**AKIN GUMP STRAUSS HAUER & FELD LLP**
Elizabeth D. Scott (admitted *pro hac vice*)
Nicholas R. Lombardi (admitted *pro hac vice*)
2300 N. Field Street, Suite 1800
Dallas, TX 75201
Telephone: (214) 969-2800
Facsimile: (214) 969-4343
edscott@akingump.com
nlombardi@akingump.com

*Special Litigation Counsel for Debtors and Plaintiff Celsius Network Limited*

/s/ Samuel P. Hershey
**WHITE & CASE LLP**
David M. Turetsky
Keith H. Wofford
Samuel P. Hershey
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 819-8200
Facsimile: (212) 354-8113
Email: david.turetsky@whitecase.com
        kwofford@whitecase.com
        sam.hershey@whitecase.com

– and –

**WHITE & CASE LLP**
Michael C. Andolina (admitted *pro hac vice*)
Gregory F. Pesce (admitted *pro hac vice*)
111 South Wacker Drive, Suite 5100
Chicago, Illinois 60606
Telephone: (312) 881-5400
Facsimile: (312) 881-5450
Email: mandolina@whitecase.com
        gregory.pesce@whitecase.com

**LOCKE LORD LLP**
Jonathan W. Young (admitted *pro hac vice*)
111 Huntington Avenue, 9th Floor
Boston, MA 02199-7613
Telephone: (617) 239-0367
Fax: (617) 227-4420
jonathan.young@lockelord.com

*Attorneys for StakeHound S.A.*

– and –

**WHITE & CASE LLP**
Aaron E. Colodny (admitted *pro hac vice*)
555 South Flower Street, Suite 2700
Los Angeles, California 90071
Telephone: (213) 620-7700
Facsimile: (213) 452-2329
Email: aaron.colodny@whitecase.com

*Counsel to the Official Committee of Unsecured Creditors*

**IT IS SO ORDERED.**

Dated:  October 11, 2023
         New York, New York

                                                   **/s/ Martin Glenn**
                                                 MARTIN GLENN
                                    Chief United States Bankruptcy Judge