Mitchell P. Hurley
Dean L. Chapman Jr.
AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, New York 10036
Telephone: (212) 872-1000
Facsimile: (212) 872-1001
mhurley@akingump.com
dchapman@akingump.com

Elizabeth D. Scott (admitted *pro hac vice*)
Nicholas Lombardi (admitted *pro hac vice*)
AKIN GUMP STRAUSS HAUER & FELD LLP
2300 N. Field Street, Suite 1800
Dallas, TX 75201
Telephone: (214) 969-2800
Facsimile: (214) 969-4343
edscott@akingump.com
nlombardi@akingump.com

*Special Litigation Counsel for Debtors[1] and
Plaintiff Celsius Network Limited*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*, | Case No. 22-10964 (MG) |
| Debtors. | Jointly Administered |
| CELSIUS NETWORK LIMITED, | |
| Plaintiff, | Adversary Proceeding |
| v. | No. 23-01138 (MG) |
| STAKEHOUND S.A., | |
| Defendant. | |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

## <u>TABLE OF CONTENTS</u>

BACKGROUND ............................................................................................................................. 1

JURISDICTION AND VENUE ................................................................................................... 2

RELIEF REQUESTED .................................................................................................................. 3

BASIS FOR RELIEF ..................................................................................................................... 3

NOTICE ........................................................................................................................................... 6

CONCLUSION ................................................................................................................................ 6

## TABLE OF AUTHORITIES

**Cases**                                                                                         **Page(s)**

*In re 4 Front Petroleum, Inc.*,
    No. 04-10979-R, 2007 WL 3005183 (Bankr. N.D. Okla. Oct. 11, 2007) ................................5

*In re 50-Off Stores, Inc.*,
    213 B.R. 646 (Bankr. W.D. Tex. 1997)...................................................................................4, 5

*In re Glob. Crossing Ltd.*,
    295 B.R. 720 (Bankr. S.D.N.Y. 2003).......................................................................................4

*In re Islet Scis., Inc.*,
    Case No. 19-13366-mkn (Bankr. D. Nev. Sept. 24, 2019).......................................................5

*In re Pasquinelli Homebuilding, LLC*,
    No. 11 B 14829, 2013 WL 594459 (Bankr. N.D. Ill. Feb. 14, 2013).......................................5

*Video Software Dealers Ass'n v. Orion Pictures Corp (In re Orion Pictures*
    *Corp.)*,
    21 F.3d 24 (2d Cir. 1994)......................................................................................................3, 4

**Statutes and Rules**

11 U.S.C. §§ *et seq*.................................................................................................................1, 2

11 U.S.C. § 105(a) ...........................................................................................................................3

11 U.S.C. § 107(b) ....................................................................................................................3, 4, 5

11 U.S.C. § 107(b)(1) .......................................................................................................................3

11 U.S.C. § 363(b) ...........................................................................................................................1

28 U.S.C. § 157.................................................................................................................................3

28 U.S.C. §§ 1334(a) and (b)............................................................................................................2

28 U.S.C. §§ 1408 and 1409............................................................................................................3

Fed. R. Bankr. P. 9018..................................................................................................................1, 3

Fed. R. Bankr. P. 9018(1) .................................................................................................................4

Fed. R. Bankr. P. 9019.......................................................................................................................1

***EX-PARTE* MOTION FOR ENTRY OF AN ORDER AUTHORIZING CELSIUS
NETWORK LIMITED TO REDACT AND FILE UNDER SEAL CERTAIN
CONFIDENTIAL INFORMATION SET FORTH IN THE MOTION TO APPROVE
SETTLEMENT AGREEMENT WITH STAKEHOUND S.A. AND RELATED
TRANSFERS PURSUANT TO RULE 9019 OF THE FEDERAL RULES OF
<u>BANKRUPTCY PROCEDURE AND SECTION 363(B) OF THE BANKRUPTCY CODE</u>**

Celsius Network Limited ("<u>CNL</u>") hereby files this motion (the "<u>Motion</u>") pursuant to

sections 107(b) and 105(a) of the United States Bankruptcy Code (the "<u>Bankruptcy Code</u>") and

Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>") for entry of an

order authorizing it to redact and file under seal certain confidential information set forth in its

Motion to Approve Settlement Agreement with StakeHound S.A. and Related Transfers Pursuant

to Rule 9019 of the Federal Rules of Bankruptcy Procedure and Section 363(b) of the Bankruptcy

Code (the "<u>9019 Motion</u>"), filed contemporaneously herewith.  In further support of this Motion,

CNL respectfully submits as follows:

## <u>BACKGROUND</u>

1.      After multiple days of mediation before the Honorable Michael E. Wiles, CNL

reached an agreement in principle with StakeHound S.A. ("<u>StakeHound,</u>" and together with CNL,

the "<u>Parties</u>") that, if approved by the Court, would resolve the instant adversary proceeding as

well as the separate arbitration StakeHound initiated against CNL in Switzerland.

