UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>CELSIUS NETWORK LLC, *et al.*,<br><br>                      Debtors. | Chapter 11<br><br>Case No. 22-10964 (MG)<br><br>Jointly Administered |
| CELSIUS NETWORK LIMITED,<br><br>                      Plaintiff,<br>         v.<br><br>STAKEHOUND S.A.,<br><br>                      Defendant. | Adversary Proceeding<br>No. 23-01138 (MG) |

**ORDER GRANTING MOTION TO APPROVE SETTLEMENT AGREEMENT
WITH STAKEHOUND S.A. AND RELATED TRANSFERS PURSUANT TO
RULE 9019 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE
AND SECTION 363(B) OF THE BANKRUPTCY CODE**

Upon the motion (the "Motion") of Celsius Network Limited ("CNL"),[1] for entry of an order pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and section 363(b) of the Bankruptcy Code seeking approval of the Settlement Agreement[2] as more fully set forth in the Motion; and the Court having jurisdiction to decide the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157(a)–(b) and 1334(b) and the Amended

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Motion or, if not defined in the Motion, in the settlement agreement between CNL and StakeHound S.A., dated December 8, 2023 (the "Settlement Agreement"), a copy of which is attached as Exhibit B to the Motion.

Standing Order of Reference M10-468 dated February 1, 2012; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the relief requested in the Motion having been provided in accordance with the Final Case Management Order; and it appearing that no other or further notice need be provided; and the Court having held a hearing to consider the relief requested in the Motion on December 21, 2023 (the "Hearing"); and upon the record of the Hearing, and upon all of the proceedings had before the Court; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein which is in the best interests of the Debtors, the Estates, their creditors and all parties in interest; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted, as set forth herein.

2. The Objection of Fireblocks, Ltd. to the Motion [ECF No. 111] and all other responses and objections to the Motion not withdrawn or resolved by this Order are overruled in all respects.

3. The Settlement Agreement is approved under Bankruptcy Rule 9019 and section 363(b) of the Bankruptcy Code, and the Parties are authorized to take any action as may be necessary or appropriate to implement, effectuate and fully perform under the Settlement Agreement in accordance with this Order, including without limitation to execute and deliver all instruments and documents, and undertake any transfers as and when provided under the Settlement Agreement.

4. The waivers and releases set forth in the Settlement Agreement are specifically approved and authorized.

5. This Order and the Settlement Agreement shall be binding in all respects upon the Debtors, the Debtors' estates, all creditors of, and holders of equity interests in, the Debtors, their successors and assigns, any trustee subsequently appointed in the Debtors' Chapter 11 cases, or a Chapter 7 trustee appointed upon a conversion of this case to a case under Chapter 7 under the Bankruptcy Code, and any plan administrator, liquidating trustee, or similar party appointed pursuant to a confirmation plan of reorganization.

6. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion, and the Local Bankruptcy Rules are satisfied by such notice.

7. The oral motion by Fireblocks, Ltd. for judgement as a matter of law under Rule 50(a) of the Federal Rules of Civil Procedure, as made applicable by Bankruptcy Rule 9015(c), made during the Hearing, is denied.

8. Notwithstanding the possible applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

9. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**IT IS SO ORDERED.**

Dated: December 21, 2023
       New York, New York

                                                                    **/s/ Martin Glenn**
                                                            MARTIN GLENN
                                          Chief United States Bankruptcy Judge