2.      CNL and StakeHound signed a formal, written settlement agreement reflecting the

terms of their agreement on December 8, 2023 (the "<u>Settlement Agreement</u>").  Contemporaneously

herewith, CNL has filed a motion seeking approval of that Settlement Agreement and related

transfers pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure and Section 363(b)

of the Bankruptcy Code.[2]

---

[2] Capitalized terms used but not defined herein shall have the meaning set forth in the 9019 Motion.

3.      The Settlement Agreement and related sections of the 9019 Motion include highly sensitive, confidential commercial information, including, without limitation, information concerning the litigation pending in Israel against Fireblocks, Inc. (the "<u>Fireblocks Litigation</u>") and the parties' approach to pursuing that litigation.

4.      Celsius and StakeHound would be irreparably harmed if the highly sensitive confidential information included in the Settlement Agreement and related sections of the 9019 Motion was made public, including because such information could be used against them in connection with their pursuit of the Fireblocks Litigation, which both Parties have an interest in bringing to a successful conclusion.

5.      Accordingly, and for the reasons set forth herein, CNL respectfully requests that the Court enter an order authorizing it to redact and file under seal the portions of its 9019 Motion and the Settlement Agreement attached thereto that contain such highly sensitive and confidential information, as reflected in the redacted copies of the 9019 Motion and attached Settlement Agreement filed at ECF No. 105, with a complete unredacted copy provided separately in hard copy format to the Court and the United States Trustee ("<u>U.S. Trustee</u>").[3]

## <u>JURISDICTION AND VENUE</u>

6.      This Court has subject matter jurisdiction over the Adversary Proceeding pursuant to 28 U.S.C. §§ 1334(a) and (b); and the *Amended Standing Order of Reference* M10-468 of the United States District Court for the Southern District of New York (the "<u>Southern District of New York</u>") dated February 1, 2012 referring to the Bankruptcy Judges of the Southern District of New York all cases and proceedings arising under, arising in, or related to a case under title 11 of the

---

[3] The Official Committee of Unsecured Creditors (the "<u>UCC</u>") participated fully in mediation and the negotiation of the Settlement Agreement and has already received a complete, unredacted copy of the Settlement Agreement and will likewise be provided with a complete, unredacted copy of the 9019 Motion.

Bankruptcy Code issued pursuant to 28 U.S.C. § 157.

7.      Venue in the Southern District of New York is proper under 28 U.S.C. §§ 1408 and

1409 because this Adversary Proceeding arises under, arises in, and relates to cases commenced

under the Bankruptcy Code.

## **RELIEF REQUESTED**

8.      By this Motion, CNL requests entry of an order, substantially in the form of the

Proposed Order attached hereto as **Exhibit A**, authorizing it to redact and file under seal certain

confidential information set forth in the 9019 Motion and Settlement Agreement attached thereto,

as reflected in the redacted copies of those documents filed at ECF No. 105.

## **BASIS FOR RELIEF**

9.      Bankruptcy Code section 107(b) provides that upon the request of a party in

interest, the Court "shall . . . protect an entity with respect to a trade secret or confidential research,

development, or commercial information."  11 U.S.C. § 107(b)(1); *see also Video Software

Dealers Ass'n v. Orion Pictures Corp (In re Orion Pictures Corp.)*, 21 F.3d 24, 27 (2d Cir. 1994)

(pursuant to section 107(b), the court "is *required* to protect a requesting interested party and has

no discretion to deny the application" for the protection of confidential information) (emphasis in

original); 11 U.S.C. § 105(a) (authorizing the court to "issue any order, process, or judgment that

is necessary or appropriate to carry out the provisions" of the Bankruptcy Code).  Bankruptcy Rule

9018 accordingly authorizes the Court to "make any order which justice requires . . . to protect the

estate or any entity in respect of a trade secret or other confidential research, development, or

commercial information."  Fed. R. Bankr. P. 9018.

10.     To qualify for protection under 107(b) and 9018, the information to be sealed need

only be "confidential" and "commercial in nature."  *In re Orion Pictures Corp.*, 21 F.3d at 27.  The

"commercial information that is entitled to protection under Code section 107(b) and Bankruptcy

Rule 9018 must be viewed from the practical perspective of damage to the estate or its creditors,"
*see, e.g.*, *In re Glob. Crossing Ltd.*, 295 B.R. 720, 725 (Bankr. S.D.N.Y. 2003) ("The whole point
of [Rule 9018(1)] is to protect business entities from disclosure of information that could
reasonably be expected to cause the entity commercial injury."), and information need not rise to
the level of a trade secret to be entitled to protection. *In re Orion Pictures Corp.*, 21 F.3d at 28.
Nor is a showing of "good cause" required. *Id.*

11.     The limited information CNL has proposed redacting here satisfies the
requirements for protection from disclosure under these standards.  The information to be redacted
is "confidential" and "commercial in nature."  *See, e.g.*, *In re 50-Off Stores, Inc.*, 213 B.R. 646,
654-55 (Bankr. W.D. Tex. 1997) (upholding seal on proceedings relating to debtor's retention of
counsel because "a lawyer's work product is one type of 'confidential research' that falls within
the plain language of [Section 107(b)'s] protection," and should not be subject to the fear of
disclosure to "the very defendants who are to be sued").

12.     CNL has proposed narrowly tailored redactions that are limited to only the highly
sensitive, confidential information necessary to protect CNL's and StakeHound's commercial
interests, including concerning the pursuit of the Fireblocks Litigation.  The redactions CNL seeks
do not restrict the ability of interested parties or the public to effectively evaluate the terms of the
proposed Settlement Agreement with StakeHound or the relief requested in the 9019 Motion.
Disclosure of the redacted information, on the other hand, would severely prejudice both CNL and
StakeHound with respect to their pursuit of the Fireblocks Litigation, including by revealing highly
confidential information concerning their approach to the Fireblocks Litigation.

13.     Indeed, courts have repeatedly recognized that sealing is appropriate when dealing
with information regarding the terms of sensitive litigation financing and litigation strategy.  *See,*

*e.g.*, *In re Islet Scis., Inc.*, Case No. 19-13366-mkn (Bankr. D. Nev. Sept. 24, 2019), Doc No. 136 at 2 (granting motion to seal funding agreement, which the debtor described as providing "the terms of sensitive litigation financing" and finding the agreement "contains trade secrets, proprietary interests, litigation strategy, attorney work product, or otherwise protectable commercially sensitive information"); *In re Pasquinelli Homebuilding, LLC*, No. 11 B 14829, 2013 WL 594459, at *2 (Bankr. N.D. Ill. Feb. 14, 2013) (granting motion to file under seal trustee's application to employ a litigation consultant and that consultant's fee applications "to protect the Trustee's litigation efforts and to level the playing field as the prospective defendants can protect from nondisclosure similar efforts to consult with experts who may be employed only for trial preparation"); *In re 4 Front Petroleum, Inc.*, No. 04-10979-R, 2007 WL 3005183, at *1 (Bankr. N.D. Okla. Oct. 11, 2007) (sealing trustee's motion to authorize joint prosecution agreement between the trustee and creditor trust and to employ special counsel because the motion, "which explains the proposed litigation strategy of the Trustee and the Creditor Trust, contains information that is privileged or constitutes work product, and which, if not sealed, could (1) constitute a waiver of the privilege and (2) undermine the value of estate assets (the claims) by disclosing the Trustee's evaluation of the merits and litigation strategy to the target defendants"); *In re 50-Off Stores, Inc.*, 213 B.R. at 655 (upholding seal for proceedings relating to debtor's retention of counsel to represent the estate in litigation against other parties because such proceedings might involve "probing questions that would, in ordinary non-bankruptcy litigation, be thought to invade the attorney-client privilege or require explication of the attorney's work product" and thus section 107(b) authorized sealing).

14.    CNL therefore requests that it be permitted to redact and file under seal the highly sensitive confidential information set forth in the 9019 Motion and the Settlement Agreement attached thereto as reflected in the redacted copies of those documents filed at ECF No.105.

## NOTICE

15.    Notice of this Motion will be provided in accordance with the procedures set forth in the Second Amended Final Order (I) Establishing Certain Notice, Case Management, and Administrative Procedures and (II) Granting Related Relief [ECF No. 2560].  Notice will also be provided to all Parties.  Further, this Motion will be filed on the public docket and made available to all parties in interest through Stretto at https://cases.stretto.com/celsius.  CNL respectfully submits that no further notice is required.

16.    No prior request for the relief sought in this Motion has been made to this or any other court.

## CONCLUSION

WHEREFORE, CNL respectfully requests that the Court (i) enter an order substantially in the form attached hereto as **Exhibit A** and (ii) grant such other and further relief as the Court may deem proper.

Dated:      December 8, 2023
              New York, New York

AKIN GUMP STRAUSS HAUER & FELD LLP

By:    */s/ Mitchell P. Hurley*
        Mitchell P. Hurley
        Dean L. Chapman Jr.
        One Bryant Park
        New York, New York 10036
        Telephone: (212) 872-1000
        Facsimile: (212) 872-1001
        mhurley@akingump.com
        dchapman@akingump.com

        Elizabeth D. Scott (admitted *pro hac vice*)
        Nicholas Lombardi (admitted *pro hac vice*)
        2300 N. Field Street, Suite 1800
        Dallas, TX 75201
        Telephone: (214) 969-2800
        Facsimile: (214) 969-4343
        edscott@akingump.com
        nlombardi@akingump.com

        *Special Litigation Counsel for Debtors and
        Plaintiff Celsius Network Limited*

**EXHIBIT A**

**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | Chapter 11 |
| | Case No. 22-10964 (MG) |
| CELSIUS NETWORK LLC, *et al.*, | Jointly Administered |
| Debtors. | |
| | |
| CELSIUS NETWORK LIMITED, | |
| Plaintiff, | |
| v. | Adversary Proceeding |
| | No. 23-01138 (MG) |
| STAKEHOUND S.A., | |
| Defendant. | |

**ORDER AUTHORIZING CELSIUS NETWORK LIMITED TO REDACT
AND FILE UNDER SEAL CERTAIN CONFIDENTIAL INFORMATION
SET FORTH IN THE MOTION TO APPROVE SETTLEMENT AGREEMENT
WITH STAKEHOUND S.A. AND RELATED TRANSFERS PURSUANT TO
RULE 9019 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE
AND SECTION 363(B) OF THE BANKRUPTCY CODE**

Upon the motion (the "Motion")[4] of Celsius Network Limited ("CNL") for entry of an order pursuant to sections 107(b) and 105(a) of the United States Bankruptcy Code (the "Bankruptcy Code") and Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for entry of an order authorizing Celsius to redact and file under seal certain confidential information set forth in its Motion to Approve Settlement Agreement with StakeHound S.A. and Related Transfers Pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure and Section 363(b) of the Bankruptcy Code (the "9019 Motion"), as more fully set forth

---

[4] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

in the Motion; and the Court having jurisdiction to decide the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference M10-468 of the United States District Court for the Southern District of New York dated February 1, 2012; and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having reviewed the Motion; and upon any hearing held on the Motion; and all objections, if any, to the relief requested in the Motion having been withdrawn, resolved, or overruled by this Court; and this Court having determined that the legal and factual bases set forth in the Motion justify the relief granted herein; and upon all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is granted.  All responses and objections not withdrawn or resolved by this Order are overruled in all respects.

2.      Pursuant to sections 107(b) and 105(a) of the Bankruptcy Code and Bankruptcy Rule 9018, CNL is authorized to redact and file under seal confidential information set forth in the 9019 Motion and Settlement Agreement attached thereto as reflected in the redacted copies of those documents filed at ECF No. 105.

3.      CNL shall submit unredacted copies of the 9019 Motion to the Clerk of this Court and the U.S. Trustee under seal in an envelope, clearly indicating that the same has been filed under seal.

4.      Except as otherwise provided by further order of this Court, the 9019 Motion shall remain under seal and shall not be made available without the prior written consent of CNL to any party other than (i) the Court and (ii) the U.S. Trustee.

5.      Unredacted copies of the 9019 Motion shall not be filed on the public docket and shall remain permanently under seal, except as otherwise provided by a further order of this Court.

Upon closure, the Clerk's Office is directed to release any copies of the 9019 Motion to CNL for disposal.

6.       Nothing in this Order shall restrict or prejudice in any way the right of any party in interest or the U.S. Trustee to seek relief from this Court to unseal any part of the 9019 Motion or the Settlement Agreement attached thereto.

7.       CNL is authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

8.       The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: _____, 2023
         New York, New York

_____
THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE